EXHIBIT "A"



EXHIBIT "B"



## Location Plan

Scale 1"=2000'

Owner/Developer:
Nancy Asaro & Lori Dring
84 Greenerale Ave.
Wayne, NJ 07470-2946
TM # 302-45.3
Record Book 1931  Page 204& 209
Ph # 973-790-7052

EXHIBIT "C"

AND the said grantors, do hereby WARRANT generally the property hereby conveyed,

IN WITNESS WHEREOF, said grantors have hereunto set their hands and seals the day and year first above written.

SIGNED, SEALED AND DELIVERED

IN THE PRESENCE OF       Frank E. Kelly       (L.S.)

Katherine M. Firmstone       Rita Kelly       (L.S.)

J. Wilson Ames

FEDERAL STAMPS $16.50 CANCELLED

PENNSYLVANIA STATE STAMPS $150.00 CANCELLED

The state stamps affixed represents tax on full consideration including liens and encumbrances.

COMMONWEALTH OF PENNSYLVANIA :
                            SS.
COUNTY OF WAYNE           :

On this, the 10th day of May 1954, before me a Notary Public in and for the above Commonwealth and County, the undersigned officer, personally appeared Frank E. Kelly and Rita Kelly, his wife, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purpose therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

Katherine M. Firmstone       (SEAL)
Notary Public
My Comm. Exp. Jan. 20, 1955

I HEREBY CERTIFY that the precise address of the grantee herein is #424 North Nineteenth Street, Philadelphia, Penna.       Wm. G. Young

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed Book 186 Page 306. Witness my hand and seal this 26th day of May A.D. 1954 at 10:51 A.M.

Fred B. Trumm, Recorder       (SEAL)

---

F. E. BORTREE LAND COMPANY :    LEASE. THIS AGREEMENT, made and entered into this sixth

TO                 :    day of May, 1954, BY AND BETWEEN, the F. E. Bortree

ANTHONY PASKERT        :    Land Company, a corporation organized and existing

under the laws of the Commonwealth of Pennsylvania, having its principal office at Lake Ariel, Wayne County, Pennsylvania, party of the first part, AND Anthony Paskert of #712 Fifth Street, Dunmore, Pennsylvania Lackawanna County, parties of the second part,

WITNESSETH, that the said party of the first part, in consideration of the sum of one and 00/100 ($1.00) dollar, to it in hand paid by the parties of the second part, at the time of the execution of this Agreement, receipt whereof is hereby acknowledged, and of the covenants hereinafter specified to be fully kept and performed by the parties of the second part, does demise and lease, for the term of nine hundred and ninety-nine (999) years, the following described real estate situate in the Township of Lake, County of Wayne and Commonwealth of Pennsylvania, viz:

BEGINNING at a stake corner on the West side of drive. The corner being located North fifteen (15) degrees thirty (30) minutes West sixty (60) feet from the South-East corner of the Robert N. Eckersley lot, thence North Twenty-Nine (29) degrees fifteen minute West fifty (50) feet, thence along the Grantors South Seventy-four (74) degrees thirty (30) minutes West one hundred fifty (150) feet to a stake corner and South twenty-nine (29) degrees fifteen (15) minutes East fifty (50) feet; thence North seventy-four (74) degrees thirty (30) minutes East one hundred fifty (150) feet to the place of BEGINNING. CONTAINING 7,200 square feet of land be the same more or less.

TOGETHER with the right and privilege at any and all times hereafter during the term of this lease, of free access, ingress, and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of said Lake.

It being distinctly understood and agreed by and between the parties hereto that no fence, buildings or other obstructions of any kind shall be erected or placed upon said strip of land lying between the lot hereby leased and the margin of said lake to intercept or impede free passage across the same or any part thereof.

Said parties of the second part shall during the term of this Lease, for the consideration herein named, have the right to fish in the waters of said Lake Ariel, but nothing herein contained shall give the parties of the second part a right to fish out of season or in violation of this fish and game laws of the Commonwealth. And the said parties of the second part are hereby expressly prohibited from catching fish of any kind or description from the waters of said Lake between the first day of November and the first day of June in each and every year.

TOGETHER with the right to erect on the margin of said Lake in front of the premises hereby leased; but so as not to obstruct in any way the full width of the fifty (50) feet passageway or street above mentioned, a boat-house of neat and suitable design to be used only by the parties of the second part for their benefit and the benefit of members of their family and their guests and in no case and at no time for rent or hire.

IN ADDITION to the right of passage to and from the Lake across the land in front of the premises herein described and leased, the parties of the second part shall have the right to use all roads and streets laid out and opened by the said party of the first part, or its predecessors in title, about said Lake in common with other lot-holders having similar privileges.

IN CONSIDERATION of the rights and privileges above mentioned and granted and of boating and fishing upon said Lake, the parties of the second part in addition to the consideration hereinbefore mentioned, agree to pay to the party of the first part the sum of ten and 00/100 ($10.00) dollars per year, payable on or before the first day of June in each and every year. It is, however, agreed, that any rental that remains due and unpaid shall be recoverable only out of the said real estate and the rights and appurtenances hereby demised.

ANY VIOLATION on the part of the second parties of any of the terms of this agreement, or any use or appropriation of the lands hereby demised for the purpose or purposes other than such as are mentioned and agreed upon in said contract, shall work an immediate forfeiture of this Agreement of Lease, and proof or proofs of such violation being fully sustained in an action of ejectment or other appropriate action at law, it will be lawful for the said party of the first part to retake possession of the premises hereby demised, and own, control and use the same in the same manner as if this Agreement of Lease had never been entered into.

ALL and singular the covenants and agreements herein mentioned shall be binding upon and inure to the benefit of the parties hereto and their heirs, adminintrators and assigns, as fully as if they were in every instance herein named.

IN ADDITION the parties of the second part shall also during the term of this Lease, for the consideration hereinafter named, have the right to own and use upon the waters of said Lake Two row boats, one sailboat and one launch, for their own use and for the use of members of their family and guests, but in no case shall the parties of the second part use or permit their boat or boats to be used by any person/except themselves and
<br>or persons
members of their family and guests, and in the absence of themselves and all the members

of their family, no person shall have the right to use their boat or boats on the waters of said Lake.

IN WITNESS WHEREOF, the party of the first part has caused this instrument to be executed by its President and its seal duly attested by its Secretary hereto affixed and the parties of the second part have signed this instrument and affixed their seals the day and year first above written.

ATTEST:                                    F. E. Bortree Land Company

Jean Derby, Secretary                      By F. Burton Derby          (SEAL)

WITNESS:                                    Anthony Paskert            (L.S.)

Jean Derby

COMMONWEALTH OF PENNSYLVANIA  :
                                SS.
COUNTY OF WAYNE               :

On this 6th day of May A.D., 1954, before me, the subscriber, a Notary Public in and for the above Commonwealth and County, personally appeared F. Burton Derby, President of the said F. E. Bortree Land Company, who being duly sworn according to law, says that he was personally present at the execution of the above Indenture and saw the common seal of the said Company duly affixed thereto; that the seal so affixed thereto is the common seal of the said Company; that the above Indenture was duly sealed and delivered by F. Burton Derby, President of the said Company, as and for the act and deed of the said Company, for the purposes therein mentioned and that the names of this deponent as President and Jean Derby as Secretary of the said Company, subscribed to the above Indenture in attestation of its due execution and delivery, are of their and each of their respective handwritings.                         F. Burton Derby,  President

SWORN AND SUBSCRIBED TO BEFORE ME THE DAY AND YEAR AFORESAID.

Stanley C. Matthews     (SEAL)
Notary Public
my comm. exp. April 17, 1955

I HEREBY CERTIFY that the precise residence address of the within named second party, is #712 fifth street, Dunmore, Pennsylvania.  (No Search.)

                              Stanley C. Matthews, Attorney.

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed Book 186 Page 307.  Witness my hand and seal this 26th day of May A.D. 1954 at 12:45 P.M.

                    Fred B. Trumm, Recorder          (SEAL)

CYRIL MELCHER, ET UX. :     THIS INDENTURE, MADE the 20th day of May in the year nineteen
        TO            :     hundred and fifty-four. (1954). BETWEEN Cyril Melcher and
   FONDA CAMP         :     Stella Melcher, husband and wife, of Bally, Berks County
                            Pennsylvania, hereinafter called the Grantors, parties of
the first part, AND Fonda Camp, a non-profit corporation or body politic, created by and existing under the laws of the Commonwealth of Pennsylvania, having its domicile in Bally, County of Berks of the second part:

WITNESSETH, that the said parties of the first part, for and in consideration of the sum of EIGHT HUNDRED ($800.) Dollars, lawful money of the United States of America, unto them well and truly paid by the said party of the second part, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, have granted bargained, sold and conveyed and by these presents do grant, bargain, sell and convey unto the said party of the second part, its successors and assigns forever:

TRACT 1:  ALL THAT UNDIVIDED ONE-HALF INTEREST OR MOIETY in all that certain piece or parcel of land, situate in the Township of Berlin, County of Wayne and State of Pennsylvania, bounded as follows:

ANTHONY PASKERT, ET UX     :          ASSIGNMENT OF LEASE

        TO               :     THIS AGREEMENT made and entered into this 26th day of August

JOHN TUROUSKI, ET UX      :     1960, by and between ANTHONY PASKERT and BERNETTA PASKERT, his

wife, of the Township of Lake, County of Wayne and Commonwealth of Pennsylvania, party of

the First Part, ASSIGNORS and JOHN TUROUSKI and LOUISE TUROUSKI, his wife, as tenants by

the entireties, of the Township of South Canaan, County of Wayne and Commonwealth of Penn-

sylvania, party of the Second Part, ASSIGNEES .

        WITNESSETH, that the said First Party, Assignors, in consideration of the sum of One

($1.00) Dollars, to them in hand paid by the party of the Second Part, Assignees, the

receipt of which is hereby acknowledged by the said Assignors at the time of the execution

of this Indenture and of the covenants hereinafter specified to be fully kept and performed

by the Assignees for the unexpired portion, term or remainder of a certain 999 year lease,

as recorded in Wayne County Deed Book 186, Page 307, do hereby sell, assign, transfer and

set over unto the said Assignees, their heirs and assigns, all of their right, title,

and interest for the remaining portion, term or remainder of the said leasehold in and to

the following described real estate together with all of the improvements thereon, together

also with the rights and privileges appurtenant thereto as set forth in the hereinbefore

referred to lease agreement, subject nevertheless to the conditions and reservations therein

set forth, the said described real estate being situate in the Township of Lake, County of

Wayne and Commonwealth of Pennsylvania, more particularly bounded and described as follows:

        BEGINNING at a stake corner on the West side of drive, the corner being located North

15 degrees 30 minutes West 60 feet from the Southeast corner of the Robert N. Eckersley lot,

thence North 29 degrees 15 minutes West 50 feet, thence along the grantors, South 74 degrees

30 minutes West 150 feet to a stake corner and South 29 degrees 15 minutes East 50 feet;

thence North 74 degrees 30 minutes East 150 feet to the place of BEGINNING.  CONTAINING

7,200 square feet of land, be the same more or less.

TOGETHER with the right and privilege at any time and all times hereafter during the term

of this lease, of free access, ingress, and egress from the lands hereby leased to the

margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50)

feet in width lying between the lot of land hereby leased and the margin of said Lake.

        The above described lands, rights and privileges, subject to such restrictions as are

set forth in the prior chain of title, are also the same premises, rights, privileges and

restrictions as are set forth in a certain Agreement of Lease between F.E. Bortree Land

Company, a corporation organized under the laws of the Commonwealth of Pennsylvania, and

Anthony Paskert, of the party of the first part herein, dated May 6, 1954, and recorded in

Wayne County Deed Book 186, at page 307.

        EXCEPTING AND RESERVING nevertheless unto the party of the first part herein the right

and privilege to use in common with the party of the second part herein a certain drilled

well located on the premises hereinabove described for so long as the said party of the

first party herein or the survivor of them own the lot adjoining the hereinabove described

premises, the said right to use the subject well in common will include the right and

privilege of installing separate pump and water equipment by the said first party herein

or the survivor of them for the stated period with the right of ingress, egress and regress

over the hereinabove described premises for the purpose of installing and/or maintaining

the subject pump and equipment.                                              .

        IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals the

date and year hereinabove first written.

Signed, sealed and delivered:          Anthony Paskert               (SEAL)

      in the presence of      :        Bernetta Paskert              (SEAL)

Stanley C. Matthews                    John Turouski                 (SEAL)

                                       Louise Turouski               (SEAL)

COMMONWEALTH OF PENNSYLVANIA:
                                   SS.
COUNTY OF WAYNE           :

    On this, the 26th day of August A.D. 1960, before me, a Notary Public, the undersigned officer, personally appeared Anthony Paskert and Bernetta Paskert, his wife, and John Turouski and Louise Turouski, his wife, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

    IN WITNESS WHEREOF, I hereunto set my hand and official seal.

<div style="text-align:center">

Stanley C. Matthews       (SEAL)
Notary Public, Honesdale Boro. Wayne Co.
My comm. exp. April 17, 1963

</div>

I HEREBY CERTIFY that the precise residence address of the within named Second Party is Lake Ariel, Pennsylvania.

<div style="text-align:center">

Stanley C. Matthews, Attorney

</div>

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed Book No. 207, page 460. Witness my hand and seal this 2nd day of September A.D. 1960 at 11:32 a.m.

<div style="text-align:center">

Fred B. Trumm, Recorder     (SEAL)

</div>

ROBERT N. ECKERSLEY, ET UX  :       ASSIGNMENT OF LEASE

        TO        :    THIS AGREEMENT made and entered into this 26th day of July

F. BURTON DERBY        :    1955, by and between ROBERT N. ECKERSLEY and HELEN E. ECKERSLEY, his wife, of 113 Robinson Street, County of Lackawanna, Chinchilla, Pennsylvania parties of the First Party, ASSIGNORS, and F. BURTON DERBY of the Township of Lake, County of Wayne and Commonwealth of Pennsylvania, party of the Second Part, ASSIGNEE

WITNESSETH that the said First Party, Assignors, in consideration of the sum of One ($1.00) Dollars, to them in hand paid by the party of the Second Part, Assignee, the receipt of which is hereby acknowledged by the said Assignors at the time of the execution of this Indenture and of the covenants hereinafter specified to be fully kept and performed by the Assignee for the unexpired portion, term or remainder of a certain 999 year lease, as recorded in Wayne County Deed Book 183, at page 350, do hereby sell, assign, transfer and set over unto the said Assignee, his heirs and assigns, all of their right, title, and interest for the remaining portion, term or remainder of the said leasehold in and to the following described real estate together with all of the improvements thereon, together also with the rights and privileges appurtenant thereto, as set forth in the hereinbefore referred to lease agreement, subject nevertheless to the conditions and reservations therein set forth, the said described real estate being situate in the Township of Lake, County of Wayne, and Commonwealth of Pennsylvania, more particularly bounded and described as follows, viz:

    BEGINNING at a stake corner fifty (50) feet from the West shore of Lake Ariel and seventeen and three-tenths (17.3) feet South seventy-four (74) degrees thirty (30) minutes West from the west side of a stone pillar at the entrance of the cottages on the West side of the Lake; thence South seventy-four (74) degrees thirty (30) minutes West one hundred and fifty (150) feet to a stake; thence South fifteen (15) degrees thirty (30) minutes East sixty (60) feet to a stake; thence North seventy-four (74) degrees thirty (30) minutes East one hundred and fifty (150) feet to a stake; thence North fifteen (15) degrees thirty (30) minutes West sixty (60) feet to the place of BEGINNING. CONTAINING nine thousand (9,000) square feet of land.

    TOGETHER with the right and privilege at any and all times hereafter during the term of this lease, of free access, ingress, and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50)

009247

ENTERED FOR RECORD
RECORDERS OFFICE
Oct 21 2 17 PM '86
WAYNE COUNTY, PA.
13.50
FEES STAMPS

<u>ASSIGNMENT OF LEASE</u>

THIS AGREEMENT made and entered into this 11 th day of
October, 1986, by and between PETER O. CLAUSS, of Lake Ariel,
Pennsylvania, ASSIGNOR

- A N D -

ROBERT J. CLAUSS, of P. O. Box 22, Lake Ariel, Penn-
sylvania 18436,

ASSIGNEE

WITNESSETH, that the Assignor, in consideration of the
sum of     ONE ($1.00) Dollar---------------------------------
to him in hand paid by the Assignee, the receipt of which is
hereby acknowledged by the said Assignor at the time of the
execution of this Indenture and of the covenants hereinafter
specified to be fully kept and performed by the Assignee for
the unexpired portion, term or remainder of a certain 999 year
lease, as recorded in Wayne County Deed Book 186, Page 307,
and the Assignment of said Lease from Dolores M. Roman, individually
and as Executrix of the Estate of Louise Turousky, et al., to
Robert J. Clauss and Peter O. Clauss, dated March 29, 1986 and
recorded in Wayne County Deed Book 441 at Page 552    , does
hereby sell, assign, transfer and set over unto the said Assignee,
his heirs and assigns, all of his right, title, and interest for
the remaining portion, term or remainder of the said leasehold
in and to the following described real estate together with all
of the improvements thereon, together with all of the improvements
thereon, together also with the rights and privileges appurtent
thereto as set forth in the hereinbefore referred to. lease
agreement and Assignment of Lease, subject

BOOK 452 PAGE 953

nevertheless to the conditions and reservations therein set forth, the said described real estate being situate in the Township of Lake, County of Wayne and Commonwealth of Pennsylvania, more particularly bounded and described as follows:

BEGINNING at a stake corner on the West side of drive, the corner being located North 15 degrees 30 minutes West 60 feet from the Southeast corner of the Robert N. Eckersley lot, thence North 29 degrees 15 mintues West 50 feet, thence along the grantors, South 74 degrees 30 minutes West 150 feet to a stake corner and South 29 degrees 15 minutes East 50 feet; thence North 74 degrees 30 minutes East 150 feet to the place of BEGINNING. CONTAINING 7,200 square feet of land, be the same more or less.

TOGETHER with the right and privilege at any and all times hereafter during the term of this lease, of free access, ingress, and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of said Lake.

The above described lands, rights and privileges, subject to such restrictions as are set forth in the prior chain of title, are also the same premises, rights, privileges and restrictions as are set forth in a certain Agreement of Lease between F. E. Bortree Land Company , a corporation organized under the laws of the Commonwealth of Pennsylvania, and Anthony Paskert, dated May 6, 1954, and recorded in Wayne County Deed Book 186, at page 307. The said Anthony Paskert, et ux., subsequently assigned his interest in and to the above described premises to John Turouski and Louise Turouski, his wife, of Lake Ariel, by Assignment of Lease dated August 26, 1960, and recorded in Wayne County Deed Book 207, page 460. The said John Turouski died July 26, 1966, and his interest in the said premises passed to his wife, Louise Turouski, by operation of law. Louise Turouski died testate on December 13, 1985, and by virtue of her will dated March 15,

1985, and recorded in Wayne County Will Book 53, page 152, her interest in said premises passed to John J. Torouski, Dolores M. Roman, Marion F. Henneforth and Charles W. Turouski. The said parties thereafter assigned said Lease to Robert J. Clauss and Peter O. Clauss by Assignment dated March 29, 1986 and recorded in Wayne County Deed Book     at page     .

EXCEPTING AND RESERVING nevertheless the right to use a certain drilled well located on the premises hereinabove described, as set forth in the aforementioned Assignment of Lease.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals the date and year hereinabove first written.

PETER O. CLAUSS

ROBERT J. CLAUSS

THIS TRANSFER IS EXEMPT FROM TRANSFER TAX IN THAT IT IS A TRANSFER FROM PARENT TO CHILD.

COMMONWEALTH OF PENNSYLVANIA : 
                                    SS.
COUNTY OF LACKAWANNA         :

On this, the 11th day of October, 1986, before me, the undersigned officer, personally appeared PETER O. CLAUSS, known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

                               _Diane Seletyn_
                           NOTARY PUBLIC

DIANE SELETYN, NOTARY PUBLIC
SCRANTON, LACKAWANNA COUNTY
MY COMMISSION EXPIRES APRIL 9, 1988
Member, Pennsylvania Association of Notaries

COMMONWEALTH OF PENNSYLVANIA:
                                  SS.
COUNTY OF LACKAWANNA         :

On this, the 11th day of October, 1986, before me, the undersigned officer, personally appeared ROBERT J. CLAUSS, known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

                               _Diane Seletyn_
                         NOTARY PUBLIC

DIANE SELETYN, NOTARY PUBLIC
SCRANTON, LACKAWANNA COUNTY
MY COMMISSION EXPIRES APRIL 9, 1988
Member, Pennsylvania Association of Notaries

Commonwealth of Pennsylvania } ss.
    County of Wayne

Recorded in the office for Recording of Deeds in
and for the County of Wayne, in___Deed_____
book No.___452___Page___953_____Given
under my hand and seal of Office this_____
_____21st_day of___October__A.D. 1986

*Lori H. Keen*
       Recorder

BOOK 452 PAGE 957

ASSIGNMENT OF LEASE

THIS AGREEMENT made and entered into this 29th day of March, 1986, by and between DOLORES M. ROMAN, individually and as Executrix of the Estate of Louise Turouski, of the Township of South Canaan, MARION HENNEFORTH, individually, of R.D. #5, Moscow; JOHN J. TUROUSKI, individually, and CHARLES W. TUROUSKI, individually, of R.D. #3, Lake Ariel, County of Wayne and Commonwealth of Pennsylvania, party of the First Part,------
---------------------------------------------------- ASSIGNORS

A N D

ROBERT J. CLAUSS and PETER O. CLAUSS, as Tenants in Common,

---------------------------------------------------- ASSIGNEES

WITNESSETH, that the said First Party, Assignors, in consideration of the sum of Sixty Thousand ($60,000.00) Dollars, to them in hand paid by the party of the Second Part, Assignees, the receipt of which is hereby acknowledged by the said Assignors at the time of the execution of this Indenture and of the covenants hereinafter specified to be fully kept and performed by the Assignees for the unexpired portion, term or remainder of a certain 999 year lease, as recorded in Wayne County Deed Book 186, Page 307, do hereby sell, assign, transfer and set over unto the said Assignees, their heirs and assigns, all of their right, title, and interest for the remaining portion, term or remainder of the said leasehold in and to the following described real estate together with all of the improvements thereon, together also with the rights and privileges appurtenant thereto as set forth in the hereinbefore referred to lease agreement, subject

nevertheless to the conditions and reservations therein set forth, the said described real estate being situate in the Township of Lake, County of Wayne and Commonwealth of Pennsylvania, more particularly bounded and described as follows:

BEGINNING at a stake corner on the West side of drive, the corner being located North 15 degrees 30 minutes West 60 feet from the Southeast corner of the Robert N. Eckersley lot, thence North 29 degrees 15 mintues West 50 feet, thence along the grantors, South 74 degrees 30 minutes West 150 feet to a stake corner and South 29 degrees 15 minutes East 50 feet; thence North 74 degrees 30 minutes East 150 feet to the place of BEGINNING. CONTAINING 7,200 square feet of land, be the same more or less.

TOGETHER with the right and privilege at any and all times hereafter during the term of this lease, of free access, ingress, and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of said Lake.

The above described lands, rights and privileges, subject to such restrictions as are set forth in the prior chain of title, are also the same premises, rights, privileges and restrictions as are set forth in a certain Agreement of Lease between F. E. Bortree Land Company , a corporation organized under the laws of the Commonwealth of Pennsylvania, and Anthony Paskert, dated May 6, 1954, and recorded in Wayne County Deed Book 186, at page 307. The said Anthony Paskert, et ux., subsequently assigned his interest in and to the above described premises to John Turouski and Louise Turouski, his wife, of Lake Ariel, by Assignment of Lease dated August 26, 1960, and recorded in Wayne County Deed Book 207, page 460. The said John Turouski died July 26, 1966, and his interest in the said premises passed to his wife, Louise Turouski, by operation of law. Louise Turouski died testate on December 13, 1985, and by virtue of her will dated March 15,

1985, and recorded in Wayne County Will Book 53, page 152, her interest in said premises passed to John J. Turouski, Dolores M. Roman, Marion F. Henneforth and Charles W. Turouski, all Assignors herein.

EXCEPTING AND RESERVING nevertheless unto the party of the first part herein the right and privilege to use in common with the party of the second part herein a certain drilled well located on the premises hereinabove described for so long as the said party of the first part herein or the survivor of them own the lot adjoining the hereinabove described premises, the said right to use the subject well in common will include the right and privilege of installing separate pump and water equipment by the said first party herein or the survivor of them for the stated period with the right of ingrees, egress and regress over the hereinabove described premises for the purpose of installing and/or maintaining the subject pump and equipment.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals the date and year hereinabove first written.

Signed, sealed and
delivered in the presence
of:

_Dolores M. Roman Ex-turi_ (SEAL)

_Dolores M. Roman_ (SEAL)

_Marion Henneforth_ (SEAL)

_John J. Turouski_ (SEAL)

_Charles W. Turouski_ (SEAL)

_Robert J. Claus_ (SEAL)

COMMONWEALTH OF PENNSYLVANIA :
                                   : ss:
COUNTY OF WAYNE                     :

On this, the 29th day of March , 1986, before me, the undersigned officer, personally appeared Dolores M. Roman, Marion Henneforth, John J. Turouski and Charles W. Turouski known to me to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

*Dorothy Kost*

DOROTHY KOST, NOTARY PUBLIC
COMMISSION EXPIRES OCT. 3, 1928
WAYMART, WAYNE COUNTY, PA.


COMMONWEALTH OF PENNSYLVANIA :
                                   :
COUNTY OF WAYNE                    :

On this, the 29th day of March , 1986, before me, the undersigned officer, personally appeared Robert J. Clauss and Peter O. Clauss , known to me, (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____

I HEREBY CERTIFY that the precise residence address of the within named Second Party is:

_____
Attorney

BOOK 441 PAGE 556

002533

ENTERED FOR RECORD
RECORDERS OFFICE

APR 28  2 06 PM '86

WAYNE COUNTY, PA.

FEES 16 STAMPS

DOLORES M. ROMAN, individually
and as Executrix of the Estate
of Louise Turouski, MARION
HENNEFORTH, JOHN J. TUROUSKI
and CHARLES W. TUROUSKI
ASSIGNORS

ASSIGNMENT OF LEASE

R+K → John F. Sigall

FIELDS AND BIANCO
ATTORNEYS-AT-LAW
BOX 329, 251 BELMONT ST.
WAYMART, PENNA. 18472

COMMONWELATH OF PENNSYLVANIA

COUNTY OF WAYNE

Recorded on this 28th day of April . A.D. 1986 , in the
Recorder's Office of the said County in Deed Book     Volume 441 Page 552

Given under my hand and the seal of the said Office, the date
above written.

Lois K. Keen _____ Recorder

003672.
ENTERED FOR RECORD
RECORDERS OFFICE

APR 23  3 19 PH '92

WAYNE COUNTY, PA.

FEES 15.50 STAMPS

## ASSIGNMENT OF LEASE

THIS AGREEMENT MADE AND ENTERED INTO THIS 5th DAY OF
August 1991 by and between ROBERT J. CLAUSS, of P. O. Box 22,
Lake Ariel, Pennsylvania 18436                    ASSIGNOR

AND

ROBERT J. CLAUSS and LINDA B. CLAUSS, his wife, of 1000 Hudson
Street #302, Hoboken, New Jersey  07030            ASSIGNEES

WITNESSETH, that the Assignor, in consideration of the sum
of ONE ($1.00) Dollar to him in hand paid by the Assignees, the
receipt of which is hereby acknowledged by the said Assignor at
the time of the execution of this Indenture and of the covenants
hereinafter specified to be fully kept and performed by the
Assignees for the unexpired portion, term or remainder of a
certain 999 year lease, as recorded in Wayne County Deed Book
186, Page 307, and the Assignment of said Lease from Peter O.
Clauss to Robert J. Clauss, dated October 11, 1986 and recorded
in Wayne County Deed Book 452 at Page 953, does hereby sell,
assign, transfer and set over unto the said Assignees, their
heirs and assigns, all of his right, title, and interest for the
remaining portion, term or remainder of the said leasehold in and
to the following described real estate together with all of the
improvements thereon, together also with the rights and privileg-
es appurtent thereto as set forth in the hereinbefore
referred to lease agreement and Assignment of Lease,

-1-

BOOK 0670 PAGE 0285

subject nevertheless to the conditions and reservations therein set forth, the said described real estate being situate in the Township of Lake, County of Wayne and Commonwealth of Pennsylvania, more particularly bounded and described as follows:

BEGINNING at a stake corner on the West side of drive, the corner being located North 15 degrees 30 minutes West 60 feet from the Southeast corner of the Robert N. Eckersley lot, thence North 29 degrees 15 minutes West 50 feet, thence along the grantors, South 74 degrees 30 minutes West 150 feet to a stake corner and South 29 degrees 15 minutes East 50 feet; thence North 74 degrees 30 minutes East 150 feet to the place of BEGINNING. CONTAINING 7,200 square feet of land, be the same more or less.

TOGETHER with the right and privilege at any and all times hereafter during the term of this lease, of free access, ingress, and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of said Lake.

The above described lands, rights and privileges, subject to such restrictions as are set forth in the prior chain of title, are also the same premises, rights, privileges and restrictions as are set forth in a certain Agreement of Lease between F. E. Bortree Land Company, a corporation organized under the laws of the Commonwealth of Pennsylvania, and Anthony Paskert, dated May 6, 1954, and recorded in Wayne County Deed Book 186, at page 307. The said Anthony Paskert, et ux., subsequently assigned his interest in and to the above described premises to John Turouski and Louise Turouski, his wife, of Lake Ariel, by Assignment of Lease dated August 26, 1960, and recorded in Wayne County Deed Book 207, page 460. The said John Turouski died July 26, 1966, and his interest in the said premises passed to his wife, Louise Turouski, by operation of law. Louise Turouski died testate on December 13, 1985, and by virtue of her

will dated March 15, 1985, and recorded in Wayne County Will Book 53, page 152, her interest in said premises passed to John J. Turouski, Dolores M. Roman, Marion F. Henneforth and Charles W. Turouski.  The said parties thereafter assigned said Lease to Robert J. Clauss and Peter O. Clauss by Assignment dated March 29, 1986 and recorded in Wayne County Deed Book 452 at page 953 .

EXCEPTING AND RESERVING nevertheless the right to use a certain drilled well located on the premises hereinabove described, as set forth in the aforementioned Assignment of Lease.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals the date and year hereinabove first written.

_Robert J. Clauss_
Robert J. Clauss

_Linda B. Clauss_
Linda B. Clauss

THIS TRANSFER IS EXEMPT FROM TRANSFER TAX IN THAT IT IS A TRANSFER BETWEEN HUSBAND AND WIFE.

I hereby certify that the mailing address of the Assignees herein is 1000 Hudson Street #302, Hoboken, New Jersey  07030.

-3-

COMMONWEALTH OF ~~PENNSYLVANIA~~ *NEW JERSEY* :

COUNTY OF *HUDSON* :

On this, the *5th* day of *Aug. 1991*, before me, the undersigned officer, personally appeared ROBERT J. CLAUSS and LINDA B. CLAUSS, known to me to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

*Herbert Grossman*
Notary Public

HERBERT GROSSMAN
Notary Public of New Jersey
My Commission Expires Sept. 19, 1993

COMMONWEALTH OF PENNSYLVANIA :
                                : SS.
COUNTY OF WAYNE                 :

Recorded in the Office for Recording of Deeds in and for the County of Wayne in Record Book 670 Page 285 Given under my hand and seal of Office this 23rd day of April, 1992.

*Ginger Golden*
Recorder

# THIS ASSIGNMENT OF LEASE

MADE THE  6ᵗʰ day of May  in the year two thousand and eight (2008)

BETWEEN **LINDA B. CLAUSS** now known as LINDA BECHTOLD

ASSIGNOR

AND **ROBERT J. CLAUSS**

ASSIGNEE

WITNESSETH, that in consideration of ONE --- ($1.00) --- DOLLAR , in hand paid, the receipt whereof is hereby acknowledged and of the covenants hereinafter specified to be fully kept and performed by the Assignee for the unexpired portion, term or remainder of a certain 999 year lease, as recorded in Wayne County Deed Book 186, page 307 and the Assignment of said Lease from Peter 0. Clause to Robert J. Clause dated October 11, 1986 and recorded in Wayne County Deed Book 452 at page 953, does hereby sell, assign, transfer and set over unto the said Assignee, his heirs and assigns, all of her right, title and interest in, to and for the remaining portion, term or remainder of the said leasehold in and to the following described real estate together with all improvements thereon, together also with the rights and privileges appurtenant thereto as set forth in the hereinbefore referred to lease agreement and Assignment of Lease subject nevertheless to the conditions and reservations therein set forth, the said described real estate being situated in the Township of Lake, County of Wayne and Commonwealth of Pennsylvania, more particularly bounded and described as follows:

BEGINNING at a stake corner on the West Side of drive, the corner being located North 15 degrees 30 minutes West 60 feet from the Southeast corner of the Robert N. Eckersley lot, thence North 29 degrees 15 minutes West 50 feet, thence along the grantors, South 74 degrees 30 minutes West 150 feet to a stake corner and South 29 degrees 15 minutes East 50 feet; thence North 74 degrees 30 minutes East 150 feet to the place of BEGINNING. CONTAINING 7,200 square feet of land, be the same more or less.

TOGETHER with the right and privilege at any and all times hereafter during the term of this lease, of free access, ingress, and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of said Lake.

The above described lands, rights and privileges, subject to such restrictions as are set forth in the prior chain of title, are also the same premises, rights, privileges and restrictions as are set forth in a certain Agreement of Lease between F. E. Bortree Land Company, a corporation organized under the laws of the Commonwealth of Pennsylvania, and Anthony Paskert, dated May 6, 1954, and recorded in Wayne County Deed Book 186, at page 307. The said Anthony Paskert, et ux., subsequently assigned his interest in and to the above described premises to John Turouski and Louise Turouski, his wife, of Lake Ariel, by Assignment of Lease dated August 26, 1960, and recorded in Wayne County Deed Book 207, page 460. The said John Turouski died July 26, 1966, and his interest in the said premises passed to his wife, Louise Turouaki, by operation of law. Louise Turouaki died testate on December 13, 1985, and by virtue of her will dated March 15, 1985, and recorded in Wayne County Will Book 53, page 152, her interest in said premises passed to John J. Turouski, Dolores M.

Roman, Marion F. Henneforth and Charles W. Turouski. The said parties thereafter assigned said Lease to Robert J. Clauss and Peter 0. Clauss by Assignment dated March 29, 1986 and recorded in Wayne County Deed Book 452 at page 953.

EXCEPTING AND RESERVING nevertheless the right to use a certain drilled well located on the premises hereinabove described, as set forth in the aforementioned Assignment of Lease.

BEING the same parcel of land which Robert J. Clauss, as set forth in a certain Assignment of Lease dated August 5, 1991 and recorded on 4/23/1992 in Record Book 670 at page 285, assigned unto Robert J. Clauss and Linda B. Clauss, his wife.

Currently identified by Wayne County Tax Map No. 12-0-0004-0014.

THIS IS AN ASSIGNMENT OF LEASE BETWEEN HUSBAND AND WIFE AND IS THEREFORE EXEMPT FROM ANY AND ALL PA REALTY TRANSFER TAX.

AND the said Assignor WILL WARRANT SPECIALLY the property hereby conveyed.

IN WITNESS WHEREOF, the Assignor has hereunto set her hand and seal the day and year first above written.

X_ _Linda Bechtold_

Linda Bechtold (formerly known as Linda B. Clauss)

STATE OF _ New Jersey
COUNTY OF _ Union

On this, the 6 day of May , 2008, before me  a notary public, the undersigned officer, personally appeared
Linda Bechtold, Formerly Known as Linda B. Clauss
known to me (or satisfactorily proven) to be the person(s) whose name(s) is (are) subscribed to the within instrument, and acknowledged that they (he,she) executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_Lourdes Caldas_

Notary Public

**LOURDES CALDAS**
**Notary** Public of New Jersey
**My Commission** Expires May 4, 2010

I HEREBY CERTIFY that the precise residence of the within named Grantee is:

800 Forest Avenue
Westfield NJ 07090-9998

Attorney for the assignee

200800005708
Filed for Record in
WAYNE COUNTY, PA
GINGER GOLDEN
06-04-2008 At 11:28 am.
ASGMT LEASE       20.50
OR Volume 3533 Page   39 -   41

I hereby CERTIFY that the document is
recorded in the Recorder's Office of
Wayne County, Pennsylvania.

Ginger Golden
Recorder of Deeds

EXHIBIT "D-1"

# Your Wayne County Map



12/1/2024, 3:32:21 PM

1:1,128

| 0 | 0.01 | 0.01 | 0.02 mi |
|---|------|------|---------|
| 0 | 0.01 | 0.02 | 0.04 km |

 Municipal Boundaries

• Addresses

Roads

——— PA TRAFFIC ROUTE

-·-·-· PRIVATE ROAD



Map data © OpenStreetMap contributors, Microsoft, Facebook, Inc. and its affiliates, Esri Community Maps contributors, Map layer by Esri

Wayne County Dept. of Planning/GIS
Wayne County Dept. of Planning/GIS

EXHIBIT "D-2"

# 12-0-0004-0014.-, Lake, PA

**Landgrid**

By Loveland Technologies · Mar 22, 2021



**Lat/Long:** 41.44898, -75.38178

In: 18436, Census Tract 9610, Lake, Wayne County, Pennsylvania

## Parcel Data Fields

| | | | |
|---|---|---|---|
| **Parcel ID:** | 12-0-0004-0014.- | **Taxmap Previous:** | 00040014 |
| **Owner Name:** | ROBERT J CLAUSS | **Site ID:** | 79 |
| **Site Zip:** | 18436 | **Utility ID:** | 54 |
| **Parcel Use Code:** | 110 | **Water ID:** | 56 |
| **Parcel Use Description:** | ONE FAMILY DWELLING | **Zone ID:** | 0 |
| **Land Use Code: Activity:** | 1100.0 | **Fire ID:** | 60 |
| **Land Use Code Description: Activity:** | Household | **School ID:** | 0 |
| | | **Neighborhood ID:** | 124 |
| **Land Use Code: Function:** | 1000.0 | **Land Value 2:** | 73900.0 |
| **Land Use Code Description: Function:** | Residence or accommodation | **Land Market Value:** | 73900.0 |
| **Zoning Code:** | R | **Cost Value:** | 47300.0 |
| **Number of Structures on Parcel:** | 1 | **Wtd Market Value:** | 151600.0 |
| **Parcel Value Type:** | TOTAL | **Income Value:** | 0.0 |
| **Improvement Value:** | 47300.0 | **Appraised Improvement:** | 0.0 |
| **Land Value:** | 73900.0 | **Appraised Aiserv:** | 0.0 |
| **Total Parcel Value:** | 121200.0 | **Commercial:** | 0.0 |
| **Mailing Address:** | 108 W SHORE DR | **Selected Value:** | 1.0 |
| **Mailing Address City:** | LAKE ARIEL | **School District:** | E |
| **Mailing Address State:** | PA | **Home Association:** | 0 |
| **Mailing Address ZIP Code:** | 18436-9415 | **Residential Adjusted Acres:** | 6.0 |
| **Book:** | RB 3533 | **Agricultural Use Acres:** | 0.0 |
| **Page:** | 35 | **Agricultural Residential Acres:** | 0.0 |
| **County-Provided Acres:** | 0.18898538 | **Forest Residential Acres:** | 0.0 |
| **Control:** | 041176 | **Ineligible:** | 0.0 |
| **Reason:** | Adjusted to Cartway | **Other Cg Acres:** | 0.0 |
| **M Book/Page:** | MB 0099-0078 | **School District 2:** | Western Wayne |
| **Privacy:** | 0 | **Calculated Acres:** | 0.18882 |
| **Photo Number:** | 6840340239 | **Calculated Parcel Sq Ft:** | 8229 |
| **Township Board:** | 120 | | |

EXHIBIT "E"

Instrument    VOLUME   PAGE
202200002616 OR    6115    197

OR Volume 6115 Page 197 - 201
Filed in WAYNE COUNTY, PA
DEBORAH L BATES, RECORDER OF DEEDS
04-01-2022 At 03:47 pm. Fee: 73.75
202200002616 DEED



# This Deed

This    1 ST    day of April, in the year two thousand twenty-two (2022),

BETWEEN THEODORE E. MALAKIN, JR. and LINDA J. MALAKIN, his wife, of Lake Township, Wayne County, Pennsylvania,

<div align="right">GRANTORS</div>

<div align="center">and</div>

THEODORE E. MALAKIN, III, of Lake Township, Wayne County, Pennsylvania,

<div align="right">GRANTEE</div>

WITNESSETH, that in consideration of the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS, lawful money of the United States of America, in hand paid, the receipt whereof is hereby acknowledged, the said Grantors do hereby grant and convey to the said Grantee, his heirs and assigns:

ALL the remaining interest of the Grantors in and to a certain 999 year lease and demise for premises in the Township of Lake, County of Wayne and State of Pennsylvania, which is more particularly described in an Agreement dated the 17th day of July, 1970, and recorded in the Office of the Recorder of Deeds of Wayne County in Deed Book 258, at Page 689, which is more particularly described as follows:

Parcel I: BEGINNING at a stake corner on the Northwest corner of T. E. Malakin's lot; thence along said lot, South sixty-six (66°) degrees fourteen (14) minutes East one hundred fifty (150') feet to a stake and North twenty-three (23°) degrees forty-six (46) minutes East seventy (70) feet to a stake; thence North seventy-nine (79°) degrees twenty (20') East fifty-seven and eighty-four hundredths (57.84') feet to a stake and stones; thence North seventy-four (74°) degrees thirty (30) minutes East one hundred fifty (150') feet to a stake and stones fifty (50') feet more or less from the West shore of Lake Ariel; thence along the shore South fifteen (15°) degrees thirty (30) minutes East sixty (60') feet to a stake and stones; thence along the Grantor South seventy-four (74°) degrees thirty (30) minutes West one hundred fifty (150') feet to a stake and stones; South sixty-eight (68°) degrees thirty-five (35) minutes West one hundred twenty-one and sixty-four hundredths (121.64') feet to stake and stones and North sixty-six (66°) degrees

fourteen (14) minutes West one hundred fifty (150') feet to a stake and stone; thence along the East side of highway North twenty-three (23°) degrees forty-six (46) minutes East thirty (30') feet to the place of Beginning.

CONTAINING 19,380 square feet, more or less.

THE ABOVE premises are designated as parcel number 12-04-07 on the tax maps of Lake Township, Wayne County, Pennsylvania.

Parcel II: BEGINNING at a point on the Easterly side of a public road leading from Lake Ariel to Hamlin said point being South twenty-six (26°) degrees twenty-one (21) minutes East one hundred seventy-six (176') feet from the Southerly corner of the Old Columbia Hotel Barn; thence from said point South sixty-seven (67°) degrees East one hundred fifty (150') feet to a corner; thence South twenty-three (23°) degrees West seventy (70') feet to a corner; thence North sixty-four (64°) degrees thirty-eight (38) minutes West one hundred fifty (150') feet to the Easterly side of said Hamlin Road; thence along the Easterly side of said Hamlin Road North twenty-three (23°) degrees East seventy (70') feet to the place of Beginning.

CONTAINING ten thousand five hundred (10,500) square feet of land more or less, said lot is bounded Northwesterly in the front by the said Hamlin Road and on the Southeasterly side and on the Southwesterly side by lands now or formerly of F. W. Bortree Land Company, and on the Northeasterly side by land of Margaret O'Brien Moesel.

THE ABOVE premises are designated as parcel number 12-04-08 on the tax maps of Lake Township, Wayne County, Pennsylvania.

Parcel III: BEGINNING at the Northwesterly corner of the T. E. Malakin property on the Easterly side of the State Highway Route 191 leading from Hamlin to Lake Ariel, PA; thence along the same South sixty-six (66°) degrees and fourteen (14) minutes East one hundred fifty (150') feet to an iron pin corner; thence South thirty-seven (37°) degrees twenty-six (26) minutes West fifty (50') feet to an iron pin corner; thence North sixty-six (66°) degrees fourteen (14') minutes West one hundred fifty (150') feet to a pipe corner on the Easterly side of the said highway; thence along the same North thirty-seven (37°) degrees twenty-six (26) minutes East fifty (50') feet to the place of Beginning.

CONTAINING 7,287 square feet, more or less.

THE ABOVE premises are designated as parcel number 12-04-06 on the tax maps of Lake Township, Wayne County, Pennsylvania.

Each of the parcels above described is conveyed SUBJECT TO the following terms and conditions:

Together with the right and privilege at any and all times hereafter during the term of this

Lease, of free access, ingress, and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50') feet in width lying between the lot of land hereby leased and the margin of said Lake.

It being distinctly understood and agreed by and between the parties hereto that no fence, buildings or other obstructions of any kind shall be erected or placed upon said strip of land lying between the lot hereby leased and the margin of said lake to intercept or impede free passage across the same or any part thereof.

Said parties of the second part shall during the term of this Lease, for the consideration herein named, have the right to fish in the waters of said Lake Ariel, but nothing herein contained shall give the parties of the second part a right to fish out of season or in violation of this fish and game laws of the Commonwealth. And the said parties of the second part are hereby expressly prohibited from catching fish of any kind or description from the waters of said Lake between the first day of November and the first day of June in each and every year.

Together with the right to erect on the margin of said Lake in front of the premises hereby leased; but so as not to obstruct in any way the full width of the fifty (50') foot passageway or street above mentioned, a boat-house of near and suitable design to be used only by the parties of the second part for their benefit and the benefit of members of their family and their guests and in no case and at no time for rent or hire.

In Addition to the right of passage to and from the Lake across the land in front of the premises herein described and leased, the parties of the second part shall have the right to use all roads and streets laid out and opened by the said parties of the first part, or its predecessors in title, about said Lake in common with other lot-holders having similar privileges.

In Consideration of the rights and privileges above mentioned and granted and of boating and fishing upon said Lake, the parties of the second part in addition to the consideration hereinbefore mentioned, agrees to pay to the parties of the first part the sum of Fifteen Dollars ($15.00) per year, payable on or before the first day of June in each and every year. It is, however, agreed that any rental that remains due and unpaid shall be recoverable only out of the said real estate and the rights and appurtenances hereby demised.

Any Violation on the part of the second parties of any of the terms of this Agreement, or any use or appropriation of the lands hereby demised for the purpose or purposes other than such as are mentioned and agreed upon in said contract, shall work an immediate forfeiture of this Agreement of Lease, and proof or proofs of such violation being fully sustained in an action of ejectment or other appropriate action at law, it will be lawful for the said parties of the first part to retake possession of the premises hereby demised, and own, control and use the same in the same manner as if this Agreement of Lease had never been entered into.

SUBJECT TO the provisions of those two certain deeds of easement from Theodore E. Malakin, et ux., to the Commonwealth of Pennsylvania, the first being dated May 28, 1969, and

Page 3

recorded in Wayne County Deed Book 250, Page 167 (Map Book 11, Page 165), and the second being dated December 15, 1971, and recorded in Wayne County Deed Book 277, Page 359 (Map Book 17, Page 181).

BEING the same premises which Florence Malakin, widow, by deed dated November 4, 1985 and recorded in Wayne County Record Book 434, page 724 granted and conveyed to Theodore E. Malakin, Jr. and Linda J. Malakin, his wife, Grantors herein.

SUBJECT TO right of way for public highway purposes of so much of any public road as is included within the description of the premises herein conveyed, and to public utility easements appearing of record or which an inspection of the premises would disclose.

THIS IS a parent-child transaction and is not subject to realty transfer tax.

HAZARDOUS WASTE is not being disposed of nor has it ever been disposed of on the property conveyed herein by the Grantors to the actual knowledge of the Grantors.

AND the said Grantors will *WARRANT SPECIALLY* the property hereby conveyed.

Page 4

AND the said Grantors have hereunto set their hands and seals the day and year first above written.

_____ {SEAL}
**THEODORE E. MALAKIN, JR.**

_____ {SEAL}
**LINDA J. MALAKIN**

STATE OF PENNSYLVANIA     }
    }ss.
COUNTY OF Wayne     }

This record was acknowledged before me on April 1, 2022 by Theodore E. Malakin, Jr. and Linda J. Malakin, his wife.

_____
Notary Public
My commission expires: 06/18/2024

COMMONWEALTH OF PENNSYLVANIA - NOTARY SEAL
Sierra R Rozanski, Notary Public
Pike County
My Commission Expires 06/18/2024
Commission Number 1297454

CERTIFICATE OF ADDRESS

I hereby certify that the precise address of the Grantee herein is as follows:

1320 Lake Ariel Highway, Lake Ariel PA 18436

_____
Attorney for Grantee

I hereby CERTIFY that this document is recorded in the Recorder's Office of Wayne County, Pennsylvania.

Deborah L. Bates
Deborah L. Bates
Recorder of Deeds

Page 5

# This Deed,

Made the Fourth day of November in the year of our Lord one thousand nine hundred and eighty-five (1985)

Between FLORENCE MALAKIN, widow, of the Township of Lake,

County of Wayne and State of Pennsylvania,

GRANTOR

A N D

THEODORE E.MALAKIN,JR.and LINDA J. MALAKIN, his wife,

as tenents by the entireties, of the Borough of Honesdale, County

of Wayne and State of Pennsylvania,

GRANTEES

Witnesseth, that in consideration of---------------------------------------------
-----------------------------ONE ($1.00)-----------------------Dollars, in hand paid, the receipt whereof is hereby acknowledged; the Grantor do es hereby grant and convey to the said Grantee s, their Heirs and Assigns.

All the remaining interest of the Grantors in and to a certain 999 year lease and demise which is more particularly described in an Agreement dated the 17th day of July, 1970, and recorded in the Office of the Recorder of Deeds of Wayne County in Deed Book 258 at Page 689 which is more particularly described as follows:

PARCEL I: BEGINNING at a stake corner on the Northwest corner of T. E. Malakin's lot; thence along said lot, South 66 degrees 14 minutes East 150 feet to a stake and North 23 degrees 46 minutes East 70 feet to a stake; thence North 79 degrees 20 minutes East 57.84 feet to a stake and stones; thence North 74 degrees 30 minutes East 150 feet to a stake and stones 50 feet more or less from the West shore of Lake Ariel; thence along the shore South 15 degrees 30 minutes East 60 feet to a stake and stones; thence along the Grantor South 74 degrees 30 minutes West 150 feet to a stake and stones; South 68 degrees 35 minutes West 121.64 feet to stake and stones and North 66 degrees 14 minutes West 150 feet to a stake and stones; thence along the East side of highway North 23 degrees 46 minutes East 30 feet to the place of BEGINNING. CONTAINING 19,380 square feet, more or less.

PARCEL II: BEGINNING at a point on the Easterly side of a public road leading from Lake Ariel to Hamlin said point being South 26 degrees 21 minutes East 176 feet from the Southerly corner of the Old Columbia Hotel Barn; thence from said point South 67 degrees East 150 feet to a corner; thence South 23 degrees West 70 feet to a corner; thence North 64 degrees 38 minutes West 150 feet to the Easterly side of said Hamlin Road; thence along the Easterly side of said Hamlin Road North 23 degrees East 70 feet to the place of BEGINNING. CONTAINING ten thousand five hundred (10,500) square feet of land more or less, said lot is bounded Northwesterly in the front by the said Hamlin Road and on the Southeasterly side and on the Southwesterly side by lands now or formerly of F. W. Bortree Land Company, and on the Northeasterly side by land of Margaret O'Brien Moesel.

PARCEL III: BEGINNING at the Northwesterly corner of the T. E. Malakin property on the easterly side of the State Highway Route 191 leading from Hamlin to Lake Ariel, PA.; thence along the same South 66 degrees and 14 minutes East 150 feet to an iron pin corner;

thence South 37 degrees and 26 minutes West 50 feet to an iron pin corner; thence North 66 degrees and 14 minutes WEst 150 feet to a pipe corner on the easterly side of the said highway; thence along the same North 37 degrees and 26 minutes East 50 feet to the place of BEGINNING. CONTAINING 7,287 square feet, more or less.

EACH of the parcels above described is conveyed subject to the following terms and conditions:

TOGETHER with the right and privilege at any and all times hereafter during the term of this Lease, of free access, ingress, and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of said Lake.

It being distinctly understood and agreed by and between the parties hereto that no fence, buildings or other obstructions of any kind shall be erected or placed upon said strip of land lying between the lot hereby leased and the margin of said Lake to intercept or impede free passage across the same or any part thereof.

Said parties of the second part shall during the term of this Lease, for the consideration herein named, have the right to fish in the waters of said Lake Ariel, but nothing herein contained shall give the parties of the second part a right to fish out of season or in violation of this fish and game laws of the Commonwealth. And the said parties of the second part are hereby expressly prohibited from catching fish of any kind or description from the waters of said Lake between the first day of November and the first day of June in each and every year.

TOGETHER with the right to erect on the margin of said Lake in front of the premises hereby leased; but so as not to obstruct in any way the full width of the fifty (50) foot passageway or street above mentioned, a boat-house of near and suitable design to be used only by the parties of the second part for their benefit and the benefit of members of their family and their guests and in no case and at no time for rent or hire.

IN ADDITION to the right of passage to and from the Lake across the land in front of the premises herein described and leased, the parties of the second part shall have the right to use all roads and streets laid out and opened by the said parties of the first part, or its predecessors in title, about said Lake in common with other lot-holders having similar privileges.

IN CONSIDERATION of the rights and privileges above mentioned and granted and of boating and fishing upon said Lake, the parties of the second part in addition to the consideration hereinbefore mentioned, agrees to pay to the parties of the first part the sum of Fifteen and 00/100 ($15.00) DOLLARS per year, payable on or before the first day of June in each and every year. It is, however, agreed that any rental that remains due and unpaid shall be recoverable only out of the said real estate and the rights and appurtenances hereby demised.

ANY VIOLATION on the part of the second parties of any of the terms of this Agreement, or any use or appropriation of the lands hereby demised for the purpose or purposes other than such as are mentioned and agreed upon in said contract, shall work an immediate forfeiture of this Agreement of Lease, and proof or proofs of such violation being fully sustained in an action of ejectment or other appropriate action at law, it will be lawful for the said parties of the first part to retake possession of the premises hereby demised, and own, control and use the same in the same manner as if this Agreement of Lease had never been entered into.

BEING the same land which Genevieve Shestok, divorced, et al. by deed of even date herewith and intended to be recorded, granted and conveyed to Florence Malakin, the Grantor herein.

And *the said Grantor* *Will Warrant* SPECIALLY

*the property hereby conveyed*

In Witness Whereof, *the Grantor* ha s *hereunto set* her *hand and seal the day and year first above written.*

Signed, Sealed and Delivered
in the Presence of

_Florence Malakin_ [Seal]
_____ [Seal]
_____ [Seal]
_____ [Seal]
_____ [Seal]
_____ [Seal]
_____ [Seal]
_____ [Seal]
_____ [Seal]
_____ [Seal]

Commonwealth of Pennsylvania } ss.
County of Wayne

On this, the 4th day of November A. D. 19 85, before me
a Notary Public the undersigned officer, personally
appeared Florence Malakin, widow, known to me (or satisfactorily
proven) to be the person whose name is subscribed to the within instrument, and
acknowledged that s he executed the same for the purposes therein contained.
In Witness Whereof, I hereunto set my hand and official seal.

_Nancy H. Schilling_
NANCY H. SCHILLING, Notary Public
My commission expires Aug 11, 1986
Honesdale, Wayne Co. Title of Officer

Commonwealth of Pennsylvania } ss.
County of

On this, the day of A. D. 19 before me
the undersigned officer, personally
appeared known to me, (or satisfactorily
proven) to be the person whose name subscribed to the within instrument, and
acknowledged that he executed the same for the purposes therein contained.
In Witness Whereof, I hereunto set my hand and official seal.

_____
Title of Officer

State of } ss.

County of

On this, the _____ day of _____ A.D. 19 ____, before me the undersigned officer, personally appeared _____

_____ known to me, (or satisfactorily proven) to be the person whose name _____ subscribed to the within instrument, and acknowledged that ____ he ____ executed the same for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

_____

Title of Officer _____

I Hereby Certify, that the precise residence of the Grantee is is:

573 W. 15th St.
Honesdale, Pa
18431

Attorney for _____

I Hereby Certify, that this is a conveyance between children and parent and not subject to any realty transfer tax (Theodore E. Malakin, Jr. and Linda J. Malakin, son and daughter-in-law)

**Warranty Deed**

Act 1909

**From**

FLORENCE MALAKIN, widow,

**To**

THEODORE E. MALAKIN, JR. ET UX.

ENTERED FOR RECORD
RECORDER'S OFFICE
Nov 5  11 48 AM '85
WAYNE COUNTY, PA.
Fees 1450 STAMPS

RUTHERFORD AND ZIMMER
ATTORNEYS AND COUNSELLORS AT LAW
COURT HOUSE SQUARE
HONESDALE, PENNA., 18431

***Form No. 336—Legal Blank Printers, Laceyville, Pa.

Commonwealth of Pennsylvania } ss.

County of WAYNE

Recorded on this _____ 5th _____ day of _____ November _____ A.D. 19 85, in the Recorder's Office of the said County in Deed Book _____ Volume _____ 434 Page 724

Given under my hand and the seal of the said Office, the date above written.

_Lois K. Keen_ _____ Recorder

BOOK 434 PAGE 727

ENTERED FOR RECORD
RECORDER'S OFFICE

JUL 20 11 20 AM '70

WAYNE COUNTY, PA.
FEES 9.50 STAMPS

L E A S E

THIS AGREEMENT, Made this _17th_ day of July,
1970 by and between THEODORE E. MALAKIN and FLORENCE MALAKIN,
his wife, of the Township of Lake, County of Wayne, and State
of Pennsylvania, parties of the first part,

A N D

FLORENCE MALAKIN of the Township of Lake, County of
Wayne, and State of Pennsylvania, party of the second part

WITNESSETH that the said parties of the first part,
in consideration of the sum of $1.00 to them in hand paid by
the party of the second part at the time of the execution of
this Agreement, receipt whereof is hereby acknowledged, and of
the covenants hereinafter specified to be fully kept and per-
formed by the party of the second part do hereby assign, let,
lease and demise unto the second party for the term of nine
hundred ninety-nine (999) years, the following described real
estate situate in the Township of Lake, County of Wayne and
Commonwealth of Pennsylvania, to wit:

> BEGINNING at a stake corner on the North-
> west corner of T. E. Malakin's lot: thence
> along said lot, South sixty-six (66) degrees
> fourteen (14) minutes East one hundred and
> fifty (150) feet to a stake and North twenty-
> three (23) degrees forty-six (46) minutes
> East seventy (70) feet to a stake; thence
> North seventy-nine (79) degrees twenty (20)
> minutes East fifty-seven and eighty-four
> one-hundredths (57.84) feet to a stake and
> stones; thence North seventy-four (74)
> degrees thirty (30) minutes East one hun-
> dred and fifty (150) feet to a stake and
> stones fifty (50) feet more or less from
> the West shore of Lake Ariel; thence along
> the shore South fifteen (15) degrees thirty
> (30) minutes East sixty (60) feet to a
> stake and stones; thence along the grantor
> South seventy-four (74) degrees thirty
> (30) minutes West one hundred and fifty
> (150) feet to a stake and stones; South
> sixty-eight (68) degrees thirty-five (35)

LAW OFFICES
CLEMENT J. REAP
HONESDALE, PENNA.

minutes West one hundred and twenty-one
and sixty-four one-hundredths (121.64)
feet to stake and stones and North sixty-
six (66) degrees fourteen (14) minutes
West one hundred and fifty (150) feet to
stake and stones; thence along the East
side of highway North twenty-three (23)
degrees forty-six (46) minutes East
thirty (30) feet to the place of BEGINNING.
CONTAINING 19,380 square feet, more or
less.

BEING the same premises which F.
Burton Derby and Jeannette Derby, his
wife, by their Agreement dated the 26th
day of August 1962, and recorded in Wayne
County Deed Book 182, page 171, did let,
lease and demise unto Theodore E. Malakin
and Florence Malakin, his wife.

ALSO, the following described real estate situate in
the Township of Lake, County of Wayne, and Commonwealth of Pennsyl-
vania, to wit:

BEGINNING at the Northwesterly corner
of the T. E. Malakin property on the easterly
side of the State Highway Route 191 leading
from Hamlin to Lake Ariel, Pa.; thence along
the same South sixty-six (66) degrees and
fourteen (14) minutes East one hundred fifty
(150) feet to an iron pin corner; thence
South thirty-seven (37) degrees and twenty-
six (26) minutes West fifty (50) feet to
an iron pin corner; thence North sixty-six
(66) degrees and fourteen (14) minutes
West one hundred fifty (150) feet to a pipe
corner on the easterly side of the said
highway; thence along the same North thirty-
seven (37) degrees and twenty-six (26)
minutes East fifty (50) feet to the place
of beginning; containing 7,287 square feet,
more or less.

The above described parcel adjoins
other lands leased and demised to the par-
ties of the first part.

BEING the same premises which A. J.
Schrader and Florence Schrader, his wife, et al.,
by their Deed dated April 11, 1962 and
recorded in Deed Book 217, page 137 did
let, lease and demise unto T. E. Malakin
and Florence Malakin, his wife.

ALSO, the following described real estate situate in
the Township of Lake, County of Wayne, and Commonwealth of
Pennsylvania, to wit:

LAW OFFICES
CLEMENT J. REAP
HONESDALE, PENNA.

ALL that certain piece or parcel of
land situate in the Township of Lake, County
of Wayne and State of Pennsylvania, bounded
and described as follows:

BEGINNING at a point on the Easterly
side of a public road leading from Lake
Ariel to Hamlin said point being South
twenty-six (26) degrees twenty-one (21)
minutes East one hundred seventy-six (176)
feet from the Southerly corner of the Old
Columbia Hotel Barn: thence from said point
South sixty-seven (67) degrees East one
hundred fifty (150) feet to a corner: thence
South twenty-three (23) degrees West seventy
(70) feet to a corner: thence North sixty-
four (64) degrees thirty-eight (38) minutes
West one hundred fifty (150) feet to the
Easterly side of said Hamlin Road: thence
along the Easterly side of said Hamlin Road
North twenty-three (23) degrees East
seventy (70) feet to the place of Beginning.
Containing ten thousand five hundred
(10,500) square feet of land more or less,
said lot is bounded Northwesterly in the
front by the said Hamlin Road and on the
Southeasterly side and on the Southwesterly
side by lands now, or formerly of F. E.
Bortree Land Company, and on the Northeas-
terly side by land of Margaret O'Brien Moesel.

BEING the same land described in two
conveyances from Flora Schadt, Executrix
of the Estate of Charles H. Schadt to Mrs.
George O'Brien the first by deed dated
February 5, 1916 and recorded in the office
of the Recorder of Deeds in and for Wayne
County in Deed Book 108, at page 484:
the second by deed dated January 20, 1921
recorded in said Recorder's office in Deed
Book 115, at page 324.

BEING also the same land devised to
the said Genevieve O'Brien Hoban (formerly
Genevieve O'Brien) and Florence O'Brien
Malakin, by Will of Genevieve K. O'Brien,
Widow, dated October 21, 1941 and duly
probated in the Office of the Register of
Wills in and for Wayne County, Pennsylvania
on July 10, 1946.

Subject to provisions in said Will as
to the right of Margaret O'Brien Moesel
and her family to draw waters from the ar-
tesian well on said premises and subject
further to all other restrictions, coven-
ants, conditions contained in said Will
and other instruments in the line of title.

LAW OFFICE:
CLEMENT J. REAP
HONESDALE, PENNA.

TOGETHER with the right and privilege
at any and all times hereafter during the
term of this Lease, of free access, ingress,
and egress from the lands hereby leased to
the margin of said Lake Ariel and vice versa,
across and upon the strip of land fifty (50)
feet in width lying between the lot of land
hereby leased and the margin of said Lake.

It being distinctly understood and
agreed by and between the parties hereto
that no fence, buildings or other obstruc-
tions of any kind shall be erected or placed
upon said strip of land lying between the
lot hereby leased and the margin of said
lake to intercept or impede free passage
across the same or any part thereof.

Said parties of the second part shall
during the term of this Lease, for the
consideration herein named, have the right
to fish in the waters of said Lake Ariel,
but nothing herein contained shall give
the parties of the second part a right to
fish out of season or in violation of
this fish and game laws of the Common-
wealth. And the said parties of the
second part are hereby expressly pro-
hibited from catching fish of any kind
or description from the waters of said
Lake between the first day of November
and the first day of June in each and
every year.

TOGETHER with the right to erect
on the margin of said Lake in front of
the premises hereby leased; but so as not
to obstruct in any way the full width of
the fifty (50) feet passageway or street
above mentioned, a boat-house of neat and
suitable design to be used only by the
parties of the second part for their
benefit and the benefit of members of their
family and their guests and in no case and
at no time for rent or hire.

IN ADDITION to the right of passage
to and from the Lake across the land in
front of the premises herein described and
leased, the parties of the second part
shall have the right to use all roads and
streets laid out and opened by the said
parties of the first part, or its prede-
cessors in title, about said Lake in
common with other lot-holders having
similar privileges.

IN CONSIDERATION of the rights and priv-
ileges above mentioned and granted and of
boating and fishing upon said Lake, the
parties of the second part in addition to
the consideration hereinbefore mentioned,
agrees to pay to the parties of the first
part the sum of Fifteen and 00/100 ($15.00)

LAW OFFICES
CLEMENT J. REAP
HONESDALE, PENNA.

dollars per year, payable on or before
the first day of June in each and every
year. It is, however, agreed that any
rental that remains due and unpaid shall
be recoverable only out of the said real
estate and the rights and appurtenances
hereby demised.

ANY VIOLATION on the part of the
second parties of any of the terms of this
Agreement, or any use or appropriation of
the lands hereby demised for the purpose
or purposes other than such as are men-
tioned and agreed upon in said contract,
shall work an immediate forfeiture of
this Agreement of Lease, and proof or
proofs of such violation being fully sus-
tained in an action of ejectment or other
appropriate action at law, it will be law-
ful for the said parties of the first part
to retake possession of the premises hereby
demised, and own, control and use the same
in the same manner as if this Agreement of
Lease had never been entered into.

ALL and singular the covenants and agreements herein
mentioned shall be binding upon and inure to the benefit of the
parties hereto and their heirs, administrators and assigns, as
fully as if they were in every instance herein named.

IN WITNESS WHEREOF, the parties to this Lease have
hereunto set their hands and seals the _17th_ day of _July_,
1970.

_Theodor C Malakin_ (SEAL)

_Florence Malakin_ (SEAL)
First Parties

_Florence Malakin_ (SEAL)
Second Party

LAW OFFICE
CLEMENT J. REAP
HONESDALE, PENNA.

COMMONWEALTH OF PENNSYLVANIA:

                   SS.

COUNTY OF WAYNE       :

      On this, the _17th_ day of _July_, 1970, before me, the undersigned officer, personally appeared, THEODORE E. MALAKIN and FLORENCE MALAKIN, his wife, known to me, to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

      IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

                                 _Margaret S. Browne_
                                   Notary Public

                                   MARGARET S. BROWNE  Notary Public
                                   My Commission Expires July 15, 1972
My Commission Expires                   Wayne County

      I HEREBY CERTIFY that the precise residence address of the within named Second Party is Lake Ariel, Pennsylvania.

                                     _[signature]_
                                     Attorney

Commonwealth of Pennsylvania } ss.
   County of Wayne

Recorded in the office for Recording of Deeds in and for the County of Wayne, in ___ book No. _258_ Page _694_ Given under my hand and seal of Office this _____

     _20th_ day of _July_ A. D. 19 _70_

               _[signature]_
                 Recorder

LAW OFFICES
CLEMENT J. REAP
HONESDALE, PENNA.

the common or corporate seal o f the said Corporation duly affixed thereto; that the seal so affixed thereto is the common or corporate seal of the said Corporation; that the above Indenture was duly sealed and delivered by Wilson W. Rea, President of the said Corporation, as and for the act and deed of the said Corporation, for the uses and purposes therein mentioned, ---- and the names of this deponent as President and of W. J. Miller as Secretary, of the said Corporation, subscribed to the above Indenture, in attestation of its due execution, and deliverey, are of their and each of their respective handwritings.

<div align="right">Wilson W. Rea</div>

Sworn and subscribed before me, the day and year aforesaid. Witness my hand and official seal.

<div align="center">

Margaret S. Browne            (SEAL)
Honesdale, Pa. Notary Public,
My comm.Exps. July 15,1964

</div>

The address of the within named Grantee is  55 Chestnut Hill Place, Glen Ridge, N.J.

<div align="center">John J. Koehler,</div>

<div align="center">On behalf of said Grantor</div>

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed Book 217, page 134. Witness my hand and seal this 19th. day of February, A.D.1963, at 1:30 P.M.                              Fred B.   Trumm,   Recorder, (SEAL)

---

A. J. SCHRADER, UX. AL.       :          THIS AGREEMENT,  Made and entered into this
        TO                    :          11th.  day of April, 1962,   by and between
T. E,  MALAKIN,  ET UX.       :          A. J.  SCHRADER,  and FLORENCE SCHRADER, his
                                         wife,  of the City of Scranton, County of
                                         Lackawanna and State of Pennsylvania, and
GEORGE W. HUSS  and  ELIZABETH HUSS' his wife, of Ringtown, County of Schuylkill and State of Pennsylvania, parties of the first part  AND    T. E, MALAKIN and  FLORENCE MALAKIN his wife, of the Township of Lake, County of Wayne and Commonwealth of Pennsylvania parties of the second part:

WITNESSETH,  that the parties of the first part, in consideration of the sum of One ($1.00)  Dollar to them in hand paid, by the parties of the second part, at the time of the execution of this Agreement, receipt whereof is hereby acknowledged, and of the covenants hereinafter  specified to be fully kept and performed by the parties of the second part, does hereby let, lease and demise unto the parties of the second part, for the term of nine hundred and ninety-nine (999) years, the following described real estate situate in the Township of Lake, County of Wayne and Commonwealth of Pennsylvania, to-wit:

BEGINNING   at the Northwesterly corner of the T. E. Malakin property on the easterly side of the State Highway Route 191,  leading from Hamlin to Lake Ariel, Pa.,  thence along the same South 66 deg. and 14 min. East 150 to an iron pin corner;   thence South 37 deg. and 26 min. West 50 feet to an iron pin corner;   thence North 66 deg. and 14 min. West 150 feet to a pipe corner on the easterly side of the said highway;   thence along the same North 37 deg. and 26 min. East 50 feet to the place of Beginning; containing 7,287 sq. ft. more or less.

The above described parcel adjoins other lands leased and demised to the parties of the second part.

IT IS AGREED  and expressly stipulated by the parties of the second part, hereto that the land hereby demised shall be used only for the purpose of having one private residence thereon for the use of one family, and that it  shall not be used for a hotel, boarding house or any business purpose whatsoever.

IT IS ALSO AGREED, by the parties of the second part hereto that no venous, spiritous or malt liquors shall be sold or kept for sale on the said premises during the term of this lease.

ANY VIOLATION on the part of the second parties, of any of the terms of this agreement, or any use or appropriation of the lands hereby demised for the purpose or purposes other than such as are mentioned and agreed upon in said contract, shall work an immediate forfeiture of this agreement of lease and proof or proofs of such violation being fully sustained in action of ejectment or other appropriate action at law, it will be lawful for the said parties of the first part to retake possession of the premises hereby demised and own, control and use the same in the same manner, as if this agreement of lease had never been entered into.

The above described premises shall be subject to all the conditions, restrictions, reservations and otherwise contained in writings/with respect to other lands now being leased and demised by the parties of the second part and which adjoin and were formerly a part of the lands of the parties of the first part and their predecessors.

ALL and singular the covenants and agreements herein mentioned shall be binding upon and inure to the benefit of the parties hereto and their heirs, administrators and assigns, as fully as if they were in every instance herein named.

IN WITNESS WHEREOF, the parties of the first part and the parties of the second part have hereunto fixed their hands and seals, the day and year first above written.

SIGNED, SEALED AND DELIVERED

    IN THE PRESENCE OF

| | |
|---|---|
| ------ | |
| | A. J. Schrader     (SEAL) |
| | Florence Schrader     (SEAL) |
| | George W. Huss     (SEAL) |
| | Elizabeth Huss     (SEAL) |
| | T. E. Malakin     (SEAL) |
| | Florence Malakin     (SEAL) |

COMMONWEALTH OF PENNSYLVANIA  :
                              SS
COUNTY OF LACKAWANNA        :

On this, the 16th. day of April, 1962, before me, a Notary Public, in and for the above County andState, personally appeared A. J. Schrader and Florence Schrader, his wife, known to me (or satisfactorily proved) to be the persons whose names are subscribed to the within lease, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I Have hereunto set my hand and Notarial Seal.

                                      Carl Carey,           (SEAL)
                                      Notary Public,
                                      My comm.Exps. Jan.16,1963

COMMONWEALTH OF PENNSYLVANIA    :
                                SS
COUNTY OF SCHUYLKILL         :

On this, the 11th. day of April, 1962, before me, a Notary Public, in and for the above County and State, personally appeared GEORGE W. HUSS and ELIZABETH HUSS, HIS WIFE, KNOWN TO ME (or satisfactorily proven) to be the person whose names are subscribed to the within lease and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I Have hereunto set my hand and Notarial seal.

                                      Weller Hunsinger,      (SEAL)
                                      Notary Public, My comm.exps.
                                      Feb. 1, 1965

I HEREBY CERTIFY,   that the precise address of the within named Lessee is Box 84, Lake Ariel, Pennsylvania.                                    C. J. Reap,  Attorney

COMMONWEALTH OF PENNSYLVANIA      :
                                  :SS
COUNTY OF WAYNE                   :

                                     February
     On this, the 18th. day of ~~January~~ 1963,   before me, a Notary Public, in and for the Above County, and State, personally appeared T. E. Malakin and Florence Malakin his wife, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within lease, and acknowledged that they executed the same for the purposes therein contained.

     IN WITNESS WHEREOF, I Have hereunto set my hand and Notarial Seal.

                                   Ida Mae D. Roe              (SEAL)
                                   Notary Public, Honesdale, Wayne Co.Pa
                                   My comm.Exos. March 14,1964

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed Book 217, page 137. Witness my hand and seal this 19th. day of February, A.D.1963  at  2:37 P.M.

                                          Fred B.  Trumm, Recorder, (SEAL)

JOHN  A.  JOHNSON, ET UX.       :       THIS DEED, Made the 24th.  day of January, in the
                                :       year of our Lord one thousand nine hundred   and
     TO                         :
                                :       Sixty-three.  Between  JOHN  A.  JOHNSON,  and RUTH
FRANK  L. MROCKA,  ET UX.       :       M. JOHNSON, his wife, of 779  Eleventh Avenue, Paterson

New Jersey, GRANTORS,  and  FRANK  L. MROCKA  and MARY M. MROCKA, his wife, of 45 Myron Street, Delawanna, Clifton, New Jersey,  GRANTEES

     WITNESSETH,  that in consideration of Two Thousand Two Hundred ($2,200.00)  Dollars, in handpaid, the receipt whereof is hereby acknowledged;  the Grantor do hereby grant and convey to the said Grantees, their Heirs and Assigns.

     ALL  that certain piece or parcel of land situate in the Township of Clinton, County of Wayne and Commonwealth of Pennsylvania,  bounded and described as follows:

     BEGINNING   in the center of the public highway leading from Aldenville, to Creamton, and designated as Pennsylvania Route 171, the same point being also the southwest corner of a parcel in the name of Jackowski;  thence along the southerly line of Jackowski and passing across a creek known as Lackawaxen Creek, East 0° 00' a distance of  2,190 feet to a corner in the easterly line of the property;  thence  along said easterly line South 0° 00'  A distance of 415.0  feet to a corner,  the same being also the northeasterly corner of land of J. A. Johnson;  thence along the northerly line of Johnson West 0° 00' a distance of 2,035 feet to the center of the aforesaid highway;  thence along said high-way North 20° 15'  West a distance of 440 feet to the place of BEGINNING.  CONTAINING 20 acres more or less. The bearings as given herein are based upon the original meridian.

     ALSO   granting and conveying to the Grantees, their  heirs and assigns, a right of way over a certain existing road that runs from Pennsylvania Route 171, in an Easterly direction to the Eastern side  of the barn known  as the Minor barn;  thence along the Easterly side of said barn in a Northerly direction to  a gate, together with the right to cross over so much of the land of the Grantors as is necessary to connect with said roadway.

     Being  a part of the same land that Wayne Pike Realty, Inc.,  by its certain deed dated June 8th. 1961,  and duly recorded on June 8th. 1961, in Wayne County Deed Book 210,page 57,  granted and conveyed to John A. Johnson and Ruth M.  Johnson, his wife, the grantors herein.

BBJ155

unpaid shall be recoverable only out of the said real estate and the rights and appurtenances hereby demised.

ANY VIOLATION of the part of the second parties of any of the terms of this Agreement, or any use or appropriation of the lands hereby demised for the purpose or purposes other than such as are mentioned and agreed upon in said contract, shall work an immediate forfeiture of this Agreement of Lease, and proof or proofs of such violation being fully sustained in an action of ejectment or other appropriate action at law, it will be lawful for the said parties of the first part to retake possession of the premises hereby demised, and own, control and use the same in the same manner as if this Agreement of Lease had never been entered into.

ALL and singular the covenants and agreements herein mentioned shall be binding upon and inure to the benefit of the parties hereto and their heirs, administrators and assigns, as fully as if they were in every instance herein named.

IN WITNESS WHEREOF, the parties to this Lease have hereunto set their hands and seals the 29th day of August 1952.

|  |  |  |
|---|---|---|
|  | F. Burton Derby( | (L.S.) |
|  | Jeannette Derby | (L.S.) |
|  | (First parties) |  |
| Jeannette Derby | Robert T. Taylor | (L.S.) |
|  | Marjorie Taylor | (L.S.) |
|  | (Second Parties) |  |

COMMONWEALTH OF PENNSYLVANIA :
                               SS.
COUNTY OF WAYNE           :

On this, the 29th day of August 1952, before me the undersigned officer, personally appeared F. BURTON DERBY and JEANNETTE DERBY, his wife, known to me, to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

Katherine M. Firmstone, N.P. (SEAL)

My commission expires Jan.30,1955.

COMMONWEALTH OF PENNSYLVANIA :
                               SS.
COUNTY OF WAYNE           :

On this, the 29th day of August 1952, before me the undersigned officer, personally appeared ROBERT T. TAYLOR and MARJORIE TAYLOR, his wife, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

Katherine M. Firmstone, N.P. (SEAL)

My commission expires Jan.30,1955.

I HEREBY CERTIFY that the precise residence address of the within named second parties is #1212 Marion Street, Scranton, Pennsylvania.

J. Wilson Ames, Attorney

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed Book No. 182, page 170. Witness my hand and seal this 3rd day of October A.D.1952 at 11:23 A.M.

Fred B. Trumm, Recorder (SEAL)

F. BURTON DERBY et ux.      :                   LEASE

     TO               : THIS AGREEMENT, made and entered into this twenty-sixth day

THEODORE E. MALAKIN et ux.  : of August, 1952, BY AND BETWEEN, F. BURTON DERBY and JEAN-

NETTE DERBY, his wife, of the township of Lake, county of Wayne and Commonwealth of Penn-

sylvania, parties of the first part, and THEODORE E. MALAKIN and FLORENCE MALAKIN, husband and wife, of the township of Lake, county of Wayne and Commonwealth of Pennsylvania, part-ies of the second part,

WITNESSETH, that the said parties of the first part, in consideration of the sum of one and 00/100 ($1.00) dollar, to it in hand paid by the parties of the second part, at the time of the execution of this agreement, receipt whereof is hereby acknowledged, and of the covenants hereinafter specified to be fully kept and performed by the parties of the second part, do demise and lease, for the term of nine hundred and ninety-nine (999) years, the following described real estate, situate in the township of Lake, county of Wayne and Commonwealth of Pennsylvania, viz:

BEGINNING at a stake corner on the Northwest corner of E.E.Malakin's lot; thence along said lot, South sixty-six (66) degrees fourteen (14) minutes East one hundred and fifty (150) feet to a stake and North twenty-three (23) degrees forty-six (46) minutes East seventy (70) feet to a stake; thence North seventy-nine (79) degrees twenty (20) min-utes East fifty-seven and eighty-four one-hundredths (57.84) feet to a stake and stones; thence North seventy-four (74) degrees thirty (30) minutes East one hundred and fifty (150) feet to a stake and stones fifty (50) feet more or less from the West shore of Lake Ariel; thence along the shore South fifteen (15) degrees thirty (30) minutes East sixty (60) feet to a stake and stones; thence along the grantor South seventy-four (74) degrees thirty (30) minutes West one hundred and fifty (150) feet to a stake and stones; South sixty-eight (68) degrees thirty-five (35) minutes West one hundred and twenty-one and sixty-four (121.64) feet to stake and stones and North sixty-six (66) degrees fourteen (14) minutes West one hundred and fifty (150) feet to stake and stones; thence along the East side of highway North twenty-three (23) degrees forty-six (46) minutes East thirty (30) feet to the place of BEGINNING. CONTAINING 19,380 square feet, more or less.

TOGETHER with the right and privilege at any and all times hereafter during the term of this Lease, of free access, ingress and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of said Lake.

It being distinctly understood and agreed by and between the parties hereto that no fence, buildings or other obstructions of any kind shall be erected or placed upon said strip of land lying between the lot hereby leased and the margin of said lake to intercept or impede free passage across the same or any part thereof.

Said parties of the second part shall during the term of this Lease, for the con-sideration herein named, have the right to fish in the waters of said Lake Ariel, but nothing herein contained shall give the parties of the second part a right to fish out of season or in violation of this fish and game laws of the Commonwealth. And the said par-ties of the second part are hereby expressly prohibited from catching fish of any kind or description from the waters of said Lake between the first day of November and the first day of June in each and every year.

TOGETHER with the right to erect on the margin of said Lake in front of the prem-ises hereby leased; but so as not to obstruct in any way the full width of the fifty (50) feet passageway or street above mentioned, a boat-house of neat and suitable design to be used only by the parties of the second part for their benefit and the benefit of members of their family and their guests and in no case and at no time for rent or hire.

IN ADDITION to the right of passage to and from the Lake across the land in front of the premises herein described and leased, the parties of the second part shall have the right to use all roads and streets laid out and opened by the said parties of the first part, or its predecessors in title, about said Lake in common with other lot-holders having similar privileges.

IN CONSIDERATION of the rights and privileges above mentioned and granted and of boating and fishing upon said Lake, the parties of the second part in addition to the consideration hereinbefore mentioned, agrees to pay to the parties of the first part the sum of Fifteen and 00/100 ($15.00) dollars per year, payable on or before the first day of June in each and every year. It is, however, agreed that any rental that remains due and unpaid shall be recoverable only out of the said real estate and the rights and appurtenances hereby demised.

ANY VIOLATION on the part of the second parties of any of the terms of this Agreement, or any use or appropriation of the lands hereby demised for the purpose or purposes other than such as are mentioned and agreed upon in said contract, shall work an immediate forfeiture of this Agreement of Lease, and proof or proofs of such violation being fully sustained in an action of ejectment or other appropriate action at law, it will be lawful for the said parties of the first part to retake possession of the premises hereby demised, and own, control and use the same in the same manner as if this Agreement of Lease had never been entered into.

ALL and singular the covenants and agreements herein mentioned shall be binding upon and inure to the benefit of the parties hereto and their heirs, administrators and assigns, as fully as if they were in every instance herein named.

IN WITNESS WHEREOF, the parties to this Lease have hereunto set their hands and seals the 26th day of August 1952.

| Witness: | F. Burton Derby | (L.S.) |
| Katherine M. Firmstone | Jeannette Derby | (L.S.) |
| | First Parties | |
| | Theodore E. Malakin | (L.S.) |
| | Florence Malakin | (L.S.) |
| | Second Parties | |

COMMONWEALTH OF PENNSYLVANIA : 
                       SS.
COUNTY OF WAYNE         :

On this, the 26th day of August 1952, before me, the undersigned officer, personally appeared, F. BURTON DERBY and JEANNETTE DERBY, his wife, known to me, to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

                                 Katherine M. Firmstone, N.P.   (SEAL)
                                 My commission expires Jan.30,1955

COMMONWEALTH OF PENNSYLVANIA : 
                       SS.
COUNTY OF WAYNE         :

On this, the 26th day of August 1952, before me, the undersigned officer, personally appeared, THEODORE E. MALAKIN And FLORENCE MALAKIN, husband and wife, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

                                   Katherine M. Firmstone, N. P.   (SEAL)
                                 My commission expires Jan.30,1955.

I HEREBY CERTIFY that the precise residence address of the within named second parties is Lake Ariel, Penna.

                              J. Wilson Ames,  Attorney

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed Book No. 182, page 171.  Witness my hand and seal this 3rd day of October A.D.1952 at 11:24 A.M.

                              Fred B. Trumm, Recorder    (SEAL)

MARGARET O'BRIEN MOESEL, ET VIR  :        AGREEMENT

      TO                     :    This Agreement, made this 16th day of August,

SOUTH SIDE BANK AND TRUST COMPANY :    1950, between MARGARET O'BRIEN MOESEL and

FREDERICK C. MOESEL, her husband, both of the City of Scranton, Lackawanna County,

Pennsylvania, and SOUTH SIDE BANK AND TRUST COMPANY, of the same place;

THAT WHEREAS, Genevieve K. O'Brien, by her Last Will and Testament dated October 21,

1941, duly probated in the Office of the Register of Wills in and for Wayne County,

Pennsylvania, on July 10, 1946, devised certain premises situate in the Township of

Lake, Wayne County, Pennsylvania, to Genevieve O'Brien, now by marriage Genevieve

O'Brien Hoban and Florence O'Brien Malakin, subject to a lien or claim in the amount of

Two Hundred and Fifty ($250.00) Dollars  in favor of Margaret O'Brien Moesel and,

WHEREAS, title to the said premises has been conveyed to Theodore E. Malakin and Florence

O'Brien Malakin, his wife, subject to the said claim and,

WHEREAS, the said Theodore E. Malakin and Florence O'Brien Malakin, his wife, have

executed and delivered to  South Side Bank and Trust Company, a mortgage in the sum

of $3000 dated the - - day of August 1950 and duly recorded in the Office of the

Recorder of Deeds of Wayne County, Pennsylvania, on the - - day of - - - -

NOW THEREFORE, in consideration of the sum of One ($1.00) Dollar and other valuable

considerations to them in hand paid, the receipt whereof is hereby acknowledged, it

is agreed by the said Margaret O'Brien Moesel and Frederick C. Moesel, her husband,

for themselves, their heirs, executors, administrators and assigns, that the lien of

their claim above mentioned be and is hereby postponed to the lien of the mortgage and

the bond accompanying the same held by the South Side Bank and Trust Company as above

mentioned.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals the day and

year first above mentioned.

                                    Frederick C. Moesel

                                    Margaret Moesel

STATE OF PENNSYLVANIA:
            SS.:
COUNTY OF LACKAWANNA :

    On this the 16 day of August 1950, before me, a Notary Public, the undersigned

officer, personally appeared Margaret O'Brien Moesel and Frederick C. Moesel, her

husband, known to me to be the persons whose names are subscribed to the within

instrument, and acknowledged that they executed the same for the purposes therein

contained and desire that same might be recorded as such.

    IN WITNESS WHEREOF, I hereunto set my hand and official seal.

                              Carmine B. Tomaini                (SEAL)
                              Notary Public
                              Com. exp. 1/7/53

Recorded in the office for the Recording of Deeds in and for Wayne County in Misc.

Book No. 10, page 525. Witness my hand and seal this 25th day of August  A.D. 1950

at 10:39 A.M.

                              Fred B.  Trumm, Recorder            (SEAL)

ABC 102

AND the said Grantor Will Warrant Generally the property hereby conveyed.

FEDERAL STAMPS $1.10 CANCELLED.

IN WITNESS WHEREOF, the Grantor has hereunto set her hand and seal the day and year first above written.

SIGNED, SEALED AND DELIVERED

IN THE PRESENCE OF

Grace V. Dunn                              Miss Della  V. Field,          (SEAL)

COMMONWEALTH OF PENNSYLVANIA    :
                                SS
COUNTY OF WAYNE                 :

On this, the twenty-fourth day of August, A.D. 1950, before me, a Notary Public the undersigned Officer, personally appeared Della V. Field, known to me, ( or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Grace V. Dunn          (SEAL)
Notary Public
My comm. exp. Feb. 1, 1953.

I HEREBY CERTIFY, that the precise residence of the Grantee is 9423 Meadowbrook Avenue, Chestnut Hill, Philadelphia, 18, Pa.

James Rutherford, Atty.

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed Book 175 page 422. Witness my hand and seal this 24th. day of August, A.D. 1950, at 1:27 P.M.

Fred B.  Trumm,  Recorder      (SEAL)


THOMAS LINUS HOBAN,  ET UX. ET AL.   :      THIS INDENTURE, Made the twenty-first day of
                TO                   :      August, in the year of our Lord one thousand
        THEODORE E.  MALAKIN, ET UX. :      nine hundred and fifty (1950)  BETWEEN
                                            Thomas Linus Hoban, Genevieve O'Brien Hoban,
his wife, Theodore E, Malakin and Florence O'Brien Malakin, his wife, all of the City of Scranton, County of Lackawanna and State of Pennsylvania, parties of the first part, GRANTORS,      AND      Thedore E. Malakin and Florence O'Brien Malakin, his wife, both of the same place, as tenants by the entirety, parties of the second part, GRANTEES.

WITNESSETH,  That the said parties of the first part, for and in consideration of the sum of One ($1.00) Dollar lawful money of the United States of America, well and truly paid by the said parties of the second part to the said parties of the first part, at and before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, have granted, bargained, sold, aliened, enfeoffed, released, conveyed and confirmed and by these presents do grant, bargain, sell, alien, enfeoff, release, convey and confirm unto the said parties of the second part, their heirs and assigns.

ALL  that certain piece or parcel of land situate in the Township of Lake, County of Wayne and State of Pennsylvania, bounded and described as follows:

Beginning at a point on the Easterly side of a public road leading from Lake Ariel to Hamlin said point being South twenty-six degrees twenty-one  minutes East (S. 26 degrees 21 ' E.)  One hundred seventy-six (176)  feet from the Southerly corner of the Old Columbia Hotel Barn;  thence from said point South sixty-seven degrees East (S. 67 degrees E.).  One hundred fifty (150) feet to a corner;  thence South twenty-three degrees West (S. 23 degrees W.)  seventy (70) feet to a corner;  thence North sixty-four degrees thirty-

eight minutes West (N. 64 degrees 38' W.) one hundred fifty (150) feet to the Easterly side of said Hamlin Road; thence along the Easterly side of said Hamlin Road North twenty three degrees East (N. 23 degrees E.) seventy (70) feet to the place of Beginning. Containing ten thousand five hundred (10,500) square feet of land more or less, said lot is bounded Northwesterly in the front by the said Hamlin Road and on the Southeasterly side and on the Southwesterly side by lands now or formerly of F.E. Bortree Land Company, and on the Northeasterly side by land of Margaret O'Brien Moesel.

Being the same land described in two conveyances from Flora Schadt, Executrix of the Estate of Charles H. Schadt to Mrs. George O'Brien the first by deed dated February 5, 1916 and recorded in the office of the Recorder of Deeds in and for Wayne County in Deed Book 108, at page 484; the second by deed dated January 20, 1921, recorded in said Recorder's office in Deed Book 115, at page 324.

Being also the same land devised to the said Genevieve O'Brien Hoban (formerly Genevieve O'Brien) one of the Grantors herein, and Florence O'Brien Malakin, one of the Grantors and Grantees herein, by Will of Genevieve/O'Brien, Widow, dated October 21, 1941 and duly probated in the Office of the Register of Wills in and for Wayne County, Pennsylvania, on July 10, 1946.

Subject to provisions in said Will as to the right of Margaret O'Brien Moesel and her family to draw waters from the artesian well on said premises and subject further to all other restrictions, convenants, conditions contained in said will and other instruments in the line of title.

TOGETHER with all and singular the buildings, improvements, woods, ways, rights, liberties, privileges, hereditaments and appurtenances, to the same belonging or in any wise appertaining and the reversion and reversions; remainder and remainders, rents, issues and profits thereof, and of every part and parcel thereof; And Also, all the estate, right title, interest, - - property, possession, claim and demand whatsoever, both in law and equity, of the said parties of the first part, of, in, and to the said premises, with the appurtenances.

TO HAVE AND TO HOLD the said premises, with all and singular the appurtenances, unto the said parties of the second part, their heirs and assigns, to the only proper use, benefit and behoof of the said parties of the second part, their heirs and assigns, forever,

AND the said parties of the first part, their heirs, executors, and administrators do by these presents, wovenant, grant, and agree to and with the said parties of the second part, their heirs and assigns forever, that they the said parties of the first part, their heirs, all and singular the hereditaments and premises herein above described and granted, or mentioned and intended so to be, with the appurtenances, unto the said parties of the second part, their heirs, and assigns, against them, the said parties of the first part, their heirs and against all and every other person or persons whomsoever lawfully claiming or to claim the same or any part thereof, by, through, from and under them shall and will Warrant and forever Defend.

IN WITNESS WHEREOF, the said parties of the first part to these presents have hereunto set their hands and seals Dated the day and year first above written.

SIGNED, SEALED AND DELIVERED

    IN THE PRESECNE OF

- - - - -

|  |  |
|---|---|
| Thomas Linus Hoban | (SEAL) |
| Genevieve O'Brien Hoban | (SEAL) |
| Thedore E. Malakin | (SEAL) |
| Florence O'Brien Malakin | (SEAL) |

FEDERAL STAMPS    $6.60  CANCELLED.

RECEIVED the day of the date of the above indenture of the above named.

STATE OF PENNSYLVANIA    Ÿ

                                  SS

COUNTY OF LACKAWANNA    :

On the twenty-first day of August, 1950, before me, a Notary Public the undersigned
officer, personally appeared Thomas Linus Hoban, and Genevie/O'Brien Hoban, his wife, and
Theodore E. Malakin and Florence O'Brien Malakin, his wife, known to me, ( or satisfact-
orily proven) to be the persons whose names are subscribed to the within instrument
and acknowledged that they execured the same for the purposes therein contained, and desired
the same might be recorded as such.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

                                    Carmine B. Tomaine,       (SEAL)
                                    Notary Public
                                    My comm. exp. 1-7-53

The address of the within-named Grantees is Lake Township, Wayne County, Pennsylvania.

                                    T. A. Donahoe,
                                    On behalf of  Grantee.

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed book
175, page 423. Witness my hand and seal this 25th. day of August, A.D. 1950, at 10:36 A.M.

                                    Fred B.  Trumm, Recorder     (SEAL)

AFA 188

| | | |
|---|---|---|
| D. S.  LAUDERBAUDH, ET UX. | : | Mt. Pocono Rural Distribution System Extn. |
| TO | : | To  Lake Wa-Taw-Ga.  Lehigh Twp., |
| PENNSYLVANIA POWER & LIGHT COMPANY | : | KNOW ALL MEN BY THESE PRESENTS, That we, D.S. |

Lauderbaugh, and Mildred Lauderbaugh, his
wife, in consideration of the sum of One Dollar (1.00) to us paid at the date hereof by
Pennsylvania Power & Light Company, the receipt whereof is hereby acknowledged, do hereby
grant, unto the said Company, its successors, assigns, and lessees, the right privilege,
and authority to construct, reconstruct, maintain and operate its electric lines, includ-
ing poles, wires, guys, stub/poles , fixtures and apparatus upon, across, over, under and along
property which we own or in which we have any interest along the highway commonly known
as Tobyhanna - Gouldsboro Road located in the Township of Lehigh, County of Wayne, Common-
wealth of Pennsylvania, As shown on plan hereto attached and made a part hereof, and upon,
across, over, under and along the roads, streets, or highways adjoining the said property
including the right of ingress, and egress to and from the said lines at all times, for any
purposes aforesaid;  also the right to cut down, trim and remove and keep cut down and
trimmed any and all trees, brush or other undergrowth on said premises which in the
judgment of the said Company,, may at any time interefere with the construction, reconstruct-
ion, maintenance or opearation of said lines, poles, wires, guys, stub poles, fixtures and
apparatus, or menace the same;  and also the right to permit the attachments of the
wires and cables of any other person or company to said poles.

Any poles or other facilities constructed hereunder may, without the payment of further
consideration, be relocated on said property to conform to new or  relocated highway limits.

WITNESS our hands and seals this 18th. day of July, 1950

Signed, sealed and delivered in the presence of:

| | | |
|---|---|---|
| D. C. Berling. | D. S. Lauderbaugh | (SEAL) |
| D.C. Berling. | Mildred B. Lauderbaugh. | (SEAL) |
| | A. Louise Smith.  Notary Public | (SEAL) |
| | My comm. exp. Jan. 7, 1951. | |

FLORA M. SCHADT, EX'X.  :  This Agreement, made and concluded this 20th day of January

TO  :  1921, by and between Flora M. Schadt, Executrix of the last

MRS. GEORGE F. O'BRIEN  :  will and testament of Charles H. Schadt, late of the city of

Scranton and State of Pennsylvania, deceased, party of the first part; and Mrs. George F.

O'Brien of the said city of Scranton and State of Pennsylvania, party of the second part;

Witnesseth; That the said party of the first part, for the consideration hereinafter named

and the covenants hereinafter specified to be fully kept and performed by the party of the

second part, hereby lets, leases and demises unto the said party of the second part for the

term of nine hundred and ninety nine years, the following described real estate, viz: All

that certain piece or parcel of land situate in the township of Lake, County of Wayne and

State of Pennsylvania, bounded and described as follows: Beginning at the northwesterly

corner of a lot of land heretofore leased to the party of the second part, in the easterly

margin of the road leading from Lake Ariel to Hamlin; thence along the said margin of said

road, north twenty five degrees and twenty two minutes east, fifty feet to a corner in said

road margin; thence along other lands of the said first party, south sixty four degrees and

thirty eight minutes east one hundred and fifty feet to a corner; thence along other lands

of said first party; south twenty five degrees and twenty two minutes west fifty feet to a

corner; and thence by the northerly line of the lot already leased as aforesaid to the said

O'Brien, north sixty four degrees and thirty eight minutes west, one hundred and fifty feet

to the place of beginning. Containing seven thousand five hundred square feet of land be the

same more or less. Also that certain other lot of land situate in the same township, county

and state, bounded and described as follows, viz:

Beginning at the southwesterly corner of a lot of land heretofore leased to the party

of the second part, in the easterly margin of the said road leading from Lake Ariel to Hamlin

thence along the said margin of said road, south twenty five degrees and twenty two minutes

west, ten feet to a corner in said road margin; thence along other lands of the said first

party, south sixty four degrees and thirty eight minutes east, one hundred and fifty feet to

to a corner; thence, along other lands of the said first party, north twenty five degrees and twenty

two minutes east, ten feet to a corner, and thence, by the southerly line of the lot already leased

as aforesaid to the party of the second part, north sixty four degrees and thirty eight minutes west

one hundred and fifty feet to the place of beginning. Containing fifteen hundred square feet of

land, be the same more or less. Being parts of the same parcel of land which Charles E. Mills et.

al. by deed dated April 8th 1896 and recorded in Wayne County in Deed Book No. 80, page 36, granted

and conveyed to Charles H. Schadt, P. J. Horan and M. J. Healy. The said P. J. Horan and heirs of

the said M. J. Healy having conveyed their interest in said property to the said Charles H. Schadt,

by deed dated Dec. 23, 1905, and recorded in Wayne County in Deed Book No. 94, page 331. And the

said Charles H. Schadt, having died testate, did, by his last will and testament, duly executed and

proved in the office of the Register of Wills in Lackawanna County, make his widow, Flora M. Schadt

above named, the executor thereof, with full power and authority to sell and convey real estate and

to execute and deliver the necessary deeds and papers to assure such conveyances. It is hereby

agreed and expressly stipulated that no hotel or public hoarding house shall be erected, kept or

maintained on the land hereby demised, and that no vinous, spirituous or malt liquors shall be sold

or kept for sale on the said premises hereby demised, during the term of hhis lease. The said party

of the second part also agrees, for herself her heirs and assigns to pay all taxes and municipal

assessments which may be assessed or levied upon the property hereby demised during the term of this

lease. In consideration of the demise and lease herein mentioned, the said party of the second

part agrees to pay to the said party of the first part on the due execution and delivery of this

lease, the sum of three hundred dollars, and at the expiration of the term of this lease the sum of

one dollar ($1.00), This demise isupon condition that the covenants of the second party shall be

fully kept and performed, and on any breach thereof the estate hereby demised shall, at the election

of the first party, cease and determine, and the proof of such breach or violation of the terms

hereof being duly sustained by an appropriate action at law, it will be lawful for the said first

party to re enter and take possession of the premises hereby remised and granted without any further

notice or demand. The possession of the premises hereby demised to be given to the said party of

the second part on the execution and delivery of this lease. All and singular the covenants and

agreements herein contained shall be binding upon and inure to the benefit of the heirs, executors,

administrators, successors and assigns of the parties hereto.

In Witness Whereof the said parties to this agreement have hereunto set their hands and seals

the day and year first above written.

<div style="text-align:right">

Flora M. Schadt                    (Seal)

Executrix of the will of
Charles H. Schadt, deceased.

Genevieve K. O'Brien                (Seal)

Mrs. George O'Brien

</div>

State of Pennsylvania      :
                          ss.
County of Lackawanna      :

Before me, a notary public duly commissioned in and for said county and state, personally app-

eared the above named Flora M. Schadt, Executrix, and in due form of law acknowledged the above

Abreement to be her act and deed and desired that the same might be recorded as such.

Witness my hand and notarial seal this 20th day of January 1921.

<div style="text-align:right">

W. H. Thomas                    (Seal)

Notary Public

My commission expires 1st Mon. Jan. 1922.

</div>

Recorded in the office for the recording of Deeds in and for Wayne County in Deed Book No. 115 page 524. Witness my hand and seal this 1st day of February 1921.

W. B. Lesher  (Seal)

Recorder.

Exercutrix of CHARLES H.SCHADT:  THIS AGREEMENT Made and concluded this 15th. day of February
        To                :   1916. By and Between Flora M.Schadt , Executrix of the last
MRS. GEORGE F.O'BRINE     :   WILL and Testament of Charles H.Schadt late of the City of
                                Scranton and State of Pennsylvania, deceased, party of the
first part and Mrs. George F.O'Brien of the City of Scranton county of Lackawanna and State
of Pennsylvania, party of the second part:WITNESSETH that the said party of the first part for
the consideration hereinafter named and the covenants hereinafter specified to be fully kept
and preformed by the party of the second part hereby lets, leases and demises unto the said
party of the second part for the term of Nine hundred and ninety nine years the following
described real estate viz: All that certain piece or parcel of land situate in the township
of Lake county of Wayne and State of Pennsylvania, bounded and described as follows: Beginning
at a corner on the easterly margin of the Public road leading from Lake Ariel to Hamlin, this
corner being south twenty six degrees and twenty one minutes east one hundred and seventy six
feet from the sputherly corner of the Columbia Hotel barn: thence from said corner south sixty
seven degrees east one hundred and fifty feet to a corner: thence south twenty three degrees
west sixty feet to a corner: thence north sixty seven degrees west one hundred and fifty feet
to the easterly margin of the aforesaid public road: thence along the easterly margin of the
said road north twenty three degrees east sixty feet to the place of beginning. Containing nine
thousand square feet be the same more or less. This lot being bounded in front by the said
public road and on the other three sides by lands of the party of the first part. Being a part
of the same parcel of land which Charles E.Mills et al by deed dated April 8th. 1896. and re-
corded in Wayne County in deed Book No. 80 Page 36 granted and conveyed to Charles H.Schadt
P.J.Horan and M.J.Healy. The said P.J.Horan and heirs of the said M.J.Healy having conveyed thei
interest in said property to the said Charles H.Schadt by deed dated December 23. 1905. and
recorded in Wayne county in deed Book No. 94 Page 331. and the said Charles H.Schadt having
died testate did, by his last will and testament duly executed and proved in the office of the
Register of Wills in Lackawanna County make his widow , Flora M.Schadt above named the executor
thereof with full power and authority to sell and convey real estate and to execute and deliv-
er the necessary deeds and papers to assure such conveyances. It is hereby agreed and express-
ly stipulated that No hotel or public boarding house shall be erected kept or maintained on
the lad hereby demised and that No vinous , spirituous or malt liquors shall be sold or kept
for sale on the said premises hereby demised during the term of this lease.
The said party of the second part also agrees for herself her heirs and assigns to pay all tax-
es and mincipal assessments which may be assessed or levied upon the property hereby demised
during the term of this lease. In consideration of the demise and lease herein mentioned the
said party of the second part agrees to pay to the said party of the first part on due execu-
tion and delivery of this lease the sum of Three hundred dollars and at the expiration of the
term of this lease the sum of One dollar ($1.00) this demise is upon condition that the cove-
nants of the second party shall be fully kept and preformed and on any breach thereof the es-
tate hereby demised shall at the election of the first party cease and determine and the proof
of such breach or violation of the terms hereof being duly sustained by an appropriate action
at law it will be lawful for the said fi rst party to reenter and take possession of the premises
hereby demised and granted without any further notice or demand. The possession of the premises
hereby demised to be given to the said party of the second part on the execution and delivery
of this lease. All and singular the covenants and agreements herein contained shall be binding
upon and imire to the benefit of the heirs, executors, administrators successors and assigns of
the parties hereto.
In Witness Whereof the said parties to this agreement have hereunto set their hands and seals
the day and year first above written.
50 Cent revenue stamp cancelled.                           FLORA M.SCHADT    (seal)
                              Executrix of the will of Chas. H.Schadt , decd.
State of Pennsylvania :                           MRS. GEO. F.O'BRINE  (seal)
County of Wayne SS   :   Before me a Notary Public in and for said county and State duly
                    commissioned and sworn personally alleared the above named, Flora M.
                    Schadt and in due form of law acknowledged the foregoing Indenture
of Lease to be her act and deed and desired the same might be recorded as such.
Witness my hand and Official seal the 15th day of Febr 1916.
                                Charles A.Keegan, Notary Public(seal)
                                My commission expires March 25. 1917.
Recorded in the office for the recording of deeds in and for Wayne county in deed Book No. 108.
Page 484. Witness my hand and seal the 21st. day of September 1916.
                                W.B.Lesher, Recorder    (seal)

EXHIBIT "F"

# Your Wayne County Map



110 W Shore Dr

1331 Lake Ariel Hwy

1327 Lake Ariel Hwy

1328 Lake Ariel Hwy

1325 Lake Ariel Hwy

Lake Ariel Hwy

W Shore Dr

1320 Lake Ariel Hwy

120 W Shore Dr

1310 Lake Ariel Hwy

126 W Shore Dr



12/10/2024, 12:32:24 PM

1:1,183

| 0 | 0.01 | | 0.01 | 0.03 mi |
| 0 | 0.01 | 0.02 | 0.04 km |

Municipal Boundaries

Addresses

Roads

PA TRAFFIC ROUTE

PRIVATE ROAD

Map data © OpenStreetMap contributors, Microsoft, Facebook, Inc. and its
affiliates, Esri Community Maps contributors, Map layer by Esri

Wayne County Dept. of Planning/GIS
Wayne County Dept. of Planning/GIS

# Your Wayne County Map



1327 Lake Ariel Hwy

1328 Lake Ariel Hwy

1325 Lake Ariel Hwy

Lake Ariel Hwy

1320 Lake Ariel Hwy

120 W Shore Dr

W Shore Dr

1310 Lake Ariel Hwy

126 W Shore Dr

1315 Lake Ariel Hwy

12/10/2024, 12:36:49 PM

Municipal Boundaries

Roads

Addresses

PA TRAFFIC ROUTE

PRIVATE ROAD

Waterbodies

1:1,293

| 0 | 0.01 | 0.01 | 0.03 mi |
| 0 | 0.01 | 0.03 | 0.05 km |

Map data © OpenStreetMap contributors, Microsoft, Facebook, Inc. and its
affiliates, Esri Community Maps contributors, Map layer by Esri

Wayne County Dept. of Planning/GIS
Wayne County Dept. of Planning/GIS

## 12-0-0004-0007.-, Lake, PA

https://landgrid.com/us/pa/wayne/lake/51280



Lat/Long: 41.44829, -75.3818

In: 18436, Census Tract 9610, Lake, Wayne County, Pennsylvania

## Parcel Data Fields

| | | | |
|---|---|---|---|
| Parcel ID: | 12-0-0004-0007.- | Site ID: | 79 |
| Owner Name: | THEODORE E JR & LINDA MALAKIN | Utility ID: | 55 |
| | | Water ID: | 56 |
| Site Zip: | 18436 | Zone ID: | 0 |
| Parcel Use Code: | 154 | Fire ID: | 60 |
| Parcel Use Description: | RESIDENTIAL LOT LESS THAN ONE ACRE | School ID: | 0 |
| | | Neighborhood ID: | 124 |
| Land Use Code: Activity: | 1100.0 | Land Value 2: | 87900.0 |
| Land Use Code Description: Activity: | Household | Land Market Value: | 87900.0 |
| Land Use Code: Function: | 1000.0 | Cost Value: | 0.0 |
| Land Use Code Description: Function: | Residence or accommodation | Wtd Market Value: | 77200.0 |
| | | Income Value: | 0.0 |
| Zoning Code: | R | Appraised Improvement: | 0.0 |
| Number of Structures on Parcel: | 1 | Appraised Aiserv: | 0.0 |
| | | Commercial: | 0.0 |
| Parcel Value Type: | TOTAL | Selected Value: | 1.0 |
| Improvement Value: | 0.0 | School District: | E |
| Land Value: | 87900.0 | Home Association: | 0 |
| Total Parcel Value: | 87900.0 | Residental Adjusted Acres: | 5.64 |
| Mailing Address: | 1320 LAKE ARIEL HWY | Agricultural Use Acres: | 0.0 |
| Mailing Address City: | LAKE ARIEL | Agricultural Residential Acres: | 0.0 |
| Mailing Address State: | PA | Forest Residential Acres: | 0.0 |
| Mailing Address ZIP Code: | 18436-9438 | Ineligible: | 0.0 |
| Book: | DB 0434 | Other Cg Acres: | 0.0 |
| Page: | 724 | School District 2: | Western Wayne |
| County-Provided Acres: | 0.46885301 | Calculated Acres: | 0.46827 |
| Control: | 041169 | Calculated Parcel Sq Ft: | 20407 |
| Reason: | Adjusted to Cartway | | |
| Privacy: | 0 | | |
| Photo Number: | 6840340227 | | |
| Township Board: | 120 | | |
| Taxmap Previous: | 00040007 | | |

EXHIBIT "G"

Robert P. Browning, Esq.
Oliver, Price & Rhodes
1212 South Abington Road
Clarks Summit, PA 18411

# Assignment of Leasehold Interest

**Made** the 4th day of February, 2014          ←

## By and Between WALTER WOEHRLE and DIANE WOEHRLE, his wife, of Moscow, Lackawanna County, Pennsylvania, parties of the first part, hereinafter called ASSIGNORS

### AND

JEFFREY BARONE and MARILEE BARONE, his wife, of Lake Ariel, Pennsylvania, paries of the second part, hereinafter called ASSIGNEES

### WITNESSETH

That in consideration of Two Hundred Sixty Thousand Dollars ($260,000) in hand paid, the receipt and sufficiency of which is hereby acknowledged, Assignors do hereby sell, grant, assign, transfer to Assignees, their heirs and assigns, all of Assignors' right, title and interest in and to the remainder and balance of a Nine Hundred Ninety-Nine (999) year Lease of those certain pieces and parcels of land lying, situate and being in the Township of Lake, County of Wayne and State of Pennsylvania, more particularly bounded and described as follows:

BEGINNING at a stake 50 feet from the West shore of Lake Ariel and on line of lands now or formerly of Robert Michaels; thence, along lands of said Robert Michaels North 41 degrees 55 minutes west 150 feet to a stake; thence, along lands now or formerly of F. E. Bortree Land Co., South 76 degrees one minute West 41.9 feet to a stake corner; thence, along lands now or formerly of John B. Manger et ux. South 40 degrees 40 minutes East 81.7 feet to a stake for a corner; thence continuing along said lands now or formerly of John B. Manger et ux. South 32 degrees 36 minutes East 64.8 feet to a stake for a corner; thence, along the West side of a private road or drive, and 50 feet from the shore of said Lake, North 74 degrees one minute East 55 feet to the place of BEGINNING. Containing 6,000 square feet of land, be the same more or less, all as is more particularly depicted on that certain survey map of same prepared by George E. Ferris, R.S. on August 2, 1971 and recorded in Wayne County Map Book 16 at page 136, designated as Lot No. 182 on which is located a frame, residential dwelling and incidental dock within the waters of Lake Ariel.

BEING the same piece or parcel of land that F. E. Bortree Land Co., by Lease dated July 29, 1952 and recorded in Wayne County Deed Book 185 at page 287, demised and let unto

Bernard J. Golden and Mary M. Golden, his wife. Thereafter, the said Mary M. Golden died on June 7, 1965, a resident of Lackawanna County, Pennsylvania as evidenced by her Estate File No. 687-1965, whereupon Bernard J. Golden succeeded to the said Leasehold Estate in its entirety by operation of law. Bernard J. Golden, widower, by Lease dated August 27, 1969 and recorded in Wayne County Deed Book 251 at page 602 assigned his interest therein to John B. Manger and Kathryn M. Manger, his wife, as by reference thereto will more fully and at large appear.

ALSO BEING all the residue, remainder and balance of those certain leasehold premises that F. E. Bortree Land Company, by Lease dated July 29, 1952, and recorded in Wayne County Deed Book 193 at page 82, granted and conveyed unto John B. Manger and Kathryn M. Manger, his wife, as by reference thereto will more fully and at large appear.

AND BEING the same lands and premises which John B. Manger and Kathryn M. Manger, his wife, by their certain "Assignment of Leasehold Agreement" dated November 14, 1980 and recorded in Wayne County Deed Book 375 at Page 1145 et seq, assigned, granted, transferred and conveyed unto Ronald W. Christie and Mary E. Christie, his wife.

TOGETHER with the right and privilege at any and all times hereafter during the term of this Lease of free access, ingress and regress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of the said Lake.

It being distinctly understood and agreed by and between the Parties hereto that no fence, buildings or other obstructions of any kind shall be erected or placed upon said strip of land lying between the lot hereby leased and the margin of said Lake to intercept or impede free passage across the same or any part thereof.

Said Parties of the Second Part shall during the remaining term of this Lease, for the consideration herein named, have the right to fish in the waters of said Lake Ariel, but nothing herein contained shall give the Party of the Second Part a right to fish out of season or in violation of the Fish and Game Laws for the Commonwealth of Pennsylvania.

The Parties of the Second Part shall also during the term of this Lease, for the consideration herein named, have the right to own and use upon the waters of said Lake Ariel two row boats, one sailboat, and one launch for their own use and for the use of members of their family and guests, but in no case shall the Parties of the Second Part use or permit their boat or boats to be used by any person or person except themselves and members of their family and guests, and in the absence of themselves, and all members of their family, no person shall have the right to use their boat or boats on the waters of said Lake.

TOGETHER ALSO with the right to erect on the margin of said Lake in front of the premises hereby leased, but so as not to obstruct in any way the full width of the fifty (50) feet passage or street above mentioned, a boat-house or neat and suitable design to be used only by the Parties of the Second Part for their benefit and the benefit of members of their family and her guests, and in no way and at no time for rent or hire. 



IN ADDITION to the right of passage to and from the Lake across the land in front of the premises herein described and leased, the Parties of the Second Part shall have the right to use all roads and streets laid out and opened by the said Parties of the First Part, or their predecessors in title, above said Lake in common with other lot-holders having similar privileges.

IT IS AGREED and expressly stipulated by the Parties of the Second Part hereto that the land hereby demised shall be used only for the purpose of having one private residence thereon for the use of one family, and that it shall not be used for a hotel, boarding house or any business purpose whatsoever.

It is also agreed by the Parties of the Second Part hereto that no venous, spirituous or malt liquors shall be sold or kept for sale on the said premises during the term of this Lease.

IN CONSIDERATION of the rights and privileges above mentioned and granted, and of boating and sighing upon said Lake, Parties of the Second Part, in addition to the consideration hereinbefore mentioned, agrees to pay to the F. E. Bortree Land Co., or its successors in title, the sum of Fifteen ($15.00) Dollars per year, payable on or before the first day of June in each and every year. It is, however, agreed that any rental that remains due and unpaid shall be recoverable only out of the said real estate and the rights and appurtenances hereby demised.

ANY VIOLATION by the Parties of the Second Part of any of the terms of this Agreement, or any use or appropriation of the lands hereby demised for the purpose or purposes other than such as are mentioned and agreed upon in said contract, shall work immediate forfeiture of this Agreement of Lease, and proof or proofs of such violation being fully sustained in an action of ejectment or other appropriate action of law, it will be lawful for the said Parties of the First Part to retake possession of the premises hereby demised, and own, control and use the same in the same manner as if this Assignment of Lease had never been entered into.

ALL and singular the covenants and agreements herein mentioned shall be binding upon and inure to the benefit of the Parties hereto and their heirs, administrators and assigns, as fully as if they were in every instance herein named.

ASSIGNORS will and do hereby warrant SPECIALLY the property and premises hereinabove described as demised and assigned to Second Parties herein.

Instrument
201400001274 OR     Volume Page
                         4681   177

IN WITNESS WHEREOF, the Parties of the First Part have caused this Instrument to be executed, and the Parties of the Second Part have signed this instrument and affixed their seals the day and year first above written.

WITNESSES:

_____        (Seal)
                          Walter Woehrle

_____        (Seal)
                          Diane Woehrle

_____        (Seal)
                          Jeffrey Barone

                          (Seal)
                          Marilee Barone

Commonwealth of Pennsylvania     :
                                  : ss.:
County of Lackawanna               :

On this, the 4th day of February A.D. 2014, before me, the undersigned Officer, there personally appeared Walter Woehrle and Diane Woehrle, his wife, Parties of the First Part, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the foregoing Assignment of Leasehold Interest, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MARGHERITE GUZZI, Notary Public
Covington Twp., Lackawanna County
My Commission Expires November 3, 2017

_____
Notary Public

Commonwealth of Pennsylvania    :
                                : ss.:
County of Lackawanna            :

On this, the 4th day of February A.D. 2014, before me, the undersigned Officer, there personally appeared Jeffrey Barone and Marilee Barone, Parties of the Second Part, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing Assignment of Leasehold Interest, and acknowledged that she executed the same for the purposes therein contained.

~~IN WITNESS WHEREOF~~ I have hereunto set my hand and official seal.

NOTARIAL SEAL
AMY L KYRIAZIS
Notary Public
DUNMORE BOROUGH, LACKAWANNA COUNTY
My Commission Expires Jun 20, 2015

_____
Notary Public

Address of Assignees Certified to be:
421 Foote Street Dunmore, PA 18512

I hereby CERTIFY that the document is recorded in the Recorder's Office of Wayne County, Pennsylvania

_____
Attorney for Assignees
Mark S. Conway, Esq.

Ginger Golden
Recorder of Deeds

P:\BROWNING\Wochrle, Walter & Dunst\Assignment of Leasehold Interest.docx

201400001274
Filed for Record in
WAYNE COUNTY, PA
GINGER GOLDEN, RECORDER OF DEEDS
02-20-2014 At 10:03 am.
30 YR LEASE        44.00
STATE TAX        2600.00
LOCAL TAX        2600.00
OR Volume   4681 Page  174 - 178

## ASSIGNMENT OF LEASEHOLD AGREEMENT

THIS AGREEMENT, made and entered into this tenth (10th) day August, 1992, by and between RONALD W. CHRISTIE and MARY E. CHRISTIE, his wife, of 26 Whippoorwill Road, Budd Lake, New Jersey 07828, hereinafter referred to as the -------------------- --------------------------------------PARTIES OF THE FIRST PART,

A-N-D

WALTER WOEHRLE and DIANE WOEHRLE, his wife, Tenants by the Entirety, of R.R. # 5, Box 5021, Moscow, Pennsylvania 18444, hereinafter referred to as the -------PARTIES OF THE SECOND PART.

WITNESSETH, that the said Parties of the First Part, in consideration of the sum of Eighty Thousand ($80,000.00) and No/100 Dollars, to them in hand paid by the Parties of the Second Part at the time of execution of this Agreement, receipt whereof is hereby acknowledged, and of the covenants hereinafter speci- fied, to be fully kept and performed by the Parties of the Second Part, do hereby assign, grant, transfer and convey unto said Parties of the Second Part, their heirs and assigns, all right, title and interest in and to the remainder and balance of a Nine Hundred, Ninety-nine (999) year Lease of those certain pieces and parcels of land lying, situate and being in the Township of Lake, County of Wayne and State of Pennsylvania, more particularly bounded and described as follows:

1

BEGINNING at a stake 50 feet from the West shore of Lake Ariel and on line of lands now or formerly of Robert Michaels; thence, along lands of said Robert Michaels North 41 degrees 55 minutes West 150 feet to a stake; thence, along lands now or formerly of F. E. Bortree Land Co., South 76 degrees one minute West 41.9 feet to a stake corner; thence, along lands now or formerly of John B. Manger et Ux. South 40 degrees 40 minutes East 81.7 feet to a stake for a corner; thence, continuing along said lands now or formerly of John B. Manger et Ux. South 32 degrees 36 minutes East 64.8 feet to a stake for a corner; thence, along the West side of a private road or drive, and 50 feet from the shore of said Lake, North 74 degrees one minute East 55 feet to the place of BEGINNING. Containing 6,000 square feet of land, be the same more or less, all as is more particularly depicted on that certain survey map of same prepared by George E. Ferris, R.S. on August 2, 1971 and recorded in Wayne County Map Book 16 at page 136, designated as Lot No. 182 on which is located a frame, residential dwelling and incidental dock within the waters of Lake Ariel.

BEING the same piece or parcel of land that F. E. Bortree Land Co., by Lease dated July 29, 1952 and recorded in Wayne County Deed Book 185 at page 287, demised and let unto Bernard J. Golden and Mary M. Golden, his wife. Thereafter, the said Mary M. Golden died on June 7, 1965, a resident of Lackawanna County, Pennsylvania as evidenced by her Estate File No. 687-1965, whereupon Bernard J. Golden succeeded to the said Leasehold Estate in its entirety by opoeration of law. Bernard J. Golden, Widower, by Lease dated August 27, 1969 and recorded in Wayne County Deed Book 251 at page 602 assigned his interest therein to John B. Manger and Kathryn M. Manger, his wife, as by reference thereto will more fully and at large appear.

ALSO BEING all the residue, remainder and balance of those certain leasehold premises that F. E. Bortree Land Company, by Lease dated July 29, 1952, and recorded in Wayne County Deed Book 193 at page 82, granted and conveyed unto John B. Manger and Kathryn M. Manger, his wife, as by reference thereto will more fully and at large appear.

AND BEING the same lands and premises which John B. Manger and Kathryn M. Manger, his wife, by their certain "Assignment of Leasehold Agreement" dated November 14, 1980 and recorded in Wayne County Deed Book 375 at Page 1145 et seq, assigned, granted, transferred and conveyed unto Ronald W. Christie and Mary E. Christie, his wife, Parties of the First Part herein.

TOGETHER with the right and privilege at any and all times hereafter during the term of this Lease of free access, ingress and regress from the lands hereby leased to the margin of said

2

Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of the said Lake.

It being distinctly understood and agreed by and between the Paties hereto that no fence, buildings or other obstructions of any kind shall be erected or placed upon said strip of land lying between the lot hereby leased and the margin of said Lake to intercept or impede free passage across the same or any part thereof.

Said Parties of the Second Part shall during the remaining term of this Lease, for the consideration herein named, have the right to fish in the waters of said Lake Ariel, but nothing herein contained shall give the Parties of the Second Part a right to fish out of season or in violation of the Fish And Game Laws for the Commonwealth of Pennsylvania.

The Parties of the Second Part shall also during the term of this Lease, for the consideration herein named, have the right to own and use upon the waters of said Lake Ariel two row boats, one sailboat, and one launch for their own use and for the use of members of their family and guests, but in no case shall the Parties of the Second Part use or permit their boat or boats to be used by any person or persons except themselves and members of their family and guests, and in the absence of themselves, and all members of their family, no person shall have the right to use their boat or boats on the waters of said Lake.

TOGETHER ALSO with the right to erect on the margin of

3

said Lake in front of the premises hereby leased, but so as not to obstruct in any way the full width of the fifty (50) feet passage or street above mentioned, a boat-house of neat and suitable design to be used only by the Parties of the Second Part for their benefit and the benefit of members of their family and their guests, and in no way and at no time for rent or hire.

IN ADDITION to the right of passage to and from the Lake across the land in front of the premises herein described and leased, the Parties of the Second Part shall have the right to use all roads and streets laid out and opened by the said Parties of the First Part, or their predecessors in title, about said Lake in common with other lot-holders having similar privileges.

IT IS AGREED and expressly stipulated by the Parties of the Second Part hereto that the land hereby demised shall be used only for the purpose of having one private residence thereon for the use of one family, and that it shall not be used for a hotel, boarding house or any business purpose whatsoever.

It is also agreed by the Parties of the Second Part hereto that no venous, spiritous or malt liquors shall be sold or kept for sale on the said premises during the term of this Lease.

IN CONSIDERATION of the rights and privileges above mentioned and granted, and of boating and fishing upon said Lake, Parties of the Second Part, in addition to the consideration hereinbefore mentioned, agree to pay to thew F. E. Bortree Land Co., or its successors in title, the sum of Fifteen ($15.00) Dollars per year, payable on or before the first day of June in

4

each and every year. It is, however, agreed that any rental that remains due and unpaid shall be recoverable only out of the said real estate and the rights and appurtenances hereby demised.

ANY VIOLATION by the Parties of the Second Part of any of the terms of this Agreement, or any use or appropriation of the lands hereby demised for the purpose or purposes other than such as are mentioned and agreed upon in said contract, shall work immediate forfeiture of this Agreement of Lease, and proof or proofs of such violation being fully sustained in an action of ejectment or other appropriate action at law, it will be lawful for the said Party of the First Part to retake possession of the premises hereby demised, and own, control and use the same in the same manner as if this Agreement of Lease had never been entered into.

All and singular the covenants and agreements herein mentioned shall be binding upon and inure to the benefit of the Parties hereto and their heirs, administrators and assigns, as fully as if they were in every instance herein named.

Parties of the First Part will warrant SPECIALLY the property and premises hereinabove described as demised and assigned to Second Parties herein.

IN WITNESS WHEREOF, the Parties of the First Part have caused this Instrument to be executed, and the Parties of the Second Part have signed this instrument and affixed their seals the day and year first above written.

5

BOOK 0710 PAGE 0065

WITNESSES:

Ronald W. Christie

Mary E. Christie

Walter Woehrle

Diane Woehrle

Commonwealth of Pennsylvania:
County of _LACKAWANNA_ :SS.

PAID
LOCAL REALTY TRANSFER TAX

On this, the tenth (10th) day of August A.D. 1992, before
me, the undersigned Officer, there personally appeared Ronald W.
Christie and Mary E. Christie, his wife, Parties of the First
Part, and Walter Woehrle and Diane Woehrle, his wife, Parties of
the Second Part, known to me (or satisfactorily proven) to be the
persons whose names are subscribed to the foregoing Assignment Of
Leasehold Agreement, and acknowledged that they executed the same
for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official
seal.

ADDRESS OF
GRANTEE CERTIFIED
TO BE:
R.R. #5
Box 5021
Moscow PA. 18444

NOTARIAL SEAL
MARIE SOSSONG, Notary Public
Moscow Borough Lackawanna County
My Commission Expires JULY 8, 1995

007504

ENTERED FOR RECORD
RECORDERS OFFICE

Aug 11  12 09 PM '92

WAYNE COUNTY, PA. 800 —
19.50
FEES ........ STAMPS 800 —

**PAID**
LOCAL REALTY TRANSFER TAX
00
$ 800 —  DATE 8-11-92
BY Ginger Golden
COLLECTOR

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF REVENUE

REALTY
TRANSFER AUG11'92   800.00
TAX
RB.11351

Commonwealth of Pennsylvania } ss.
County of Wayne

Recorded in the office for Recording of Deeds in
and for the County of Wayne, in Record
book No. 710   Page 59   Given
under my hand and seal of Office this
11th   day of   August   A.D. 19 92

Ginger Golden
Recorder



BOOK 0710 PAGE 0065

ENTERED FOR RECORD
RECORDERS OFFICE

AUG 27  2 47 PM '69

WAYNE COUNTY, PA.

FEE $/0.50 STAMPS _____

REC'D. PAYMENT _____ EP

L. BYRON DAVIS

L E A S E

THIS AGREEMENT, made and entered into this 27th day of August, 1969, BY AND BETWEEN BERNARD F. GOLDEN, Lake Ariel, Wayne County, Pennsylvania, Party of the first part,

A N D

JOHN B. MANGER AND KATHRYN M. MANGER, husband and wife as tenants by the entireties, of Fern Lane, Elmhurst, Pennsylvania, Parties of the second part.

WITNESSETH, that the said party of the first part, in consideration of the sum of One and 00/100 ($1.00) dollar to it in hand paid by the parties of the second part, at the time of the execution of this agreement, receipt whereof is hereby acknowledged, and of the covenants hereinafter specified to be fully kept and performed by the parties of the second part, does hereby let, lease and demise unto the parties of the second part, for the term of nine hundred and ninety-nine (999) years, the following described real estate situate in the Township of Lake, County of Wayne and Commonwealth of Pennsylvania, more particularly bounded and described as follows:

BEGINNING at a stake 50 feet from the west shore of Lake Ariel and on line of lands of Robert Michaels, thence along lands of said Robert Michaels North 41 degrees 55 minutes West 150 feet to a stake, thence along lands of F. E. Bortree Land Co. South 76 degrees one minute West 41.9 feet to a stake corner, thence along lands of B. J. Manger South 40 degrees 40 minutes East 150 feet to a stake for a corner, thence along the west side of road and 50 feet from the shore of said lake North 74 degrees one minute East 45 feet to the place of beginning. Containing 6,000 square feet of land, be the same more or less.

TOGETHER with the right and privilege at any and all times hereafter during the term of this Lease, of free access, ingress and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of the said lake.

It being distinctly understood and agreed by and between the parties hereto that no fence, buildings or other obstructions of any kind shall be erected or placed upon said strip of land lying between the lot hereby leased and the margin of said Lake to intercept or impede free passage across the same or any part thereof.

Said parties of the second part shall during the term of this Lease, for the consideration herein named, have the right to fish in the waters of said Lake Ariel, but nothing herein contained shall give the parties of the second part a right to fish out of season or in violation of this fish and game laws of the Commonwealth. And the said parties of the second part are hereby expressly prohibited from catching fish of any kind or description from the waters of said lake between the first day of November and the first day of June in each and every year.

The parties of the second part shall also during the term of this lease, for the consideration herein named, have the right to own and use upon the waters of said Lake two row boats, one sailboat and one launch, for his own use and for the use of members of his family and guests, but in no case shall the parties of the second part use or permit his boat or boats to be used by any person or persons except himself and members of his family and guests, and in the absence of himself, and all the members of his family, no person shall have the right to use his boat or boats on the waters of said lake.

TOGETHER with the right to erect on the margin of said Lake in front of the premises hereby leased; but so as not to obstruct

X

in any way the full width of the fifty (50) feet passageway or street above
mentioned, a boat-house of neat and suitable design to be used only by the
parties of the second part for his benefit and the benefit of members of his
family and his guests and in no way and at no time for rent or hire.

IN ADDITION to the right of passage to and from the Lake across
the land in front of the premises herein described and leased, the parties
of the second part shall have the right to use all roads and streets laid
out and opened by the said party of the first part, or its predecessors
in title, about said Lake in common with other lot-holders having similar
privileges.

IT IS AGREED and expressly stipulated by the parties of the second
part hereto that the land hereby demised shall be used only for the purpose
of having one private residence thereon for the use of one family, and that
it shall not be used for a hotel, boarding house or any business purpose
whatsoever.

IT IS also agreed by the parties of the second part hereto that no
venous, spiritous or malt liquors shall be sold or kept for sale on the said
premises during the term of this lease.

IN CONSIDERATION of the rights and privileges above mentioned and
granted and of boating and fishing upon said lake, that parties of the
second part in addition to the consideration herein before mentioned,
agree to pay to the party of the first part the sum of Fifteen ($15.00) D
Dollars per year, payable on or before the first day of June in each and
every year. It is, however, agreed that any rental that remains due and
unpaid shall be recoverable only out of the said real estate and the rights
and appurtenances hereby demised.

ANY VIOLATION of the parties of the second part of any of the
terms of this Agreement, or any use or appropriation of the lands hereby
demised for the purpose or purposes other than such as are mentioned and
agreed upon in said contract, shall work immediate forfeiture of this
Agreement of lease, and proof or proofs

3

of such violation being fully sustained in an action of ejectment or other appropriate action at law, it will be lawful for the said party of the first part to retake possession of the premises hereby demised, and own, control and use the same in the same manner as if this Agreement of Lease had never been entered into.

All and singular the covenants and agreements herein mentioned shall be binding upon and inure to the benefit of the parties hereto and their heirs, administrators and assigns, as fully as if they were in every instance herein named.

IN WITNESS WHEREOF, the party of the first part has caused this instrument to be executed, and the parties of the second part have signed this instrument and affixed their seals the day and year first above written.

J.
BERNARD F. GOLDEN (First Party)

By *Bernard J Golden*

*John B Manger*
John B. Manger

*Kathryn M. Manger*
Kathryn M. Manger

WITNESS:

_____

_____

BOOK **251** PAGE **608**

COMMONWEALTH OF PENNSYLVANIA:
                              SS
COUNTY OF WAYNE              :

        On this, the _37th_ day of _August_
19_69_ before me _____A Notary Public_____
the undersigned officer, personally appeared_____
_____Barnard X. Golden_____
known to me (or satisfactorily proven) to be the person whose
name is subscribed to the within instrument, and acknowledged
that_____He_____
executed the same for the purposes therein contained.

        In Witness Whereof, I hereunto set my hand and of-
ficial seal.

ROBERT PILLO
SPRINGDALE BOROUGH, WAYNE CO., PA.,
My Commission Expires July 5, 1973.

                                 Notary Public

My commission expires_____

Commonwealth of Pennsylvania }
    County of Wayne            } ss.

Recorded in the office for Recording of Deeds in
and for the County of Wayne, in _Deed_
book No. _251_ Page _602_ Given
under my hand and seal of Office this

_22th_ day of _Aug_ A D 19 _69_

                           Recorder

## ASSIGNMENT OF LEASEHOLD AGREEMENT

THIS AGREEMENT, made and entered into this 14th day of November, 1980, by and between JOHN B. MANGER and KATHRYN M. MANGER, his wife, of Fern Lane, Elmhurst, Pennsylvania, hereinafter referred to as --------------PARTIES OF THE FIRST PART,

### A-N-D

RONALD W. CHRISTIE and MARY E. CHRISTIE, his wife, as Tenants by the Entireties, of 26 Whippoorwill Road, Budd Lake, New Jersey, 07828, hereinafter referred to as------------------------------------------------------PARTIES OF THE SECOND PART

WITNESSETH, that the said Parties of the First Part, in consideration of the sum of One and 00/100 ($1.00) Dollar, to them in hand paid by the Parties of the Second Part at the time of execution of this Agreement, receipt whereof is hereby acknowledged, and of the covenants hereinafter specified, to be fully kept and performed by the Parties of the Second Part, do hereby assign, grant, transfer and convey unto said Parties of the Second Part, their heirs and assigns, all right, title and interest in and to the remainder and balance of a Nine Hundred, Ninety-nine (999) year Lease of those certain pieces and parcels of land lying, situate and being in the Township of Lake, County of Wayne and State of Pennsylvania, more particularly bounded and described as follows:

BEGINNING at a stake 50 feet from the West shore of Lake

Ariel and on line of lands now or formerly of Robert Michaels; thence, along lands of said Robert Michaels North 41 degrees 55 minutes West 150 feet to a stake; thence along lands now or formerly of F. E. Bortree Land Co., South 76 degrees one minute West 41.9 feet to a stake corner; thence, along lands now or formerly of John B. Manger et Ux. South 40 degrees 40 minutes East 81.7 feet to a stake for a corner; thence, continuing along said lands now or formerly of John B. Manger et Ux. South 32 degrees 36 minutes East 146.5 feet to a stake for a corner; thence, along the West side of a private road or drive, and 50 feet from the shore of said Lake North 74 degrees one minute East 55 feet to the place of BEGINNING. Containing 6,000 square feet of land, be the same more or less, all as is more particularly depicted on that certain survey map of same prepared by George E. Ferris, R. S. on August 2, 1971 and recorded in Wayne County Map Book 16 at page 136, designated as Lot No. 182 on which is located a frame, residential dwelling and incidental dock within the waters of Lake Ariel.

BEING the same piece or parcel of land that F. E. Bortree Land Co. by Lease dated July 29, 1952 and recorded in Wayne County Deed Book 185 at page 287 demised and let unto Bernard J. Golden and Mary M. Golden, his wife. Thereafter, the said Mary M. Golden died on June 7, 1965, a resident of Lackawanna County, Pennsylvania as evidenced by her Estate File No. 687-1965, whereupon Bernard J. Golden succeeded to the said Leasehold Estate in its entirety by operation of law. Bernard J. Golden, Widower, by Lease dated August 27, 1969 and recorded in Wayne County

-2-

Deed Book 251 at page 602 assigned his interest therein to John

B. Manger and Kathryn M. Manger, his wife, Parties of the First

Part above mentioned as by reference thereto will more fully

and at large appear.

ALSO BEING all the residue, remainder and balance of

those certain leasehold premises that F. E. Bortree Land Company,

by Lease dated July 29, 1952 and recorded in Wayne County Deed

Book 193 at page 82 granted and conveyed unto John B. Manger

and Kathryn M. Manger, his wife, Parties of the First Part.

TOGETHER with the right and privilege at any and all

times hereafter during the term of this Lease, of free access,

ingress and egress from the lands hereby leased to the margin

of said Lake Ariel and vice versa, across and upon the strip

of land fifty (50) feet in width lying between the lot of land

hereby leased and the margin of the said Lake.

It being distinctly understood and agreed by and be-

tween the Parties hereto that no fence, buildings or other ob-

structions of any kind shall be erected or placed upon said

strip of land lying between the lot hereby leased and the margin

of said Lake to intercept or impede free passage across the

same or any part thereof.

Said Parties of the Second Part shall during the term

of this Lease, for the consideration herein named, have the

right to fish in the waters of said Lake Ariel, but nothing

herein contained shall give the Parties of the Second Part a

-3-

right to fish out of season or in violation of this fish and game laws of the Commonwealth. And the said Parties of the Second Part are hereby expressly prohibited from catching fish of any kind or description from the waters of said Lake between the first day of November and the first day of June in each and every year.

The Parties of the Second Part shall also during the term of this Lease, for the consideration herein named, have the right to own and use upon the waters of said Lake two row boats, one sailboat and one launch, for his own use and for the use of members of his family and guests, but in no case shall the Parties of the Second Part use or permit his boat or boats to be used by any person or persons except himself and members of his family and guests, and in the absence of himself, and all the members of his family, no person shall have the right to use his boat or boats on the waters of said Lake.

TOGETHER with the right to erect on the margin of said Lake in front of the premises hereby leased, but so as not to obstruct in any way the full width of the fifty (50) feet passageway or street above mentioned, a boat-house of neat and suitable design to be used only by the Parties of the Second Part for his benefit and the benefit of members of his family and his guests and in no way and at no time for rent or hire.

IN ADDITION to the right of passage to and from the Lake across the land in front of the premises herein described

-4-

and leased, the Parties of the Second Part shall have the right to use all roads and streets laid out and opened by the said Party of the First Part, or their predecessors in title, about said Lake in common with other lot-holders having similar privileges.

IT IS AGREED and expressly stipulated by the Parties of the Second Part hereto that the land hereby demised shall be used only for the purpose of having one private residence thereon for the use of one family, and that it shall not be used for a hotel, boarding house or any business purpose whatsoever.

IT IS also agreed by the Parties of the Second Part hereto that no venous, spiritous or malt liquors shall be sold or kept for sale on the said premises during the term of this Lease.

IN CONSIDERATION of the rights and privileges above mentioned and granted and of boating and fishing upon said Lake, that Parties of the Second Part in addition to the consideration hereinbefore mentioned, agree to pay to the F. E. Bortree Land Co., or its successors in title, the sum of Fifteen ($15.00) Dollars per year, payable on or before the first day of June in each and every year. It is, however, agreed that any rental that remains due and unpaid shall be recoverable only out of the said real estate and the rights and appurtenances hereby demised.

ANY VIOLATION of the Parties of the Second Part of any of the terms of this Agreement, or any use or appropriation of

-5-

the lands hereby demised for the purpose or purposes other than such as are mentioned and agreed upon in said contract, shall work immediate forfeiture of this Agreement of Lease, and proof or proofs of such violation being fully sustained in an action of ejectment or other appropriate action at law, it will be lawful for the said Party of the First Part to retake possession of the premises hereby demised, and own, control and use the same in the same manner as if this Agreement of Lease had never been entered into.

All and singular the covenants and agreements herein mentioned shall be binding upon and inure to the benefit of the Parties hereto and their heirs, administrators and assigns, as fully as if they were in every instance herein named.

Parties of the First Part will warrant SPECIALLY the property and premises hereinabove described as demised and assigned to Second Parties herein.

IN WITNESS WHEREOF, the Parties of the First Part have caused this instrument to be executed, and the Parties of the Second Part have signed this instrument and affixed their seals the day and year first above written.

WITNESS:

_Cynthia L. Matthews_

_Barry E. Nash_

_John B. Manger_
John B. Manger

_Kathryn M. Manger_
Kathryn M. Manger

_Ronald W. Christie_
Ronald W. Christie

_Mary E. Christie_
Mary E. Christie

-6-

## AFFIDAVIT

Commonwealth of Pennsylvania :

                            SS.

County of Wayne        :

      On this, the 14th day of November, A. D. 1980, before me, a Notary Public, the undersigned Officer, personally appeared John B. Manger and Kathryn M. Manger, his wife, Parties of the First Part, and Ronald W. Christie and Mary E. Christie, his wife, Parties of the Second Part, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within Assignment of Leasehold Agreement, and acknowledged that they executed the same for the purposes therein contained.

      IN WITNESS WHEREOF, I hereunto set my hand and official seal.

                                  _Donna M. Herwood_

                                  _Notary Public_

DONNA M. HERWOOD, NOTARY PUBLIC
LAKE TWP., WAYNE COUNTY
MY COMMISSION EXPIRES MAR. 19, 1984
Member, Pennsylvania Association of Notaries

JOHN B. MANGER and
KATHRYN M. MANGER, his wife,

TO

RONALD W. CHRISTIE and
MARY E. CHRISTIE, his wife

ASSIGNMENT OF
LEASEHOLD AGREEMENT

BARRY L. MACK
ATTORNEY AND COUNSELOR - AT - LAW
P.O. BOX 98, MAIN STREET
LAKE ARIEL, PA. 18436
717-698-6095

Reynolds Bros. Stationers · Scranton, Pa.

ENTERED FOR RECORD IN
RECORDER'S OFFICE
Nov 14 3 50 PH '80
WAYNE COUNTY, PA.
FEES $10.95 STAMPS

Commonwealth of Pennsylvania ss.
County of Wayne

Recorded in the office for Recording of Deeds in
and for the County of Wayne, in ___Deed___
book No.___375___ Page ___1145___ Given
under my hand and seal of Office this ___

___14th___ day of ___Nov.___ A. D. 19 80

Lou K. Keen
Recorder

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

<div align="right">Katherine M. Firmstone (SEAL)<br>
Honesdale, Penna.<br>
My comm.Exp. Jan.30,1959</div>

STATE OF PENNSYLVANIA :
                        SS
COUNTY OF NORTHAMPTON :

On this, the 11th. day of June, A.D. 1956, before me, a Notary Public, in and for the State & County aforesaid, the undersigned officer personally appeared James L.Shearer and Ruth M.Shearer known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

<div align="right">Katherine L. Vannatta (SEAL)<br>
My comm.Exp. Mar.24,1959<br>
City of Bethlehem, Northampton Co.</div>

I Hereby Certify that the precise residences and precise residence addresses of the first and second parties herein are as follows: As stated in the contract

----------

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed book 193 page 79.Witness my hand and seal this 15th. day of June, A.D. 1956, at 3:23 ¼.M.

<div align="right">Fred B. Trumm, Recorder (SEAL)</div>

F. E. BORTREE LAND COMPANY  :         LEASE

               TO           :    THIS AGREEMENT, made and entered into this 29th. day

JOHN B. MANGER, ET UX.      :    of July 1952, by and Between the F.E.Bortree Land Company, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania having its principal office at Lake Ariel, Wayne County, Pennsylvania, Party of the first part, AND John B. Manger and Kathryn M. Manger, husband and wife,as tenants by the entireties, of 714 Prescott Avenue, Scranton, Pennsylvania, Parties of the second part,

WITNESSETH, That the said party of the first part, in consideration of the sum of One and 00/100 dollar, to it in hand paid by the parties of the second part, at the time of the execution of this Agreement, receipt whereof is hereby acknowledged, and of the covenants, hereinafter specified to be fully kept and performed by the parties of the second part, does hereby let, lease and demise unto the parties of the second part, for the term of nine hundred ninety-nine (999) years, the following described real estate situate in the Township of Lake, County of Wayne and Commonwealth of Pennsylvania, more particularly bounded and described as follows:

BEGINNING at a corner of Robert Michaels land marked by an iron pin and fifty (50) feet from the shore of Lake Ariel; thence along the lot of Robert Michael North forty-one (41) degrees fifty-five (55) minutes West one hundred fifty (150) feet to a stake corner thence South seventy-six (76) degrees thirty-six (36) minutes West 41.875 feet; thence South approximately forty (40) degrees East one hundred fifty (150) feet to a corner; thence North seventy-four (74) degrees one (1) minutes East forty-five (45) feet to the place of beginning. CONTAINING five thousand seven hundred seventy-five (5,775) square feet of land, be the same more or less.

TOGETHER with the right and privilege at any and all times hereafter during the term of this Lease, of free access, ingress and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of the said lake.

It being distinctly understood and agreed by and between the parties hereto that no fence, buildings or other obstructions of any kind shall be erected or placed upon the said strip of land lying between the lot hereby leased and the margin of said Lake to intercept or impede free passage across the same or any part thereof.

Said parties of the second part shall during the term of this Lease, for the consideration herein named, have the right to fish in the waters of said Lake Ariel, but nothing herein contained shall give the parties of the second part a right to fish out of season or violation of this fish and game laws of the Commonwealth. And the said parties of the second part are hereby expressly prohibited from catching fish of any kind or description from the waters of said Lake between the first day of November and the first day of June, in each and every year.

THE parties of the second part shall also during the term of this lease, for the consideration herein named, have the right to own and use upon the waters of said Lake two row boats, one sailboat and one launch, for his own use and for the use of members of his family and guests, but in no case shall the parties of the second part use or permit his boat or boats to be used by any person or persons except himself and members of his family and guests, and in the absence of himself, and all the members of his family no person should have the right to use his boat or boats on the waters of said Lake.

TOGETHER with the right to erect on the margin of said Lake in front of the premises hereby leased; but so as not to obstruct in any way full width of the fifty (50) feet passageway or street above mentioned, a boat-house of neat and suitable design to be used only by the parties of the second part for his benefit and the benefit of members of his family and his guests and in no case and at no time for rent or hire.

IN ADDITION to the right of passage to and from the Lake across the land in front of the premises herein described and leased, the parties of the second part shall have the right to use all roads and streets laid out and opened by the said party of the first part, or its predecessors in title, about said Lake in common with other lot-holders having similar privileges.

IT IS AGREED and expressly stipulated by the parties of the second part hereto that the land hereby demised shall be used only for the purpose of having one private residence thereon for the use of one family, and that it shall not be used for a hotel, boarding house or any business purpose whatsoever.

IT IS ALSO agreed by the parties of the second part hereto that no venous, spiritous or malt liquors shall be sold or kept for sale on the said premises during the term of this lease.

IN CONSIDERATION of the rights and privileges above mentioned and granted and of boating and fishing upon said lake, the parties of the second part in addition to the consideration hereinbefore mentioned, agree to pay to the party of the first part the sum of Fifteen ($15.00) Dollars per year, payable on or before the first day of June in each and every year. It is, however, agreed that any rental that remains due and unpaid shall be recoverable only out of the said real estate and the rights and appurtenances here by demised.

ANY VIOLATION of the parties of the second part of any of the terms of this Agreement, or any use or appropriation of the lands hereby demised for the purpose or purposes other than such as are mentioned and agreed upon in said contract, shall work an immediate forfeiture of this Agreement of Lease, and proof or proofs of such violation being fully sustained in an action of ejectment or other appropriate action at law, it will be lawful for the said party of the first part to retake possession of the premises hereby demised, and own, control and use the same in the same manner as if this Agreement of Lease had never been entered into.

ALL and singular the covenants and agreements herein mentioned shall be binding upon and inure to the benefit of the parites hereto and their heirs, administrators and assigns, as

fully as if they were in every instance herein named.

IN WITNESS WHEREOF, the party of the first part has caused this instrument to be executed by its President and its seal duly attested by its Secretary hereto affixed and the parties of the second part have signed this instrument and affixed their seals the day and year first above written.

ATTEST:                               F. E. BORTREE LAND COMPANY   (SEAL)

Jean Derby, Secretary                 BY.  J. Burton Derby,  President.


Witness:

Mary A. Maloney                       John B.  Manger,  (Second Party)(SEAL)

                                      KATHRYN M. MANGER(SECOND PARTY) SEAL)
Mary Golden

COMMONWEALTH OF PENNSYLVANIA  :
                                SS
COUNTY OF WAYNE              :

On this, 8  day of May, A.D. 1954, Before me, the subscriber, a Notary Public, in and for the above Commonwealth and County, personally appeared F. Burton Derby, President of the said F.E.Bortree Land Company, who being duly sworn according to law, says that he was duly sworn according to law, says that he was personally present at the execution of the above Indenture and saw the common seal of the said Company duly affixed thereto; that the seal so affixed thereto is the common seal of the said Company; that the above Indenture was duly sealed and delivered by F. Burton Derby, President of the said Company, as and for the act and deed of the said Company, for the purposes therein mentioned and that the names of this deponent as President and of Jean Derby, as Secretary of the said Company, subscribed to the above Indenture in attestation of its due execution and delivery, are of their and each of their respective handwritings.

                    F. Burton Derby.

                    Jean Derby.

Sworn and subscribed to before me, the day and year aforesaid.

                    Katherine M.Firmstone             (SEAL)
                    Honesdale, Penna.
                    My comm. Expires Jan. 30,1955.

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed book 193 page  82. Witness my hand and seal this 15th. day of June, A.D. 1956, at 3:23 P.M.

                    Fred B.  Trumm, Recorder  (SEAL)


C.  B.  TREAT,  UX.   :      THIS DEED, Made the 9th. day of June, in the year of our
        TO            :      Lord one thousand nine hundred and fifty-six.  BETWEEN C. B.
STEPHEN TREAT,  UX.  :      Treat, a/k/a/  C.Bliss Treat and Florence Treat, his wife, of
                    the Township of Paupack, County of Wayne and State of Pennsyl-
vania, GRANTORS,   AND  Stephen Treat and Marjorie Treat, his wife, of the Township of Paupack, County of Wayne and State of Pennsylvania, GRANTEES.   WITNESSETH,  that in consideration of One Dollar ($1.00) and other good and valuable consideration in hand paid, the receipt whereof is hereby acknowledged;  the Grantors do hereby grant and convey to the said Grantees, their Heirs and Assigns.

ALL  that certain piece or parcel of  land lying, situate and being in the Township of Paupack, County of Wayne and State of Pennsylvania, designated as lot No. lo and bounded and described as follows according to Map of Lake  Florence lots filed in the Office of the Recorder of Deeds of Waye County in Map Book No. 3, at page 75.

F. E. BORTREE LAND COMPANY :                  LEASE

    TO               :  THIS AGREEMENT, made and entered into this 29th day of July,

BERNARD J. GOLDEN ET UX.   :  1952, BY AND BETWEEN the F. E. BORTREE LAND COMPANY, a corpo-

ration organized and existing under the laws of the Commonwealth of Pennsylvania, having

its principal office at Lake Ariel, Wayne County, Pennsylvania, party of the first part,

and BERNARD J. GOLDEN and MARY M. GOLDEN, husband and wife as tenants by the entireties,

of 1914 Greenridge Street, Dunmore, Pennsylvania, Parties of the second part,

    WITNESSETH, that the said party of the first part, in consideration of the sum of One

and 00/100 ($1.00) dollar to it in hand paid by the parties of the second part, at the time

of the execution of this agreement, receipt whereof is hereby acknowledged, and of the cov-

enants hereinafter specified to be fully kept and performed by the parties of the second

part, does hereby let, lease and demise unto the parties of the second part, for the term

of nine hundred and ninety-nine (999) years, the following described real estate situate in

the Township of Lake, County of Wayne and Commonwealth of Pennsylvania, more particularly

bounded and described as follows:

    BEGINNING at a stake 50 feet from the west shore of Lake Ariel and on line of lands of

Robert Michaels, thence along lands of said Robert Michaels North 41 degrees 55 minutes West

150 feet to a stake, thence along lands of F. E. Bortree Land Co. South 76 degrees one minute

West 41.9 feet to a stake corner, thence along lands of B. J. Manger South 40 degrees 40

minutes East 150 feet to a stake for a corner, thence along the west side of road and 50

feet from the shore of said lake North 74 degrees one minute East 45 feet to the place of

beginning. Containing 6,000 square feet of land, be the same more or less.

    TOGETHER with the right and privilege at any and all times hereafter during the term

of this Lease, of free access, ingress, and egress from the lands hereby leased to the margin

of said Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in

width lying between the lot of land hereby leased and the margin of the said lake.

    It being distinctly understood and agreed by and between the parties hereto that no

fence, buildings or other obstructions of any kind shall be erected or placed upon said strip

of land lying between the lot hereby leased and the margin of said Lake to intercept or im-

pede free passage across the same or any part thereof.

    Said parties of the second part shall during the term of this Lease, for the considera-

tion herein named, have the right to fish in the waters of said Lake Ariel, but nothing

herein contained shall give the parties of the second part a right to fish out of season or

in violation of this fish and game laws of the Commonwealth. And the said parties of the

second part are hereby expressly prohibited from catching fish of any kind or description

from the waters of said lake between the first day of November and the first day of June in

each and every year.

    The parties of the second part shall also during the term of this lease, for the con-

sideration herein named, have the right to own and use upon the waters of said Lake two row

boats, one sailboat and one launch, for his own use and for the use of members of his family

and guests, but in no case shall the parties of the second part use or permit his boat or

boats to be used by any person or persons except himself and members of his family and guests,

and in the absence of himself, and all the members of his family, no person shall have the

right to use his boat or boats on the waters of said lake.

    TOGETHER with the right to erect on the margin of said Lake in front of the premises

hereby leased; but so as not to obstruct in any way the full width of the fifty (50) feet

passageway or street above mentioned, a boat-house of neat and suitable design to be used

only by the parties of the second part for his benefit and the benefit of members of his

family and his guests and in no way and at no time for rent or hire.

    IN ADDITION to the right of passage to and from the Lake across the land in front of

the premises herein described and leased, the parties of the second part shall have the

AHA 664

right to use all roads and streets laid out and opened by the said party of the first part, or its predecessors in title, about said Lake in common with other lot-holders having similar privileges.

IT IS AGREED and expressly stipulated by the parties of the second part hereto that the land hereby demised shall be used only for the purpose of having one private residence thereon for the use of one family, and that it shall not be used for a hotel, boarding house or any business purpose whatsoever.

IT IS also agreed by the parties of the second part hereto that no venous, spiritous or malt liquors shall be sold or kept for sale on the said premises during the term of this lease.

IN CONSIDERATION of the rights and privileges above mentioned and granted and of boating and fishing upon said lake, the parties of the second part in addition to the consideration herein before mentioned, agree to pay to the party of the first part the sum of Fifteen ($15.00) Dollars per year, payable on or before the first day of June in each and every year. It is, however, agreed that any rental that remains due and unpaid shall be recoverable only out of the said real estate and the rights and appurtenances hereby demised.

ANY VIOLATION of the parties of the second part of any of the terms of this Agreement, or any use or appropriation of the lands hereby demised for the purpose or purposes other than such as are mentioned and agreed upon in said contract, shall work immediate forfeiture of this Agreement of lease, and proof or proofs of such violation being fully sustained in an action of ejectment or other appropriate action at law, it will be lawful for the said party of the first part to retake possession of the premises hereby demised, and own, control and use the same in the same manner as if this Agreement of Lease had never been entered into.

All and singular the covenants and agreements herein mentioned shall be binding upon and inure to the benefit of the parties hereto and their heirs, administrators and assigns, as fully as if they were in every instance herein named.

IN WITNESS WHEREOF, the party of the first part has caused this instrument to be executed by its President and its seal duly attested by its Secretary hereto affixed and the parties of the second part have signed this instrument and affixed their seals the day and year first above written.

ATTEST:                                    F. E. BORTREE LAND COMPANY  (SEAL)
                                           By:
Jeannette E. Rimsa Derby                   F. Burton Derby, President

                                           Bernard J. Golden

WITNESS:                                   Mary M. Golden          (L.S.)
J. Wilson Ames                                  Second Party

COMMONWEALTH OF PENNSYLVANIA :
                             SS
COUNTY OF WAYNE              :

On this 29th day of July A.D., 1952 before me, the subscriber, a Notary Public in and for the above Commonwealth and County, personally appeared F. BURTON DERBY, President of the said F. E. BORTREE LAND COMPANY, who being duly sworn according to law, says that he was personally present at the execution of the above Indenture and saw the common seal of the said Company duly affixed thereto; that the seal so affixed thereto is the common seal of the said Company; that the above Indenture was duly sealed and delivered by F. Burton Derby, President of the said Company, as and for the act and deed of the said Company, for the purposes therein mentioned and that the names of this deponent as President and of Jeannette E. Rimsa Derby as Secretary of the said Company, subscribed to the above Indenture in attestation of its due execution and delivery, are of their and each of their respective handwritings.

                                           F. Burton Derby
                                           Jeannette E. Rimsa Derby

Sworn and subscribed to before

me the day and year aforesaid.

Katherine M. Firmstone (SEAL)
Notary Public
My Commission expires Jan. 30,1955

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed Book No. 185, page 287. Witness my hand and seal this 2nd day of December A.D.1953 at 2:04 P.M.

Fred B. Trumm, Recorder (SEAL)

GERALD T. NOLAN ET UX. : THIS DEED, MADE the Tenth day of November in the year of our

TO : Lord one thousand nine hundred and fifty-three. BETWEEN GERALD

GEORGE S. GREGG ET AL. : T. Nolan and INEZ M. NOLAN, his wife, of the Township of Texas, County of Wayne, and Commonwealth of Pennsylvania, GRANTORS and GEORGE S. GREGG, single and ANNA R. NOLL, single, as joint tenants with full rights of survivorship and not as tenants in common, of the Borough of Honesdale, County of Wayne and Commonwealth of Pennsylvania, GRANTEES

WITNESSETH, that in consideration of One Thousand ($1,000.00) Dollars, in hand paid, the receipt whereof is hereby acknowledged; the Grantors do hereby grant and convey to the said Grantees their Heirs and Assigns,

ALL that certain piece or parcel of land situate, laying and being in the Township of Texas, County of Wayne, and Commonwealth of Pennsylvania, bounded and described as follows:

BEGINNING in the center of the Highway leading from Route 6 to Bethany, at the South-west corner of lot herein conveyed; thence along land of Alberty, South 73 degrees 20 minutes East 119.8 feet; thence along lands of the grantor North 9 degrees 37 minutes East 70 feet to a corner; thence North 73 degrees 30 minutes West 119.8 feet to the center of the above said highway; thence along center of same South 9 degrees 37 minutes West 70 feet to the place of BEGINNING. CONTAINING 8,328 square feet, more or less.

Being the part of the same property which Harry V. Campol by his deed dated September 5, 1945 and recorded in Deed Book Volume 160 at page 265, granted and conveyed to Gerald T. Nolan, et ux., the grantors herein. And being Lot No. 1, of the certain plot of lots as survey by C. E. Ferris, C.E. as set out by Map of said lots which map is recorded in Map Book Volume 3 at page 44.

AND the said Grantors Will Warrant GENERALLY the property hereby conveyed.

IN WITNESS WHEREOF, the Grantors have hereunto set their hands and seals the day and year first above written.

Signed, Sealed and Delivered      Gerald T. Nolan      (SEAL)

in the presence of      Inez M. Nolan      (SEAL)

Stanley C. Matthews

COMMONWEALTH OF PENNSYLVANIA :
                     SS.:
COUNTY OF Wayne :

On this, the 2nd day of December A.D. 1953, before me a Notary Public the undersigned Officer, personally appeared Gerald T. Nolan and Inez M. Nolan, his wife, known to me (or satisfactorily proven) to be the person whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Stanley C. Matthews (SEAL)
Notary Public
My Comm. Exp. April 17, 1955

STATE STAMPS $10.00 cancelled

FEDERAL STAMPS $1.10 cancelled

EXHIBIT "H"

# 12-0-0003-0022.-, Lake, PA

https://landgrid.com/us/pa/wayne/lake/51758



Lat/Long: 41.43971, -75.37838

In: 18436, Census Tract 9610, Lake, Wayne County, Pennsylvania

## Parcel Data Fields

| | | | |
|---|---|---|---|
| **Parcel ID:** | 12-0-0003-0022.- | **Site ID:** | 79 |
| **Owner Name:** | JEFFREY & MARILEE BARONE | **Utility ID:** | 54 |
| | | **Water ID:** | 56 |
| **Site Zip:** | 18436 | **Zone ID:** | 0 |
| **Parcel Use Code:** | 167 | **Fire ID:** | 60 |
| **Parcel Use Description:** | ONE SEASONAL DWELLING | **School ID:** | 0 |
| | | **Neighborhood ID:** | 124 |
| **Land Use Code: Activity:** | 1100.0 | **Land Value 2:** | 86800.0 |
| **Land Use Code Description: Activity:** | Household | **Land Market Value:** | 86800.0 |
| | | **Cost Value:** | 28000.0 |
| **Land Use Code: Function:** | 1000.0 | **Wtd Market Value:** | 130500.0 |
| **Land Use Code Description: Function:** | Residence or accommodation | **Income Value:** | 0.0 |
| **Zoning Code:** | P | **Appraised Improvement:** | 0.0 |
| **Number of Structures on Parcel:** | 1 | **Appraised Aiserv:** | 0.0 |
| **Parcel Value Type:** | TOTAL | **Commercial:** | 0.0 |
| **Improvement Value:** | 28000.0 | **Selected Value:** | 1.0 |
| **Land Value:** | 86800.0 | **School District:** | E |
| **Total Parcel Value:** | 114800.0 | **Home Association:** | 0 |
| **Mailing Address:** | 421 FOOTE ST | **Residental Adjusted Acres:** | 6.0 |
| **Mailing Address City:** | DUNMORE | **Agricultural Use Acres:** | 0.0 |
| **Mailing Address State:** | PA | **Agricultural Residential Acres:** | 0.0 |
| **Mailing Address ZIP Code:** | 18512 | **Forest Residential Acres:** | 0.0 |
| **Book:** | RB 4681 | **Ineligible:** | 0.0 |
| **Page:** | 174 | **Other Cg Acres:** | 0.0 |
| **County-Provided Acres:** | 0.16133523 | **School District 2:** | Western Wayne |
| **Control:** | 041133 | **Calculated Acres:** | 0.16114 |
| **Reason:** | Adjusted to Cartway | **Calculated Parcel Sq Ft:** | 7023 |
| **Privacy:** | 0 | | |
| **Photo Number:** | 6840340 | | |
| **Township Board:** | 120 | | |
| **Taxmap Previous:** | 00030022 | | |

EXHIBIT "I"

I hereby CERTIFY that this document is recorded in the Recorder's Office of Wayne County, Pennsylvania.



*Deborah L. Bates*
Deborah L. Bates
Recorder of Deeds

OR Volume   5825 Page   237 - 243
Filed in WAYNE COUNTY, PA
DEBORAH L BATES, RECORDER OF DEEDS
02-03-2021 At 09:53 am.   Fee:   77.75
202100001006 DEED



# This Deed

This   4th day of December, in the year two thousand twenty (2020),

BETWEEN GENEVIEVE G. SAYLOR, of Conwyn Arms Apartments, 830 Montgomery Avenue #114, Bryn Mawr, Pennsylvania 19010, MATTHEW M. GUTT, of 400 Haverford Avenue, Narberth, Pennsylvania 19072, and ERIK J. GUTT, of 2135 Kreibel Road, Lansdale, Pennsylvania 19446,

<div align="right">

GRANTORS

</div>

and

GENEVIEVE G. SAYLOR, of Conwyn Arms Apartments, 830 Montgomery Avenue #114, Bryn Mawr, Pennsylvania 19010

<div align="right">

GRANTEE

</div>

WITNESSETH, that in consideration of the sum of SIXTY-FOUR THOUSAND ($64,000.00) DOLLARS, lawful money of the United States of America, in hand paid, the receipt whereof is hereby acknowledged, the said Grantors do hereby grant and convey to the said Grantee, her heirs and assigns:

ALL those four pieces or parcels of land, lying, situate, and being in the Township of Lake, County of Wayne, and State of Pennsylvania, more particularly bounded and described as follows:

PARCEL ONE: BEGINNING at a pipe on the easterly side of State Highway Route No. 191 leading from Hamlin to Honesdale Pennsylvania, the said corner being the northwesterly corner of the lands now or formerly of Frederick Moesel; thence along said highway north 20 degrees 19 minutes east 60 feet to a pipe corner; thence south 59 degrees 42 minutes east 126.3 feet to a pipe corner; thence south 15 degrees 30 minutes east 60 feet to a pipe corner; thence along other lands now or formerly of Frederick Moesel north 65 degrees 54 minutes west 159.85 feet to the place of BEGINNING.

CONTAINING 7,290 square feet of land more or less.

BEING the same land which Matthew M. Gutt, Executor of the Estate of Alvin J. Gutt, by deed dated April 20, 2009, and recorded in Wayne County Record Book 3921, page 242,

granted and conveyed to Matthew M. Gutt, Erik J. Gutt, and Genevieve G. Saylor, Grantors herein, as tenants in common.

THIS property is identified as Parcel Number 12-04-11 on the tax maps of Lake Township, Wayne County, Pennsylvania.

PARCEL TWO: ALL of the Grantors' right, title and interest in and to the remaining term of the following described property as set forth in that certain 999 year lease agreement dated July 5, 1966, and recorded in Wayne County Deed Book 233, page 387:

BEGINNING at a stake corner fifty (50) feet from the west shore of Lake Ariel and seventeen and three tenths (17.3) feet south seventy-four (74) degrees west from the west side of a stone pillar at the entrance of the cottages on the west side of the Lake; thence south seventy-four (74) degreed thirty (30 minutes west one hundred fifty (150) feet to a stake; thence south fifteen (15) degrees east sixty (60) feet to a stake; thence north seventy-four (74) degrees thirty (30) minutes east sixty (60) feet to a stake; thence north seventy-four (74) degrees thirty (30) minutes east one hundred fifty (150) feet to a stake; thence north fifteen (15) degrees thirty (30) minutes west sixty (60) feet to the place of BEGINNING.

CONTAINING nine thousand (9,000) square feet of land.

BEING the same land which Matthew M. Gutt, Executor of the Estate of Alvin J. Gutt, by assignment of lease dated March 22, 2010 and recorded in Wayne County Record Book 4073, page 247, assigned to Matthew M. Gutt, Erik J. Gutt and Genevieve G. Saylor, Grantors herein.

THIS property is identified as Parcel Number 12-04-16 on the tax maps of Lake Township, Wayne County, Pennsylvania.

PARCEL THREE: ALL of the Grantors' right, title and interest in and to the remaining term of the following described property as set forth as the first parcel in that certain 999 year lease agreement dated January 20, 1921, and recorded in Wayne County Deed Book 115, page 324:

BEGINNING at the northwesterly corner of a lot of land heretofore leased to the said Mrs. Geo. F. O'Brien, in the easterly margin of the road leading from Lake Ariel to Hamlin; thence along the margin of said road north 25 degrees 22 minutes east 50 feet to a corner in the margin of said road; thence along other lands of said Schadt Estate, south 64 degrees 38 minutes east 150 feet to a corner; thence along other lands of Schadt Estate, south 25 degrees 22 minutes west 50 feet to a corner; and thence by the northerly line of the lot already leased as aforesaid to the said O'Brien, north 64 degrees 38 minutes west 150 feet to place of BEGINNING.

CONTAINING 7,500 square feet, more or less.

IT IS hereby agreed and expressly stipulated that no hotel or public boarding house shall be erected, kept or maintained on the land hereby demised, and that no vinous, spirituous or malt liquors shall be sold or kept for sale on the premises hereby demised during

THIS property is identified as Parcel Number 12-04-09 on the tax maps of Lake Township, Wayne County, Pennsylvania.

PARCEL FOUR: ALL of the Grantors' right, title and interest in and to the remaining term of the following described property as set forth in that certain 999 year lease agreement dated August 29, 1952, and recorded in Wayne County Deed Book 182, page 174:

BEGINNING at a stake corner in stone wall, the northwest corner of F.C. Moesel's lot and on the east side of highway; thence along the highway north twenty-three (23) degrees forty-six (46) minutes east thirty (30) feet to stake and stones; thence along the Grantor, south sixty-five (65) degrees fifty-four (54) minutes east one hundred and fifty-nine and eighty-five one hundredths (159.85) feet to stake and stones and north seventy-four (74) degrees thirty (30) minutes east one hundred and fifty (150) feet to stake and stones fifty (50) feet more or less from the west shore of Lake Ariel; thence along the shore, south fifteen (15) degrees thirty (30) minutes east sixty (60) feet to stake and stones; thence south seventy-four (74) degrees thirty (30) minutes west one hundred and fifty (150) feet; thence south seventy-nine (79) degrees twenty (20) minutes west fifty-seven and eighty-four one hundredths (57.84) feet to stake and stones; thence along lot of F.C. Moesel north twenty-three (23) degrees forty-six (46) minutes east fifty (50) feet and north sixty-six (66) degrees fourteen (14) minutes west one hundred and fifty (150) feet to the place of BEGINNING.

CONTAINING 15,660 square feet.

TOGETHER WITH the right and privilege at any and all times hereafter during the term of this lease of free access, ingress and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa; across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of said lake.

IT BEING distinctly understood and agreed by and between the parties hereto that no fence, buildings or other obstructions of any kind shall be erected or placed upon said strip of land lying between the lot hereby leased and the margin of said lake to intercept or impede free passage across the same or any part thereof.

SAID party of the second part, shall during the terms of this lease, for the consideration herein named have the right to fish in the waters of said Lake Ariel, but nothing herein contained shall give the parties of the second part a right to fish out of season or in violation of the fish and game laws of the Commonwealth. And said party of the second part is hereby expressly prohibited from catching fish of any kind or description from the waters of said lake between the first day of November and the first day of June in each and every year.

TOGETHER WITH the right to erect on the margin of said lake in front of the premises hereby leased; but so as not to obstruct in any way the full width of the fifty (50) feet passageway or street above mentioned, a boat-house of neat and suitable design to be used only by the parties of the second part for their benefit and the benefit of members of their family and their guests and in no case and at no time for rent or hire.

IN ADDITION to the right of passage to and from the lake across land in front of the premises herein described and leased, the party of the second part shall have the right to use all roads and streets laid out and opened by the said parties of the first part, or its predecessors in title, about said lake in common with other lot-holders having similar privileges.

IN CONSIDERATION of the rights and privileges above mentioned and granted and of boating and fishing upon said lake, the party of the second part in addition to the consideration hereinbefore mentioned agree to pay to the parties of the first part the sum of fifteen and 00/100 ($15.00) dollars per year, payable on or before the first day of June in each and every year. It is, however, agreed that any rental that remains due and unpaid shall be recoverable only out of said real estate and the rights and appurtenances hereby demised.

THIS property is identified as Parcel Number 12-04-10 on the tax maps of Lake Township, Wayne County, Pennsylvania.

PARCELS THREE and FOUR were acquired by the Grantors herein by deed from Louisa M. Gutt, et vir, dated September 8, 1993, and recorded in Wayne County Record Book 860, page 309 (an undivided one-half interest) and deed from Pamela J. Weppner, individually and as Executrix of the Estate of Mary Moesel, a/k/a Margaret Mary Moesel, dated April 20, 2017, and recorded in Wayne County Record Book 5166, page 03 (an undivided one-half interest).

SUBJECT TO right of way for public highway purposes of any public road lying within the description of the premises herein described and for public utility easements appearing of record or which an inspection of the premises would disclose.

THIS transfer is not subject to realty transfer tax. Grantor and Grantee Genevieve G. Saylor is one and the same person. She and the other Grantors, Matthew M. Gutt and Erik J. Gutt are siblings.

HAZARDOUS WASTE is not being disposed of nor has it ever been disposed of on the property conveyed herein by the Grantors to the actual knowledge of the Grantors.

AND the said Grantors will *WARRANT SPECIALLY* the property hereby conveyed.

AND the said Genevieve G. Saylor has hereunto set her hand and seal.

_{SEAL}_

**GENEVIEVE G. SAYLOR**

STATE OF PENNSYLVANIA    }

                         } ss.

COUNTY OF Montgomery    }

This record was acknowledged before me on December 4ᵗʰ, 2020 by Genevieve G. Saylor.

Ronit Tehrani

Notary Public

My commission expires: 9/5/2021

Commonwealth of Pennsylvania - Notary Seal
RONIT TEHRANI, Notary Public
Delaware County
My Commission Expires September 5, 2021
Commission Number 1278872

Page 5

AND the said Matthew M. Gutt has hereunto set his hand and seal the day and year first above written.

_{SEAL}_

**MATTHEW M. GUTT**

STATE OF PENNSYLVANIA      }
                                   }ss.
COUNTY OF Montgomery    }

This record was acknowledged before me on December 22 , 2020 by Matthew M. Gutt.

Notary Public
My commission expires:

Commonwealth of Pennsylvania - Notary Seal
Karen Stein, Notary Public
Montgomery County
My commission expires December 22, 2021
Commission number 1322589
Member, Pennsylvania Association of Notaries

Page 6

AND the said Erik J. Gutt has hereunto set his hand and seal the day and year first above written.

_____ {SEAL}
ERIK J. GUTT

STATE OF PENNSYLVANIA }
}ss.
COUNTY OF Montgomery }

This record was acknowledged before me on December 9 , 2020 by Erik J. Gutt.

_____
Notary Public
My commission expires:

```
Commonwealth of Pennsylvania - Notary Seal
Anne T. Porrino, Notary Public
Montgomery County
My commission expires May 10, 2023
Commission number 1131203
Member, Pennsylvania Association of Notaries
```

CERTIFICATE OF ADDRESS

I hereby certify that the precise address of the Grantee herein is as follows:

Conwyn Arms Apartments, 830 Montgomery Ave. #114
Bryn Mawr, PA  19010

_____
Attorney for Grantee

I hereby CERTIFY that this document
is recorded in the Recorder's Office of
Wayne County, Pennsylvania.

Deborah L. Bates
Deborah L. Bates
Recorder of Deeds

Page 7

# DISCLAIMER

On this, the 20th day of April, 2017, I, PAMELA J. WEPPNER, residing at 191 East 76 Street, Apt. 2C, New York, New York, 10021, do hereby irrevocably renounce, disclaim and refuse to accept the life estate in real estate located in the Township of Lake, County of Wayne and Commonwealth of Pennsylvania (Property #12-04-09 and 12-04-10) devised to me under Paragraph SECOND of the Last Will and Testament, dated July 13, 1995, of MARY MOESEL, who died on August 27, 2008.

This disclaimer is made with the understanding and expectation that it is irrevocable and will be treated as a qualified disclaimer under §6103 of the Pennsylvania Probate, Estates and Fiduciaries Code.

An exemplified record containing a copy of the above referenced Last Will and Testament of MARY MOESEL is filed in the office of the Wayne County Register of Wills and Recorder of Deeds and is indexed to file # 29700.

I hereby execute and acknowledge this renunciation and disclaimer in the presence of a notary public and direct that it be recorded in the office of the Wayne County Recorder of Deeds, Honesdale, Pennsylvania.

I hereby further confirm that I will serve a copy of this renunciation and disclaimer upon PAMELA J. WEPPNER, as executor of the Estate of MARY MOESEL, as well as upon GENEVIEVE G. SAYLOR, MATTHEW M. GUTT and ERIK J. GUTT as persons who will gain an interest by reason of this renunciation and disclaimer.

_____
PAMELA J. WEPPNER

State of New York        }
                         }ss.
County of New York       }

    On this, the 20th day of April       , 2017, before me, a Notary Public, the undersigned officer, personally appeared Pamela J. Weppner, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

    In Witness Whereof, I hereunto set my hand and official seal.

Notary Public

D. NICHOLAS RUSSO
NOTARY PUBLIC STATE OF NEW YORK
LIC. #02RU8714540
COMM. EXP. 06/30/20 18
COMMISSIONED IN (NEW YORK COUNTY)

I hereby CERTIFY that this document
is recorded in the Recorder's Office of
Wayne County, Pennsylvania.



Deborah L. Bates
Deborah L. Bates
Recorder of Deeds

201700002665
Filed for Record in
WAYNE COUNTY, PA
DEBORAH L. BATES
05-10-2017 At 01:40 pm.
RELEASE        20.50
OR Volume   5166 Page   1 -  2

, hereby CERTIFY that the document is
recorded in the Recorder's Office of
Wayne County, Pennsylvania.

*Ginger Giller*

**Ginger Golden**
**Recorder of Deeds**

Instrument          Volume Page
201000007706 OR      4073  247

201000007706
Filed for Record in
WAYNE COUNTY, PA
GINGER GOLDEN, RECORDER OF DEEDS
08-04-2010 At 11:57 am.
ASGMT LEASE      34.50
OR Volume   4073 Page  247 - 258

Prepared by and Return to:
Janet E. Amacher, Esquire
311 N. Sumneytown Pk., Suite 1A
North Wales, PA  19454

**Map No. 12-0-0004-0016**

### ASSIGNMENT OF LEASE

This Assignment of Lease is entered into this 22nd day of
March        , 2010 by and between the Estate of Alvin J. Gutt,
Matthew M. Gutt, Executor ("Assignor") and Erik J. Gutt,
Genevieve G. Saylor and Matthew M. Gutt ("Assignees").

**WHEREAS,** Alvin J. Gutt and his wife, Louisa M. Gutt, a/k/a
Louisa A. Gutt, entered into a Lease Agreement dated July 5, 1966
between themselves as lessees and Ariel Land Owners, Inc., a
Pennsylvania corporation, as lessors for the lease for a term of
999 years of real estate situate in Lake Township, Wayne County,
Pennsylvania (the "Lease").  The Lease was recorded on July 15,
1966 in Deed Book 233 Page 387.

**WHEREAS,** the lease provided for, inter alia, occupancy of a
lot, rights and privileges in a lake adjacent to the lot for
swimming, bathing, boating, ice skating and fishing, rights to
use of roads and streets about the lake, rights to erect a

1

boathouse and/or dock on the margin of the lake, and rights to
lake waters for bath and septic tank operations.

**WHEREAS,** Louisa M. Gutt departed this life on November 14,
1997 and no estate was raised;

**WHEREAS,** Alvin J. Gutt departed this life on February 28,
2004 leaving a Will which was probated on 3/23/04 in the Office
of the Register of Wills of Montgomery County, Pennsylvania;

**WHEREAS,** the Will appointed Matthew M. Gutt as Executor of
the Estate of Alvin J. Gutt.

**WHEREAS,** the Will provided that the residue of the estate,
which includes rights under the Lease, pass to Alvin and Louisa's
surviving children, namely Erik J. Gutt, Genevieve G. Saylor and
Matthew M. Gutt.

**NOW THEREFORE,** intending to be legally bound hereby, the
parties agree as follows

1. Assignor, hereby conveys, transfers and assigns unto
Assignees, their heirs, successors and assigns, all the rights,
interests and privileges which Assignor as lessee has and may
have in the Lease dated July 5, 1966 between Assignor and Ariel
Land Owners, Inc.

2. Assignees hereby assume any and all liabilities and
obligations arising under the Lease and indemnify and hold the
Estate of Alvin J. Gutt harmless for the same.

IN WITNESS WHEREOF, the parties have set their hands and seals the day and date first set forth above.

WITNESS

_Janet E. Amacker_

ASSIGNOR
The Estate of Alvin J. Gutt

_Matthew M. Gutt_
Matthew M. Gutt, Executor

WITNESS

_Janet E. Amacker_

_Janet E. Amacker_

_Janet E. Amacker_

ASSIGNEES

_Erik J. Gutt_
Erik J. Gutt

_Genevieve G. Saylor_
Genevieve G. Saylor

_Matthew M. Gutt_
Matthew M. Gutt

Commonwealth of Pennsylvania
County of Montgomery

On this, the 22nd day of March, 2010, before me, the undersigned Notary Public, personally appeared MATTHEW M. GUTT, Executor of the Estate of Alvin J. Gutt, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained and desired the same might be recorded.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Rebecca C. Holladay_
Notary Public
My commission expires

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REBECCA C. HOLLADAY, Notary Public
Upper Gwynedd Twp., Montgomery County
My Commission Expires July 26, 2012

3

Commonwealth of Pennsylvania
County of Montgomery

On this, the 22nd day of March , 2010, before me,
the undersigned Notary Public, personally appeared MATTHEW M.
GUTT, known to me (or satisfactorily proven) to be the person whose
name is subscribed to the within instrument, and acknowledged that
he executed the same for the purposes therein contained and desired
the same might be recorded.

IN WITNESS WHEREOF, I hereunto set my hand and official
seal.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REBECCA C. HOLLADAY, Notary Public
Upper Gwynedd Twp., Montgomery County
My Commission Expires July 26, 2012

_____
Notary Public
My commission expires

Commonwealth of Pennsylvania
County of Montgomery

On this, the 22nd day of March , 2010, before me,
the undersigned Notary Public, personally appeared GENEVIEVE G.
SAYLOR, known to me (or satisfactorily proven) to be the person
whose name is subscribed to the within instrument, and acknowledged
that she executed the same for the purposes therein contained and
desired the same might be recorded.

IN WITNESS WHEREOF, I hereunto set my hand and official
seal.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
REBECCA C. HOLLADAY, Notary Public
Upper Gwynedd Twp., Montgomery County
My Commission Expires July 26, 2012

_____
Notary Public
My commission expires

4

State of __PA__
County of __Montgomery__

On this, the _19th_ day of _July_ , 2010, before me,
the undersigned Notary Public, personally appeared ERIK J. GUTT,
known to me (or satisfactorily proven) to be the person whose name
is subscribed to the within instrument, and acknowledged that he
executed the same for the purposes therein contained and desired the
same might be recorded.

IN WITNESS WHEREOF, I hereunto set my hand and official
seal.

> COMMONWEALTH OF PENNSYLVANIA
> NOTARIAL SEAL
> REBECCA C. HOLLADAY, Notary Public
> Upper Gwynedd Twp., Montgomery County
> My Commission Expires July 26, 2012

_Rebecca C Holladay_
Notary Public
My commission expires


The precise residence and the complete
post office address of the above-named
Assignees is:

c/o Matthew M. Gutt
400 Haverford Avenue
Narberth, PA 19072

_Janet E. Wracher_
On behalf of the Assignees

5

# L E A S E

THIS AGREEMENT, made and entered into this _____ day of
_____, 1968, By and Between Ariel Land Owners, Inc.,
a corporation organized and existing under the laws of the Common
wealth of Pennsylvania, having its principal place of business
at Lake Ariel, Wayne County, Pennsylvania, party of the first
part,

## A N D

Alvin J. Gutt and Louisa A. Gutt, his wife, of Pittsford,
Monroe County, New York, parties of the second part,

WITNESSETH, that the said party of the first in consideration
of the sum of twenty five ($2,500.00) hundred dollars to it in
hand paid by the parties of the second part, at the execution of
this agreement, receipt whereof is hereby acknowledged, and the
covenants hereinafter specified to be fully kept and performed
by the parties of the second part, do demise and lease for the
term of nine hundred ninety nine (999) years, the following
described real estate situate in the Township of Lake, County of
Wayne and Commonwealth of Pennsylvania, viz:

Beginning at a stake corner fifty (50) feet from the West
shore of Lake Ariel and seventeen and three tenths (17.3) feet
South seventy four (74) degrees thirty (30) minutes West fro. the
West side of a stone pillar at the entrance of the cottages on
the West side of the Lake, thence South seventy four (74) degrees
thirty (30) minutes West one hundred fifty (150) feet to a stake,
thence South fifteen (15) degrees thirty (30) minutes East sixty
(60) feet to a stake, thence North seventy four (74) degrees
thirty (30) minutes East one hundred fifty (150) feet to a stake,
thence North fifteen (15) degrees thirty (30) minutes West sixty
(60) feet to the place of beginning.
Containing nine thousand (9,000) square feet of land.
Being the same premises as that conveyed by Alfred R.
Lombardi and Eleanor M. Lombardi, his wife, to party of first
part.

Together with the right and privilege at any and all times
hereafter during the term of this lease, of free access, ingress
and egress from the lands hereby leased to the margin of said
Lake Ariel and visa versa, across and upon the strip of land
fifty (50) feet in width lying between the lot of land hereby
leased and the margin of said lake.

It being distinctly understood and agreed upon by and between the parties hereto that no fence, building or other obstructions of any kind shall be erected or placed upon said strip of land lying between the lot hereby leased and the margin of said lake to intercept or impede free passage across the same or any part thereof.

Said lessees shall during the term of this lease for the considerations herein named have the right to fish in the waters of said Lake Ariel, but nothing herein contained shall give the lessees the right to fish out of season or in violation of the fish and game laws of the Commonwealth.

The lessees shall also during the term of this lease for the considerations herein named, have the right to own and use upon the waters of said lake two (2) row boats, one (1) sailboat and canoe, one (1) motor boat powered only by a 4 cycle internal combustion engine for his own use and for the use of members of his family and guests, but in no case shall the lessees use or permit his boat or boats to be used by any person or persons except himself and members of his family and guests and in the absence of lessees and all the members of his family no person shall have the right to use his boat or boats on the waters of said lake, except sub-lessees of the owner of the property.

Together with the right to erect on the margin of said lake in front of premises owned by the lessees a boathouse of neat and suitable design, to be used only by the lessees for the benefit of members of his family and his guests, or sublessees of the above owners. Boat houses and or docks must be maintained in a neat and safe condition and upon written notice must be repaired and made safe.

Together with the right to use the premises herein demised for the purposes of swimming, bathing, boating, ice skating, fishing. Such uses to be for the lessees, members of the family

and guests, and in no way and at no time for rent or hire.

The lessees shall have the right to use all roads and streets laid out and opened by the said lessor, or its predecessors in title, about said lake, in common with other lot owners having similar privileges.

In consideration of the rights and privileges mentioned and granted and of boating, fishing, swimming, bathing and ice skating upon said lake, the lessees, in addition to the considerations hereinbefore mentioned, agrees to pay the lessor the sum of twenty ($20.00) dollars per year, payable on or before the first day of June in each and every year, beginning the first day of June after the date of the within instrument.

The said lessees hereby confess judgment for the rent reserved under this agreement of lease, together with an attorney fee of five per cent for collection and execution may be issued thereon from time to time for any rent due and owing under this lease, and judgment in ejectment as herein provided may be entered concurrently herewith.

In consideration of the rights and privileges herein granted if the lessees lease or rent to one (1) tenant for his own use, or his families or guests, the herein granted lake rights may be exercised. Any commercial or business use will have the same effect as cancelling this instrument.

Any violation by the lessees or sub-lessees of any of the terms of this agreement or any use or appropriation of the lands hereby demises for the purpose or purposes other than such as are mentioned and agreed upon in this contract shall work immediate forfeiture of this agreement of lease, and proof or proofs of such violation being fully sustained in an action of ejectment or other appropriate action of law, it will be lawful for the said lessor to retake possession of the premises hereby demised and own, control and use the same in the manner as if this agreement had never been entered into.

Instrument
201000007706 OR

Volume Page
4073   255

It is agreed that the parties of the second part may have the right to draw from the waters of Lake Ariel such water as is required for the purposes of bath and septic tank operation. It is agreed that in time of drought or low water and upon written notice, the lessees will not draw any water for irrigation or watering of lawns or gardens. It is agreed that septic tanks or other sewage disposal systems will be operated and maintained so that at no time the waters of Lake Ariel receive any pollution whatsoever from such systems.

All and singular the covenants and agreements herein mentioned shall be binding upon and inure to the benefit of the parties hereto and their heirs, administrators and assigns, as fully as if they were in every instance named, and it is further herein agreed that the within lease shall be assignable by either of the parties hereto without the prior consent of the other party, provided however, that the lessees shall assign the same to no person other than the grantee or grantees, transferee or transferees, or successors in interest to them in and to the lot to which the herein described premises is contiguous

IN WITNESS WHEREOF, the party of the first part has caused this instrument to be executed by its President and its seal duly attested by its Secretary, hereto affixed, and the lessees have signed this instrument and affixed their seals the day and year first above written.

Ariel Land Owners, Inc. By

President

Attest

Secretary

AJG _(illegible signature)_ (SEAL)

LAG _(illegible signature)_ Louisa A. Gutt (SEAL)

Commonwealth of Pennsylvania
SS
County of Lackawahna

On this 5th day of July , 1966, before me a notary
public, the undersigned officer, personally appeared Thomas A.
Dempsey, who acknowledged himself to be the president of Ariel
Land Owners Inc., a corporation, and that as such president
being authorized to do so, executed the foregoing instrument
for the purposes therein contained by signing the name of the
corporation by himself as president.
In witness whereof I haveunto set my hand and official seal.

_(signature)_
Notary Public

WILLIAM J. DEMPSEY, Notary Public
My Commission Expires Aug. 7, 1969
Office at Scranton, Lackawanna County, Pa.

Commonwealth of Pennsylvania
SS
County of Lackawanna

On this 5th day of July , 1966, before me a notary
public, the undersigned officer, personally appeared Alvin J.
Gutt and Louisa A. Gutt, known to me to be the persons whose
names subscribed to the within instrument and acknowledged
that they executed the same for the purposes therein contained.
In witness whereof have set my hand and official seal.

_(signature)_
Notary Public

WILLIAM J. DEMPSEY, Notary Public
My Commission Expires Aug. 7, 1969
Office at Scranton, Lackawanna County, Pa.

_Address of Grantees
12 Pine Hill Drive
Pittsford N.Y.
Aug. 1, ... Esq. atty
for Grantees_

BOOK 233 PAGE 391



Commonwealth of Pennsylvania } ss.
County of Wayne

Recorded in the office for Recording of Deeds in
and for the County of Wayne, in    DEED
Book No.    233    Page    357    Given
under my hand and seal of Office this

15th    JULY    A. D.    66

LEASE

FROM

ARIEL LAND OWNERS, INC

TO

ALVIN J. GUTT and
LOUISA A. GUTT

ENTERED FOR RECORD
RECORDERS OFFICE

JUL 15  11  31 AM  1966

WAYNE COUNTY, PA.
FEES $        STAMPS

REC'D. PAYMENT
L. BYRON DAVIS

LAW OFFICES
DeLANEY & DeLANEY
84 SALEM AVE.
CARBONDALE, PENNA.

REV-183 EX (04-10)



**pennsylvania**
DEPARTMENT OF REVENUE
Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

# REALTY TRANSFER TAX
# STATEMENT OF VALUE

See reverse for instructions.

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid | 0 |
| Book Number | 4073 |
| Page Number | 247 |
| Date Recorded | 8-4-10 |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. A Statement of Value is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. If more space is needed, attach additional sheets.

## A. CORRESPONDENT – All inquiries may be directed to the following person:

Name _JANET E. AMACHER, ESQ._    Telephone Number: _815.699.9995_

| Mailing Address _311 N. SUMNEYTOWN PIKE SUITE 1A_ | City _NORTH WALES_ | State _PA_ | ZIP Code _19454_ |
|---|---|---|---|

## B. TRANSFER DATA                                    ## C. Date of Acceptance of Document _3-22-10_

| Grantor(s)/Lessor(s) _ESTATE OF ALVIN J. GUTT_ | Grantee(s)/Lessee(s) _MATTHEW M. GUTT, ERIK J. GUTT, GENEVIEVE SAYLOR_ |
|---|---|
| Mailing Address _c/o MATTHEW GUTT, EXECUTOR 400 HAVERFORD AVE_ | Mailing Address _c/o MATTHEW GUTT 400 HAVERFORD AVE_ |

| City _NARBERTH_ | State _PA_ | ZIP Code _19072_ | City _NARBERTH_ | State _PA_ | ZIP Code _19072_ |
|---|---|---|---|---|---|

## D. REAL ESTATE LOCATION

| Street Address _NONE_ | City, Township, Borough _LAKE_ |
|---|---|

| County _WAYNE_ | School District _WESTERN WAYNE_ | Tax Parcel Number _12-0-0004-0016_ |
|---|---|---|

## E. VALUATION DATA - WAS TRANSACTION PART OF AN ASSIGNMENT OR RELOCATION? ☐ Y ☐ N

| 1. Actual Cash Consideration _0_ | + | 2. Other Consideration _0_ | = | 3. Total Consideration _0_ |
|---|---|---|---|---|
| 4. County Assessed Value _$14,400.00_ | x | 5. Common Level Ratio Factor _1.56_ | = | 6. Fair Market Value _22,464.00_ |

## F. EXEMPTION DATA

| 1a. Amount of Exemption Claimed _449.28_ | 1b. Percentage of Grantor's Interest in Real Estate _100_ | 1c. Percentage of Grantor's Interest Conveyed _100_ |
|---|---|---|

### Check Appropriate Box Below for Exemption Claimed.

☒ Will or intestate succession. _ALVIN J. GUTT_   _46-04-1005_
<div align="center">(Name of Decedent)          (Estate File Number)</div>

☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐ Transfer from a trust. Date of transfer into the trust _____   0
If trust was amended attach a copy of original and amended trust.    Filed for Record in

☐ Transfer between principal and agent/straw party. (Attach complete copy of agent/straw party agreement.) WAYNE COUNTY, PA
GINGER GOLDEN, RECORDER OF DEEDS

☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.) CONSIDERATION OR INSTRUMT con-
   &JMT VALUE   2.00

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐ Other (Please explain exemption claimed.) _____

---

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party _Janet E. Amacher_ | Date _8-2-10_ |
|---|---|

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

Prepared by and Return to:

Janet E. Amacher, Esquire
311 N. Sumneytown Pk., Suite 1A
North Wales, PA 19454

Map No. 12-0-0004-0011

**THIS IS A TRANSFER FROM AN ESTATE TO ITS BENEFICIARIES AND AS SUCH IS TRANSFER TAX EXEMPT.**

**This Indenture**, made the 20th day of April, 2009,

**Between**

### ESTATE OF ALVIN J. GUTT, by his Executor, MATTHEW M. GUTT

(hereinafter called the Grantor), of the one part, and

### MATTHEW M. GUTT, ERIK J. GUTT, and GENEVIEVE G. SAYLOR

(hereinafter called the Grantees), of the other part,

**Witnesseth**, that the said Grantor for and in consideration of the sum of **ONE And 00/100 Dollar ($1.00)** lawful money of the United States of America, unto it well and truly paid by the said Grantees, at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, has granted, bargained and sold, released and confirmed, and by these presents does grant, bargain and sell, release and confirm unto the said Grantees, as TENANTS IN COMMON

ALL THAT CERTAIN piece or parcel of land, situate, lying and being in the Village of Lake Ariel, Township of Lake, County of Wayne, and State of Pennsylvania, bounded and described as follows:

BEGINNING at a pipe on the easterly side of the State Highway Route No. 191 leading from Hamlin to Honesdale Pa., the said corner being the northwesterly corner of the lands of Frederick Moesel; thence along said highway North 20 degrees and 19 minutes East 60 feet to a pipe corner, thence South 59 degrees and 42 minutes East 126.3 feet to a pipe corner, thence South 15 degrees and 30 minutes East 60 feet to a pipe corner, thence along other lands of Frederick Moesel North 65 degrees and 54 minutes West 159.85 feet to the place of beginning.

CONTAINING 7,290 square feet of land more or less.

BEING the same premises which Ariel Land Owners, Inc., by Indenture bearing date the 5th day of July, 1966 and recorded the 15th day of July, 1966 in the Office for the Recording of Deeds, in and for the County of Wayne, in Deed Book No. 233, page 393, granted and conveyed unto Alvin J. Gutt and Louisa A. Gutt, husband and wife, in fee.

AND THE SAID Louisa A. Gutt has since departed this life on the 14th day of November, 1997.

AND THE SAID Alvin J. Gutt has since departed this life on the 28th day of February, 2004. Letters Testamentary were granted on the 23rd day of March, 2004 at the Register of Wills, Montgomery County, being known as No. 46-04-1005.

**Together with** all and singular the buildings and improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of them, the said grantors, as well at law as in equity, of, in and to the same.

**To have and to hold** the said lot or piece of ground described above, with the buildings and improvements thereon erected, hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantees, their heirs and assigns, to and for the only proper use and behoof of the said Grantees, their heirs and assigns, forever.

**And** the said Grantors, for themselves and their heirs, executors and administrators, do, by these presents, covenant, grant and agree, to and with the said Grantees, their heirs and assigns, that they, the said Grantors, and their heirs, all and singular the hereditaments and premises herein described and granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantees, their heirs and assigns, against them, the said Grantors, and their heirs, and against all and every other person and persons whosoever lawfully claiming or to claim the same or any part thereof, shall and will

<div align="center">Warrant and Forever Defend.</div>

**In Witness Whereof,** the parties of the first part have hereunto set their hands and seals. Dated the day and year first above written.

> Sealed and Delivered
> IN THE PRESENCE OF US:

ESTATE OF ALVIN J. GUTT

By: _____ {SEAL}
**Matthew M. Gutt, Executor**

Commonwealth of Pennsylvania
County of *MONTGOMERY*

On this, the *20th* day of *APRIL*, 2009, before me, the undersigned Notary Public, personally appeared **MATTHEW M. GUTT, Executor of the Estate of Alvin J. Gutt**, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained and desired the same might be recorded.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Notary Public
My commission expires *3/19/2012*



COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Eleanor M. D'Antonio, Notary Public
Narberth Boro, Montgomery County
My Commission Expires March 19, 2012
Member, Pennsylvania Association of Notaries

The precise residence and the complete post office address of the above-named Grantees is:

c/o Matthew M. Gutt
400 Haverford Avenue
Narberth, PA 19072

On behalf of the Grantees

# Deed

Parcel ID No. 12-0-004-0011

ESTATE OF ALVIN J. GUTT, BY HIS
EXECUTOR, MATTHEW M. GUTT

TO

MATTHEW M. GUTT, ERIK J. GUTT,
AND GENEVIEVE G. SAYLOR

Janet E. Amacher, Esquire
311 N. Sumneytown Pk., Suite 1A
North Wales, PA 19454

, hereby CERTIFY that the document is
recorded in the Recorder's Office of
Wayne County, Pennsylvania.

Ginger Golden
Recorder of Deeds

200900013885
Filed for Record in
WAYNE COUNTY, PA
GINGER GOLDEN,RECORDER OF DEEDS
12-24-2009 At 10:05 am.
DEED            42.00
STATE TAX         .00
LOCAL TAX         .00
OR Volume   3921 Page  242 - 246

REV-183 EX (7-08) (FI)



**pennsylvania**
DEPARTMENT OF REVENUE
**Bureau of Individual Taxes**
PO BOX 280603
Harrisburg PA 17128-0603

# REALTY TRANSFER TAX
# STATEMENT OF VALUE

See Reverse for Instructions

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid | -0- |
| Book Number | 3921 |
| Page Number | 242 |
| Date Recorded | 12-24-09 |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. A Statement of Value is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. If more space is needed, attach additional sheets.

## A. CORRESPONDENT – All inquiries may be directed to the following person:

| Name | Telephone Number: |
|---|---|
| Janet E. Amacher, Esquire | (215) 699-9995 |

| Street Address | City | State | ZIP Code |
|---|---|---|---|
| 311 N. Sumneytown Pike, Suite 1A | North Wales | PA | 19454 |

## B. TRANSFER DATA
Date of Acceptance of Document 4-20-09

| Grantor(s)/Lessor(s) | Grantee(s)/Lessee(s) |
|---|---|
| Estate of Alvin J. Gutt, Matthew M. Gutt, Executor | Matthew M. Gutt, Erik J. Gutt and Genevieve G. Saylor |

| Street Address | Street Address |
|---|---|
| c/o Matthew M. Gutt, 400 Haverford Avenue | c/o Matthew M. Gutt, 400 Haverford Avenue |

| City | State | ZIP Code | City | State | ZIP Code |
|---|---|---|---|---|---|
| Narberth | PA | 19072 | Narberth | PA | 19072 |

## C. REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
|---|---|
| unknown | Lake Towship |

| County | School District | Tax Parcel Number |
|---|---|---|
| Wayne | Western Wayne | 12-0-0004-0011 |

## D. VALUATION DATA

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| 1.00 | + 0.00 | = 1.00 |

| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Fair Market Value |
|---|---|---|
| 2,400.00 | X 1.56 | = 3,744.00 |

## E. EXEMPTION DATA

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| 74.88 | 100% | 100% |

## 2. Check Appropriate Box Below for Exemption Claimed

☒ Will or intestate succession. Alvin J. Gutt           46-04-1005
                         (Name of Decedent)          (Estate File Number)

☐ Transfer to Industrial Development Agency.

☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the Commonwealth, the United States and Instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of Mortgage and note/Assignment.)

☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐ Other (Please explain exemption claimed, if other than listed above.) Filed for Record in
WAYNE COUNTY, PA
GINGER GOLDEN,RECORDER OF DEEDS
12-24-2009 At 10:05 am.
STMT VALUE    2.00

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| *[signature]* | 12-16-09 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

# SATISFACTION PIECE

MADE THIS <u>10th</u> DAY OF <u>10</u>, <u>2003</u>

*I hereby CERTIFY that this document is recorded in the Recorder's Office of Wayne County, Pennsylvania.*

*Ginger Golden*

Ginger Golden
Recorder of Deeds

| | | |
|---|---|---|
| NAME OF MORTGAGORS | : | <u>Mary Moesel, Genevieve G. Saylor & Matthew Moesel Gu</u> |
| | : | <u>Erik J. Gutt</u> |
| NAME OF MORTGAGEE | : | <u>The First National Bank of Lake Ariel</u> |
| | | :n. k. a.;L. A. Bank, N.A. now by merger PENNSTAR BANK |
| NAME OF LAST ASSIGNEE | : | |
| DATE OF MORTGAGE | : | <u>10/09/1993</u> |
| ORIGINAL MORTGAGE DEBT | : | <u>$35,000.00</u> |

200300013772
Filed for Record in
WAYNE COUNTY, PA
GINGER GOLDEN
10-16-2003 At 10:28 AM.
SAT PIECE    30.50
STATE TAX    .00
LOCAL TAX    .00
OR Volume 2362 Page 288 - 288

Mortgage recorded on <u>10/13/1993</u>, in the Office of the Recorder of Deeds of

Wayne County, Pa., in Mortgage Book No. <u>0860</u>, at page <u>0313</u>,

covering a parcel of land situated at <u>2 pcls.; Lake Twp.</u>, Wayne County, Pa.

as conveyed by  to the Mortgagors by deed duly recorded in Wayne

County Deed Book No. , at page .

     The Mortgagee hereby certifies that the debt secured by the above mentioned mortgage has

been fully paid or otherwise discharged, and that upon the recording hereof said mortgage shall be

and is hereby fully and forever satisfied and discharged.

     WITNESS the due execution hereof.

         THE FIRST NATIONAL BANK OF LAKE ARIEL,
         NOW BY CHANGE OF NAME, LA BANK, N.A.
         Now by merger  PENNSTAR BANK

         By _____
            Title Atty. in Fact
         P. O. A. recorded in ; Bk. 1739, Pg. 273

State of Pennsylvania      )
                     : ss.:
County of Lackawanna    )

     On this, the <u>11</u> th day of <u>October</u>, 20 <u>03</u>, before me personally appeared
Frank J. Betti who acknowledges himself to be the Attorney in Fact of Pennstar Bank,
a corporation, and that he as such Atty in Fact, being authorized to do so, executed the fore-
going instrument for the purposes therein contained by signing the name of the corporation by
himself as Attorney in Fact

     In witness Whereof, I hereunto set my hand and official seal.

                     _____
                     Notary Public

NOTARIAL SEAL
Lisa E. Brizinski, Notary Public
City of Jessup, County of Lackawanna
My Commission Expires June 10, 2007

**007944**

ENTERED FOR RECORD
RECORDERS OFFICE

Oct 11  2 13 PM '94

WAYNE COUNTY, PA.

FEES 18  STAMPS

## MODIFICATION OF MORTGAGE

IT IS HEREBY stipulated that the Mortgage between Mary Moesel, Genevieve G. Saylor, Matthew Moesel Gutt and Erik J. Gutt, (hereinafter known as "Mortgagors") and LA BANK, NATIONAL ASSOCIATION (hereinafter known as "Mortgagee"), dated October 9, 1993, in the amount of THIRTY-FIVE THOUSAND ($35,000.00) DOLLARS and recorded in Wayne County Mortgage Book No. 860, at Page 313, on October 13, 1993, on premises located at Route 191, Lake Ariel, Wayne County, Pennsylvania, is hereby amended to read "MATURITY DATE IS NOVEMBER 1, 2003". Said maturity date of mortgage was omitted from the above-referenced mortgage. Mortgagors have been informed of the correct maturity date of the above-recorded mortgage and have agreed to this modification as hereinbefore set forth.

In all other respects, the mortgage document and the filing date is unchanged.

Dated: April 5, 1994.

J. BRIAN FOLEY, ESQUIRE
Attorney for Mortgagors

MARY MOESEL

GENEVIEVE G. SAYLOR

MATTHEW MOESEL GUTT

ERIK J. GUTT

BOOK **0978** PAGE **0172**

STATE OF NEW YORK )
) SS:
COUNTY OF MANHATTAN )

ON THIS the _25ᵗʰ_ day of _April_, 1994, before me, a Notary Public, the undersigned officer, personally appeared MARY MOESEL, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes herein contained.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.

LOUISE FADNESS
NOTARY PUBLIC, State of New York
No. 5 . 4972679
Qualified in Suffolk County
Commission Expires 8-1-94

_Louise Fadness_
Notary Public

STATE OF PENNSYLVANIA )
) SS:
COUNTY OF _Philadelphia_ )

ON THIS the _12ᵗʰ_ day of _May_, 1994, before me, a Notary Public, the undersigned officer, personally appeared GENEVIEVE G. SAYLOR, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes herein contained.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.

_Doreen A. Sayen_
Notary Public

NOTARIAL SEAL
DOREEN A. SAYEN, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Jan. 30, 1996

STATE OF PENNSYLVANIA )
) SS:
COUNTY OF *Philadelphia* )

ON THIS the *12th* day of *May*, 1994, before me, a Notary Public, the undersigned officer, personally appeared MATTHEW MOESEL GUTT, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

*Doreen A. Sayers*
Notary Public

NOTARIAL SEAL
DOREEN A. SAYERS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Jan 30, 1995

STATE OF PENNSYLVANIA )
) SS:
COUNTY OF *Bucks* )

ON THIS the _8_ day of _June_, 1994, before me, a Notary Public, the undersigned officer, personally appeared ERIK J. GUTT, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Notary Public

NOTARIAL SEAL
DAVID E. SMOLSKY, Notary Public
Bensalem Twp., Bucks County
My Commission Expires ...

3

I hereby certify that the correct address of the Mortgagee is:

120 N. KEYSER AVE.

SCRANTON PA 18504

LA BANK, NATIONAL ASSOCIATION – Mortgagee

By: _Louis M. Nartano_  Sr. V. P.
　　　　　　　Title

STATE OF PENNSYLVANIA )
　　　　　　　　　　　　　 )　SS:
COUNTY OF WAYNE 　　 )

ON THIS the 27 day of June , 1994, before me, a Notary Public, the undersigned officer, personally appeared Louis M. Martano who acknowledged that he was Sr. V. P. of LA BANK, N.A., and as such, is authorized to execute the within instrument and acknowledged that he executed the same for the purposes herein contained.

**IN WITNESS WHEREOF**, I hereunto set my hand and official seal.

_Sandra Parry_
Notary Public

Notarial Seal
Sandra Parry, Notary Public
Scranton, Lackawanna County
My Commission Expires July 4, 1998
Member, Pennsylvania Association of Notaries

4

Recorded in the Office for the Recorder of Deeds in and for Wayne County, Pennsylvania, in Mortgage Book No. _____ Page No. _____. Witness my hand and seal of this office the _____ day of _____, 1994.

_____
Recorder of Deeds

I hereby CERTIFY that this document is recorded in the Recorder's Office of Wayne County, Pennsylvania.

*Ginger Golden*

Ginger Golden
Recorder of Deeds

5

Recorded in the office for Recorder of Deeds
in and for Wayne County, Pennsylvania in
Record Book 860 Page 313
Witness my hand and seal of this office the
13 day October A.D. 19 93

_Ginger Golden_
Recorder of Deeds

[Space Above This Line For Recording Data]

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on ............October......9th........
19 93..... The mortgagor is .MARY.MOESEL,.GENEVIEVE.G..SAYLOR,.MATTHEW.MOESEL.GUTT.and.ERIK.J..GUTT....
................................................................................................ ("Borrower"). This Security Instrument is given to ...............
........................IA.Bank,.National.Association............................., which is organized and existing under
the laws of ........PENNSYLVANIA......................and whose address is ...........
..................Lake.Ariel,.Pennsylvania..18436......................("Lender"). Borrower owes Lender the principal
sum of ........THIRTY-FIVE.THOUSAND.600/100.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.* Dollars
(U.S. $ 35,000.00...). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on ................................................
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions
and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this
Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For
this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in ................
..................WAYNE.............................................................. County, Pennsylvania:

For authority to satisfy this mortgage
see Record Book 2363 page 288
SEE ATTACHED LEGAL DESCRIPTION
Witness my hand and seal this
16 day of Oct 2003

_Ginger Golden_
Recorder

which has the address of ..............Route.191........................Lake.Ariel.................................
                                                    [Street]                                            [City]

Pennsylvania .......18436..............("Property Address");
                  [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures
now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the
foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and
convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend
generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform convenants for national use and non-uniform covenants with limited
variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest; Prepayment and Late Charges. Borrower shall promptly pay when due the principal of and
interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. Funds for Taxes and Insurance. Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day
monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may
attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if
any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance
premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the
payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an
amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account
under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"),
unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not
to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of
expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender,
if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may
not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless
Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require

**PENNSYLVANIA**—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3039   (9/90)   (page 1 of 4 pages)

Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case, Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage

Form 3039  9/90  *(page 2 of 4 pages)*

insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

Form 3039 (9/90) *(page 3 of 4 pages)*

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). *Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums* secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by applicable law.

**22. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**23. Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**24. Reinstatement Period.** Borrower's time to reinstate provided in paragraph 18 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**25. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**26. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**27. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Adjustable Rate Rider  ☐ Condominium Rider  ☐ 1-4 Family Rider
☐ Graduated Payment Rider  ☐ Planned Unit Development Rider  ☐ Biweekly Payment Rider
☐ Balloon Rider  ☐ Rate Improvement Rider  ☒ Second Home Rider
☐ Other(s) [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

.................................................... .................................................... (Seal)
MARY MOESEL —Borrower

.................................................... Genevieve G. Saylor (Seal)
.................................................... (Seal)
MATTHEW MOESEL GUTT —Borrower

.................................................... (Seal)
EIRK J. GUTT

[Space Below This Line For Acknowledgment]

COMMONWEALTH OF PENNSYLVANIA, LACKAWANNA .................................................... County ss:
On this, the 9th day of October 19 93 , before me, a Notary Public the undersigned officer, personally appeared MARY MOESEL, GENEVIEVE G. SAYLOR, MATTHEW MOESEL GUTT & ERIC J. GUTT , known to me (or satisfactorily proven) to be the person(s) whose name(s) are subscribed to the within instrument and acknowledged that they executed the same for the purposes herein contained.
IN WITNESS WHEREOF, I hereunto set my hand and official seal.
My Commission expires:

Notarial Seal
Margaret L. Thomas, Notary Public
Scranton, Lackawanna County
My Commission Expires July 6, 1996
Member, Pennsylvania Association of Notaries

Margaret Thomas
Notary Public
Title of Officer
P O Box 790 Hamlin, PA 18427-0790

I hereby certify that the precise address of the within Mortgage (Lender) is

.................................................... Title of Officer

Atty. Foley

Form 3039 (9/90) (page 4 of 4 pages)

## LEGAL PROPERTY DESCRIPTION

### PROPERTY NO. 1:

ALL those certain pieces or parcels of land situated in the Township of Lake, County of Wayne and State of Pennsylvania, bounded and described as follows:

BEGINNING at the northwesterly corner of a lot of land heretofore leased to the said Mrs. Geo. F. O'Brien, in the easterly margin of the road leading from Lake Ariel to Hamlin; thence along the margin of said road north 25 degrees 22 minutes east 50 feet to a corner in the margin of said road; thence along other lands of said Schadt estate south 64 degrees 38 minutes east 150 feet to a corner; thence along other lands of Schadt estate south 25 degrees 22 minutes west 50 feet to a corner, and thence by the northerly line of the lot already leased as aforesaid to the said O'Brien north 64 degrees 38 minutes west 150 feet to place of beginning.

CONTAINING 7,500 square feet, more or less.

TAX MAP NO. 12-004-009

### PROPERTY NO. 2:

BEGINNING at a stake corner in stone wall, the Northwest corner of F. C. Moesel's lot; and on the East side of highway; thence along the highway North twenty-three (23) degrees forty-six (46) minutes East thirty (30) feet to stake and stones; thence along the Grantor, South sixty-five (65) degrees fifty-four (54) minutes East one hundred and fifty-nine and eighty-five one hundredths (159.85) feet to stake and stones and North seventy-four (74) degrees thirty (30) minutes East one hundred and fifty (150) feet to stake and stones fifty (50) feet more or less from the west shore of Lake Ariel; thence along the shore, South fifteen (15) degrees thirty (30) minutes East sixty (60) feet to stake and stones; thence South seventy-four (74) degrees thirty (30) minutes West one hundred and fifty (150) feet; thence South seventy-nine (79) degrees twenty (20) minutes West fifty-seven and eighty-four (57.84) feet to stake and stones; thence along lot of F. C. Moesel North twenty-three (23) degrees forty-six (46) minutes East fifty (50) feet and North sixty-six (66) degrees fourteen (14) minutes West one hundred and fifty (150) feet to the place of beginning.

CONTAINING 15,660 square feet.

TOGETHER with the right and privilege at any and all times hereafter during the term of this lease, of free access, ingress and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of said lake.

IT being distinctly understood and agreed by and between the parties hereto that no fence, buildings or other obstructions of any kind shall be erected or placed upon said strip of land lying between the lot hereby leased and the margin of said lake to intercept or impede free passage across the same or any part thereof.

TAX MAP NO. 12-004-010

# SECOND HOME RIDER

THIS SECOND HOME RIDER is made on this .........9th............... day of ......October.........., 19.93.., and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower," whether there are one or more persons undersigned) to secure Borrower's Note to .........LAKE..ARIEL..BANK...National..Association.............................
.............................................................................................................................................. (the "Lender") of the same date and covering the property described in the Security Instrument (the "Property"), which is located at:

...............................................Route..191................................................................................

...............................................Lake..Ariel,..PA..18436......................................................................

[Property Address]

In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree that Uniform Covenant 6 of the Security Instrument is deleted and is replaced by the following:

**6. Occupancy and Use; Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, and shall only use, the Property as Borrower's second home. Borrower shall keep the Property available for Borrower's exclusive use and enjoyment at all times, *and shall not subject the Property to any timesharing or other shared ownership arrangement or to any rental pool or agreement that requires Borrower either to rent the Property or give a management firm or any other person any control over the occupancy or use of the Property.* Borrower shall not destroy, damage *or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall* be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created *by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate,* as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy and use of the Property as a second home. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold *and the fee title shall not merge unless Lender agrees to the merger in writing.*

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Second Home Rider.

.......................................................(Seal)
MARY MOESEL                        Borrower

.......................................................(Seal)
GENEVIEVE G. SAYLOR       Borrower

.......................................................(Seal)
MATTHEW MOESEL GUTT

.......................................................(Seal)
ERIK J. GUTT

**MULTISTATE SECOND HOME RIDER—Single Family—Freddie Mac UNIFORM INSTRUMENT**  Form 3890  9/90  *(page 1 of 1 page)*

ENTERED FOR RECORD
RECORDERS OFFICE

Oct 13  12 22 FH '93

WAYNE COUNTY, PA.
14—
FEES ....... STAMPS ....

### D E E D

THIS DEED made the 8th day of September, 1993, between LOUISA M. GUTT, and ALVIN J. GUTT, her husband, of the City of Narberth, County of Montgomery and State of Pennsylvania, hereinafter called Grantors,

### A N D

GENEVIEVE SAYLOR, MATTHEW GUTT and ERIC J. GUTT, as Tenants in Common, of the County of Wayne, State of Pennsylvania, hereinafter called Grantees,

W I T N E S S E T H, that the said Grantors do for and in consideration of the sum of ONE ($1.00) DOLLAR, lawful money of the United States of America, unto them well and truly paid by the said Grantees at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has, granted, bargained, sold, aliened, enfeoffed, released and confirmed, and by these presents does grant, bargain, sell, alien, enfeoff, release and confirm unto the said Grantees, their Successors and Assigns,

PROPERTY NO. 1:

ALL those certain pieces or parcels of land situated in the Township of Lake, County of Wayne and State of Pennsylvania, bounded and described as follows:

BEGINNING at the northwesterly corner of a lot of land heretofore leased to the said Mrs. Geo. F. O'Brien, in the easterly margin of the road leading from Lake Ariel to Hamlin; thence along the margin of said road north 25 degrees 22 minutes east 50 feet to a corner in the margin of said road; thence along other lands of said Schadt estate south 64 degrees 38 minutes east 150 feet to a corner; thence along other lands of Schadt estate south 25 degrees 22 minutes west 50 feet to a corner, and thence by the northerly line of the lot already leased as aforesaid to the said O'Brien north 64 degrees 38 minutes west 150 feet to place of beginning.

CONTAINING 7,500 square feet, more or less.

TAX MAP NO. 12-004-009

PROPERTY NO. 2:

BEGINNING at a stake corner in stone wall, the Northwest corner of F. C. Moesel's lot; and on the East side of highway;

thence along the highway North twenty-three (23) degrees forty-six (46) minutes East thirty (30) feet to stake and stones; thence along the Grantor, South sixty-five (65) degrees fifty-four (54) minutes East one hundred and fifty-nine and eighty-five one hundredths (159.85) feet to stake and stones and North seventy-four (74) degrees thirty (30) minutes East one hundred and fifty (150) feet to stake and stones fifty (50) feet more or less from the west shore of Lake Ariel; thence along the shore, South fifteen (15) degrees thirty (30) minutes East sixty (60) feet to stake and stones; thence South seventy-four (74) degrees thirty (30) minutes West one hundred and fifty (150) feet; thence South seventy-nine (79) degrees twenty (20) minutes West fifty-seven and eighty-four (57.84) feet to stake and stones; thence along lot of F. C. Moesel North twenty-three (23) degrees forty-six (46) minutes East fifty (50) feet and North sixty-six (66) degrees fourteen (14) minutes West one hundred and fifty (150) feet to the place of beginning.

CONTAINING 15,660 square feet.

TOGETHER with the right and privilege at any and all times hereafter during the term of this lease, of free access, ingress and egress from the lands hereby leased to the margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50) feet in width lying between the lot of land hereby leased and the margin of said lake.

IT being distinctly understood and agreed by and between the parties hereto that no fence, buildings or other obstructions of any kind shall be erected or placed upon said strip of land lying between the lot hereby leased and the margin of said lake to intercept or impede free passage across the same or any part thereof.

TAX MAP NO. 12-004-010

BOTH parcels being the same premises conveyed to Louise M. Gutt one of the grantors herein and Mary Moesel by deed dated August 1988, and recorded in Wayne County Deed Book No. 493 Page No. 255 .

IT is the purpose of this deed to convey the 50% interest of Louise M. Gutt to her three children, the grantees herein, each to have 1/3 interest of said 50% as tenants in common.

THIS TRANSFER IS FROM PARENT TO CHILD AND THEREFORE IS EXEMPT FROM ALL REALTY TRANSFER TAXES.

GRANTORS hereby warrant that there have not been any hazardous or toxic materials/substances stored or disposed of on or in the

above-referenced premises.

THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER/S OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

AND said Grantors will Warrant Specially, the property hereby conveyed.

IN WITNESS WHEREOF, Grantors have hereunto set their hands and seals the day and year first above written.

_Louisa M. Gutt_
LOUISA M. GUTT

_Alvin J. Gutt_
ALVIN J. GUTT

STATE OF PENNSYLVANIA )
                       SS:
COUNTY OF MONTGOMERY  )

On the 8 th day of ~~September~~ October 1993, before me, A Notary Public, the undersigned Officer, personally appeared LOUISA M. GUTT and ALVIN J. GUTT, her husband, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_K. McMahon_
Notary Public

NOTARIAL SEAL
KARYN McMAHON, Notary Public
Norristown Boro, Montgomery County, Pa.
My Commission Expires Nov. 21, 1994

BOOK 0860 PAGE 0311

I HEREBY CERTIFY, that the precise residence of the Grantees is:

~~Route 191~~
~~Lake Ariel, PA 18436~~
191 E 76th St.
New York, N.Y. 10021

_____
Attorney for Grantees


COMMONWEALTH OF PENNSYLVANIA )
COUNTY OF WAYNE              )

    Recorded on this 13th day of October , 1993, in the Recorder's Office of the said County in Record Book Volume 860, Page No. 309.

    Given under my hand and the seal of the said Office, the date above written.

_____
Recorder of Deeds

# This Deed,

Made the *5th* day of *July* A. D. 1966

between the Corporation by the name, style and title of ARIEL LAND OWNERS, INC., a Pennsylvania corporation, of the Villiage of Lake Ariel, Township of Lake, County of Wayne and State of Pennsylvania

of the one part and ALVIN J. GUTT and LOUISA A. GUTT, his wife, as tenants by the entirities, of the Town

of Pittsford County of
Monroe in the State of New York of the other part

Witnesseth, that the said Ariel Land Owners Inc. for and in consideration of the sum of five hundred ($500.00)

Dollars, lawful money of the United States, to it in hand paid by the said Alvin J. Gutt and Louisa A. Gutt, his wife

at the time of the execution hereof, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, enfeoffed, released and confirmed, and by these Presents does grant, bargain, sell, alien, enfeoff, release and confirm unto the said Alvin J. Gutt and Louisa A. Gutt, his wife, their heirs

and Assigns,

all that certain piece or parcel of land, situate , lying and being in the Villiage of Lake Ariel, Township of Lake, County of Wayne and State of Pennsylvania, bounded and described as follows:

Beginning at a pipe on the easterly side of the State Highway Route No. 191 leading from Hamlin to Honesdale Pa., the said corner being the northwesterly corner of the lands of Frederick Moesel; thence along said highway North 20 degrees and 19 minutes East 60 feet to a pipe corner, thence South 59 degrees and 42 minutes East 126.3 feet to a pipe corner, thence South 15 degrees and 30 minutes East 60 feet to a pipe corner, thence along other lands of Frederick Moesel North 65 degrees and 54 minutes West 159.85 feet to the place of beginning.

Containing 7,290 square feet of land more or less.



*Together with all and singular the buildings, privileges, hereditaments and appurtenances whatsoever thereunto belonging or in anywise appertaining, and the reversions and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of it, the said* **Ariel Land Owners, Inc**

*either in law or equity, of, in and to the same*

*To Have and to Hold the said messuage or tenement and lot or piece of ground above described, hereditaments and premises hereby granted, bargained and sold or mentioned, or intended so to be, with the appurtenances, unto the said* **Alvin J. Gutt and Louisa A. Gutt, his wife, their heirs** *and Assigns, to and for the only proper use and behoof of the said* **Alvin J. Gutt and Louisa A. Gutt, his wife, their heirs**

*and assigns forever*

*And the said party of the first part for itself and its successors, does hereby covenant and agree to and with the said* **Alvin J. Gutt and Louisa A. Gutt, his wife, their heirs**

*and Assigns, thereof*

*the said party of the first part and its successors, all and singular the said hereby granted premises, with the appurtenances, unto the said* **Alvin J. Gutt and Louisa A. Gutt, his wife, their heirs**

*and Assigns, against it the said party of the first part and its successors, and against all and every other person and persons whomsoever lawfully claiming or to claim the same or any part thereof.*

*Shall and Will Warrant and forever defend by these Presents*

*In Testimony Whereof, the said* **Ariel Land Owners, Inc** *has caused this Indenture to be signed by its President, attested by its Secretary and affixed hereunto the common and corporate seal of the said Corporation, that the seal affixed hereto is the seal of said Corporation, that it was so affixed by order of the Board of Directors of said Corporation, and that they signed their names hereto by like order, the day and year first above written.*

*Signed, Sealed and Delivered*
*in the presence of*

Commonwealth of Pennsylvania } ss.
County of Lackawanna

On this, the 5th day of July A. D. 19 66 , before me
A Notary Public the undersigned officer, personally
appeared Thomas A. Dempsey who acknowledged himself to be
the President of Ariel Land Owners, Inc.
a Corporation, and that he as such President being authorized to do so,
executed the foregoing instrument for the purposes therein contained by signing the
name of the Corporation by himself as

In Witness Whereof, I hereunto set my hand and official seal.

_____
Notary Public
Title of Officer

I hereby certify that the precise residence of the grantees is
12 Pine Hill Drive, Pittsford, New York.

_____
**Attorney for Grantees**

**Deed**

From A Corporation

ARIEL LAND OWNERS, INC.

ALVIN L. GUTT and
LOUISA A. GUTT

NTER'D FOR RECORD
RECORDER'S OFFICE

JUL 15 11 52 AM '66

WAYNE COUNTY, PA.
STAMPS

REC'D. PAYMENT
L. BYRON DAVIS

Dated
For
Recorded
Consideration—$

Entered for record in the Recorder's
Office of the _____ day of
the _____ A. D. 19
Tax $ _____ Fees $

Recorder.

Commonwealth of Pennsylvania } ss.
County of WAYNE

Recorded on this 15th day of JULY A. D. 1966 , in the

Recorder's Office of the said County in Deed Book 233 Volume

Page 394A

Given under my hand and the seal of the said Office, the date above written.

_____ Recorder

BOOK 233 PAGE 395

F. BURTON DERBY et ux. :     LEASE

    TO     : THIS AGREEMENT, made and entered into this twenty-ninth day

FREDERICK C. MOESEL et ux. : of August, 1952, BY AND BETWEEN, F. BURTON DERBY and JEAN-

NETTE DERBY, his wife, of the township of Lake, county of Wayne and Commonwealth of Penn-

sylvania, parties of the first part, AND FREDERICK C. MOESEL and MARGARET MOESEL, husband

and wife, of #1711 Melrose Avenue, Havertown, Pennsylvania, parties of the second part,

    WITNESSETH, that the said parties of the first part, in consideration of the sum

of one and 00/100 ($1.00) dollar, to them in hand paid by the parties of the second part,

at the time of the execution of this Agreement, receipt whereof is hereby acknowledged, and

of the covenants hereinafter specified to be fully kept and performed by the parties of the

second part, do demise and lease, for the term of nine hundred and ninety-nine (999) years,

the following described real estate, situate in the Township of Lake, county of Wayne and

Commonwealth of Pennsylvania, viz:

    LOT #2: BEGINNING at a stake corner in stone wall, the Northwest corner of F. C.

Moesel's lot; and on the East side of highway; thence along the highway North twenty-three

(23) degrees forty-six (46) minutes East thirty (30) feet to stake and stones; thence along

the Grantor, South sixty-five (65) degrees fifty-four (54) minutes East one hundred and

fifty-nine and eighty-five one-hundredths (159.85) feet to stake and stones and North sev-

enty-four (74) degrees thirty (30) minutes East one hundred and fifty (150) feet to stake

and stones fifty (50) feet more or less from the west shore of Lake Ariel; thence along the

shore, South fifteen (15) degrees thirty (30) minutes East sixty (60) feet to stake and

stones; thence South seventy-four (74) degrees thirty (30) minutes West one hundred and

fifty (150) feet; thence South seventy-nine (79) degrees twenty (20) minutes West fifty-

seven and eighty-four (57.84) feet to stake and stones; thence along lot of F.C.Moesel

North twenty-three (23) degrees forty-six (46) minutes East fifty (50) feet and North sixty-

six (66) degrees fourteen (14) minutes West one hundred and fifty (150) feet to the place

of BEGINNING. CONTAINING 15,660 square feet.

    TOGETHER with the right and privilege at any and all times hereafter during the

term of this Lease, of free access, ingress and egress from the lands hereby leased to the

margin of said Lake Ariel and vice versa, across and upon the strip of land fifty (50)

feet in width lying between the lot of land hereby leased and the margin of said Lake.

    It being distinctly understood and agreed by and between the parties hereto that

no fence, buildings or other obstructions of any kind shall be erected or placed upon said

strip of land lying between the lot hereby leased and the margin of said lake to inter-

cept or impede free passage across the same or any part thereof.

    Said parties of the second part, shall during the term of this Lease, for the con-

sideration herein named, have the right to fish in the waters of said Lake Ariel, but

nothing herein contained shall give the parties of the second part a right to fish out of

season or in violation of the fish and game laws of the Commonwealth. And the said part-

ies of the second part are hereby expressly prohibited from catching fish of any kind or

description from the waters of said Lake between the first day of November and the first

day of June in each and every year.

    TOGETHER WITH THE RIGHT to erect on the margin of said Lake in front of the prem-

ises hereby leased; but so as not to obstruct in any way the full width of the fifty (50)

feet passageway or street above mentioned, a boat-house of neat and suitable design to be

used only by the parties of the second part for their benefit and the benefit of members

of their family and their guests and in no case and at no time for rent or hire.

    IN ADDITION to the right of passage to and from the Lake across the land in front

of the premises herein described and leased, the parties of the second part shall have

the right to use all roads and streets laid out and opened by the said parties of the

first part, or its predecessors in title, about said Lake in common with other lot-holders having similar privileges.

IN CONSIDERATION of the rights and privileges above mentioned and granted and of boating and fishing upon said Lake, the parties of the second part in addition to the consideration hereinbefore mentioned, agree to pay to the parties of the first part the sum of Fifteen and 00/100 ($15.00) dollars per year, payable on or before the first day of June in each and every year. It is, however, agreed that any rental that remains due and unpaid shall be recoverable only out of the said real estate and the rights and appurtenances hereby demised.

ANY VIOLATION of the part of the second parties of any of the terms of this Agreement, or any use or appropriation of the lands hereby demised for the purpose or purposes other than such as are mentioned and agreed upon in said contract, shall work an immediate forfeiture of this Agreement of Lease, and proof or proofs of such violation being fully sustained in an action of ejectment or other appropriate action at law, it will be lawful for the said parties of the first part to retake possession of the premises hereby demised, and own, control and use the same in the same manner as if this Agreement of Lease had never been entered into.

ALL and singular the covenants and agreements herein mentioned shall be binding upon and inure to the benefit of the parties hereto and their heirs, administrators and assigns, as fully as if they were in every instance herein named.

IN WITNESS WHEREOF, the parties to this Lease have hereunto set their hands and seals the 29th day of August 1952.

| Witness: | F. Burton Derby | (L.S.) |
|----------|-----------------|--------|
| Katherine M. Firmstone | Jeannette Derby | (L.S.) |
| | (First Parties) | |
| | Frederick C. Moesel | (L.S.) |
| Thomas J. Foley | Margaret Moesel | (L.S.) |
| | (Second Parties) | |

COMMONWEALTH OF PENNSYLVANIA :
                                SS.
COUNTY OF LAEKA             :

On this, the 29th day of August 1952, before me the undersigned officer, personally appeared, F. BURTON DERBY AND JEANNETTE DERBY, his wife, known to me, to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

Mary Duffy, N. P.      (SEAL)

Com. exp. Mch 25, 1953.

COMMONWEALTH OF PENNSYLVANIA :
                                SS.
COUNTY OF LACKA             :

On this, the 29th day of August 1952, before me the undersigned officer, personally appeared, FREDERICK C. MOESEL and MARGARET MOESEL, his wife, known to me, (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

Mary Duffy, N. P.      (SEAL)

Com. exp. Mch 25, 1953

I HEREBY CERTIFY that the precise residence address of the within named second parties is #1711 Melrose Ave., Havertown, Pennsylvania.

Thomas J. Foley, Attorney

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed Book No.

182, page 174. Witness my hand and seal this 3rd day of October A.D.1952 at 11:25 A.M.

<div align="right">Fred B. Trumm, Recorder     (SEAL)</div>

HENRY C. WOOD et ux.     : THIS DEED, Made the 4th day of October in the year of our Lord

       TO             : one thousand nine hundred and fifty-two. BETWEEN HENRY C. WOOD

JOSEPH J. BROWN et ux.    : and LORETTA WOOD, his wife, of R. D. #2, Callicoon, New York,

party of the first part, GRANTORS AND JOSEPH J. BROWN and JOSEPHINE BROWN, his wife, of

349 Livermore Avenue, Staten Island, New York, party of the second part, GRANTEES

      WITNESSETH, that in consideration of Forty-five Hundred ($4500.00) Dollars, in hand

paid, the receipt whereof is hereby acknowledged; the Grantors do hereby grant and convey

to the said Grantees their Heirs and Assigns,

      ALL that certain piece or parcel of land situate in the Township of Manchester,

County of Wayne and State of Pennsylvania, bounded and described as follows, to wit:

      BEGINNING at a corner of lands formerly owned by Nathanial Tyler; thence north six-

teen and one-half (16½) degrees west along the Salt River flats on line of land of Lucias

Reamer sixty and four-tenth (60.4) perches to a corner in line of Hiram Cole land; thence

south seventy-three and one-half (73½) degrees west along the line of said Cole and line of

land formerly owned by M. Mogridge eighty-eight and one-half (88½) perches to a corner of

lands formerly owned by W. D. Adams, deceased; thence south sixteen and one-half (16½) de-

grees east along the line of said Adams sixty and four tenths (60.4) perches to a corner

of lands now owned by Nathanial Tyler; thence north seventy-three and one-half (73½) de-

grees east along the line of the last mentioned land eighty-eight and eight tenths (88.8)

perches to the place of BEGINNING. CONTAINING thirty-three (33) acres and eighty-six one-

hundred-sixtieth (86 1/160) acres be the same more or less.

      BEING the same land that Nettie Depew McDonnell, et al, by deed dated March 25,

1937 and recorded in Wayne County Deed Book 141 at page 500, granted and conveyed to

Charles V. Depew. And the said Charles V. Depew died October 1, 1949, and by his Will

dated September 12, 1949, which Will is recorded in Wayne County Will Book 26 at page

320, devised all of his real estate to his sister, Loretta Wood, one of the Grantors herein.

      STATE STAMPS $45.00 cancelled

      FEDERAL STAMPS $4.95 cancelled

      AND the said Grantors Will Warrant generally the property hereby conveyed.

      IN WITNESS WHEREOF, the Grantors have hereunto set their hands and seals the day

and year first above written.

<div align="right">Henry C. Wood     (SEAL)</div>

<div align="right">Loretta Wood     (SEAL)</div>

COMMONWEALTH OF PENNSYLVANIA :

                     SS.

COUNTY OF WAYNE         :

      On this, the 4th day of October A.D.1952, before me the undersigned Officer, per-

sonally appeared Henry C. Wood and Loretta Wood, his wife, known to me (or satisfactorily

proven) to be the person whose names are subscribed to the within instrument, and acknowl-

edged that they executed the same for the purposes therein contained.

      IN WITNESS WHEREOF, I hereunto set my hand and official seal.

<div align="right">Robert H. Rayner, J. P.     (SEAL)</div>

<div align="right">My comm. exp. Jan. 1954</div>

      I HEREBY CERTIFY, that the precise residence of the Grantee is 349 Livermore Ave.,

Staten Island, New York.

<div align="center">- - - -</div>
<div align="center">Attorney</div>

FLORA M. SCHADT, EX'X.　:　This Agreement, made and concluded this 20th day of January

　　　　TO　　　　　:　1921, by and between Flora M. Schadt, Executrix of the last

MRS. GEORGE F. O'BRIEN　:　will and testament of Charles H. Schadt, late of the city of

Scranton and State of Pennsylvania, deceased, party of the first part; and Mrs. George F.

O'Brien of the said city of Scranton and State of Pennsylvania, party of the second part;

Witnesseth; That the said party of the first part, for the consideration hereinafter named

and the covenants hereinafter specified to be fully kept and performed by the party of the

second part, hereby lets, leases and demises unto the said party of the second part for the

term of nine hundred and ninety nine years, the following described real estate, viz: All

that certain piece or parcel of land situate in the township of Lake, County of Wayne and

State of Pennsylvania, bounded and described as follows: Beginning at the northwesterly

corner of a lot of land heretofore leased to the party of the second part, in the easterly

margin of the road leading from Lake Ariel to Hamlin; thence along the said margin of said

road, north twenty five degrees and twenty two minutes east, fifty feet to a corner in said

road margin; thence along other lands of the said first party, south sixty four degrees and

thirty eight minutes east one hundred and fifty feet to a corner; thence along other lands

of said first party; south twenty five degrees and twenty two minutes west fifty feet to a

corner; and thence by the northerly line of the lot already leased as aforesaid to the said

O'Brien, north sixty four degrees and thirty eight minutes west, one hundred and fifty feet

to the place of beginning. Containing seven thousand five hundred square feet of land be the

same more or less. Also that certain other lot of land situate in the same township, county

and state, bounded and described as follows, viz:

　　　　Beginning at the southwesterly corner of a lot of land heretofore leased to the party

of the second part, in the easterly margin of the said road leading from Lake Ariel to Hamlin

thence along the said margin of said road, south twenty five degrees and twenty two minutes

west, ten feet to a corner in said road margin; thence along other lands of the said first

party, south sixty four degrees and thirty eight minutes east, one hundred and fifty feet to

to a corner; thence, along other lands of the said first party, north twenty five degrees and twenty two minutes east, ten feet to a corner, and thence, by the southerly line of the lot already leased as aforesaid to the party of the second part, north sixty four degrees and thirty eight minutes west one hundred and fifty feet to the place of beginning. Containing fifteen hundred square feet of land, be the same more or less. Being parts of the same parcel of land which Charles E. Mills et. al. by deed dated April 8th 1896 and recorded in Wayne County in Deed Book No. 80, page 36, granted and conveyed to Charles H. Schadt, P. J. Horan and M. J. Healy. The said P. J. Horan and heirs of the said M. J. Healy having conveyed their interest in said property to the said Charles H. Schadt, by deed dated Dec. 23, 1905, and recorded in Wayne County in Deed Book No. 94, page 331. And the said Charles H. Schadt, having died testate, did, by his last will and testament, duly executed and proved in the office of the Register of Wills in Lackawanna County, make his widow, Flora M. Schadt above named, the executor thereof, with full power and authority to sell and convey real estate and to execute and deliver the necessary deeds and papers to assure such conveyances. It is hereby agreed and expressly stipulated that no hotel or public hoarding house shall be erected, kept or maintained on the land hereby demised, and that no vinous, spirituous or malt liquors shall be sold or kept for sale on the said premises hereby demised, during the term of this lease. The said party of the second part also agrees, for herself her heirs and assigns to pay all taxes and municipal assessments which may be assessed or levied upon the property hereby demised during the term of this lease. In consideration of the demise and lease herein mentioned, the said party of the second part agrees to pay to the said party of the first part on the due execution and delivery of this lease, the sum of three hundred dollars, and at the expiration of the term of this lease the sum of one dollar ($1.00), This demise isupon condition that the covenants of the second party shall be fully kept and performed, and on any breach thereof the estate hereby demised shall, at the election of the first party, cease and determine, and the proof of such breach or violation of the terms hereof being duly sustained by an appropriate action at law, it will be lawful for the said first party to re enter and take possession of the premises hereby remised and granted without any further notice or demand. The possession of the premises hereby demised to be given to the said party of the second part on the execution and delivery of this lease. All and singular the covenants and agreements herein contained shall be binding upon and inure to the benefit of the heirs, executors, administrators, successors and assigns of the parties hereto.

In Witness Whereof the said parties to this agreement have hereunto set their hands and seals the day and year first above written.

Flora M. Schadt           (Seal)

Executrix of the will of
Charles H. Schadt, deceased.

Genevieve K. O'Brien       (Seal)
Mrs. George O'Brien

State of Pennsylvania     : 
                       ss.
County of Lackawanna    :

Before me, a notary public duly commissioned in and for said county and state, personally appeared the above named Flora M. Schadt, Executrix, and in due form of law acknowledged the above Abreement to be her act and deed and desired that the same might be recorded as such.

Witness my hand and notarial seal this 20th day of January 1921.

W. H. Thomas           (Seal)

Notary Public

My commission expires 1st Mon. Jan. 1922.

Recorded in the office for the recording of Deeds in and for Wayne County in Deed Book No. 115 page 524.  Witness my hand and seal this 1st day of February 1921.

W. B. Lesher        (Seal)

Recorder.

EXHIBIT "J"

# Your Wayne County Map



1337 Lake Ariel Hwy

106 W Shore Dr

108 W Shore Dr

110 W Shore Dr

W Shore Dr

1331 Lake Ariel Hwy

Lake Ariel Hwy

1327 Lake Ariel Hwy

1328 Lake Ariel Hwy

1325 Lake Ariel Hwy

120 W Shore Dr

1320 Lake Ariel Hwy

1/9/2025, 4:21:56 PM



Municipal Boundaries

Addresses

Roads

—— PA TRAFFIC ROUTE

-·-·- PRIVATE ROAD

Driveways

Waterbodies

1:1,293

| 0 | 0.01 | 0.01 | 0.03 mi |

| 0 | 0.01 | 0.03 | 0.05 km |



Map data © OpenStreetMap contributors, Microsoft, Facebook, Inc. and its
affiliates, Esri Community Maps contributors, Map layer by Esri

Wayne County Dept. of Planning/GIS
Wayne County Dept. of Planning/GIS

# Your Wayne County Map



1/9/2025, 4:26:08 PM

Municipal Boundaries

Addresses

Roads

PA TRAFFIC ROUTE

PRIVATE ROAD

Waterbodies

1:1,293

| 0 | 0.01 | 0.01 | 0.03 mi |
| 0 | 0.01 | 0.03 | 0.05 km |

Map data © OpenStreetMap contributors, Microsoft, Facebook, Inc. and its affiliates, Esri Community Maps contributors, Map layer by Esri

Wayne County Dept. of Planning/GIS

Wayne County Dept. of Planning/GIS

# Your Wayne County Map



1/9/2025, 4:30:42 PM

1:1,293

| 0 | 0.01 | 0.01 | 0.03 mi |
|---|------|------|---------|

| 0 | 0.01 | 0.03 | 0.05 km |
|---|------|------|---------|

- - - Municipal Boundaries
- Addresses

Roads
——— PA TRAFFIC ROUTE
–·–·– PRIVATE ROAD

——— Driveways
Waterbodies

Map data © OpenStreetMap contributors, Microsoft, Facebook, Inc. and its affiliates, Esri Community Maps contributors, Map layer by Esri

Wayne County Dept. of Planning/GIS
Wayne County Dept. of Planning/GIS

Labels on map:
108 W Shore Dr
110 W Shore Dr
1331 Lake Ariel Hwy
1327 Lake Ariel Hwy
1328 Lake Ariel Hwy
1325 Lake Ariel Hwy
1320 Lake Ariel Hwy
120 W Shore Dr
1310 Lake Ariel Hwy
Lake Ariel Hwy
W Shore Dr

# Your Wayne County Map



1/9/2025, 4:34:54 PM



Municipal Boundaries

Addresses

Roads

**PA TRAFFIC ROUTE**

**PRIVATE ROAD**

Driveways

Waterbodies

1:1,293



0      0.01      0.01      0.03 mi

0      0.01      0.03      0.05 km

Map data © OpenStreetMap contributors, Microsoft, Facebook, Inc. and its affiliates, Esri Community Maps contributors, Map layer by Esri

Wayne County Dept. of Planning/GIS
Wayne County Dept. of Planning/GIS

EXHIBIT "K"

July 10, 1990

Dear Lake Ariel Resident:

As you are probably aware, my wife and I have been sued by Ariel Land Owners, Inc., (as a named defendant) in a civil action to a quiet title.

Previous communications that were sent to you by Ariel Land Owners, Inc., portrayed us as plaintiffs in the suit rather than defendants.

One of the alleged purposes of the lawsuit is to ensure privacy on the lake by stopping developments supposedly by my wife and I.

Privacy is also very important to us. It's one of the reasons why we selected Mud Pond in the first place and why we have purchased the adjacent lots. I might add that these lots have never been advertised for sale.

Further, we are not land developers. The only property we have developed is our own, i.e., the house on Mud Pond which we restored as our retirement home.

If you frequent Mud Pond, you will see my wife and I working on our home on most weekends. I thought the community would have appreciated our efforts and would have encouraged us to become active members and a potential valuable ally against unnecessary development. At the very least, I would have expected people to sit down and discuss with us whatever problem they had before starting a lawsuit against us.

The suit initiated a formal process which has required us to defend not only our use of the waters of Lake Ariel but of Mud Pond as well. Our defense includes some legal arguments that could cause serious problems for the lake community. For this reason we have attempted to discuss an amicable settlement, one we feel is in the best interest of all parties.

To date Ariel Land Owners, Inc., has refused to meet with us.. This is in spite of my personal assurances that my wife and I share the same goals as The Ariel Land Owners, Inc.: To keep Lake Ariel private and free from the encroachment of developers.

We stand prepared to amicably settle this matter without harm or detriment to all Lake Ariel property owners.

Sincerely,

Joseph P. Asaro

Elaine M. Asaro

EXHIBIT "L"

ALBERT G. RUTHERFORD II

MARK R ZIMMER

MICHAEL P. LEHUTSKY

CLARENCE E. BODIE
1931-1976

## RUTHERFORD AND ZIMMER

### ATTORNEYS AND COUNSELLORS AT LAW

921 COURT STREET

HONESDALE, PENNSYLVANIA 18431

TELEPHONE 717-253-2500

TELEFAX 253-7909

September 21, 1990

An Open Letter to the Shareholders of
Ariel Land Owners, Inc.

Dear Shareholder:

In case you are not aware, I have been the attorney for Ariel Land
Owners, Inc. for the past few years. In particular, I have been
the attorney of record in the case of Ariel Land Owners, Inc.
versus Joseph and Elaine Asaro. The frustration some of you have
vented toward the Board and its officers at the annual shareholders
meeting regarding their dogmatic refusal to discuss this case
should properly be vented toward me. I have steadfastly advised
the Board and the officers to discuss this case with no one. This
specifically included a frank discussion of the case at a
shareholders' meeting. My decision and advice on this issue was
done for a tactical reason. It became evident once the suit was
begun that the defendants were going to use every opportunity
including spies within our own organization to discover what our
theories, evidence and negotiating tactics might be. I did not
wish any of this to be obtained except through the usual discovery
processes used in every court case.

Since the case has now been resolved, that concern is no longer
valid. The Board of Directors decided almost a month ago that once
the case was completed, I should write a letter to the shareholders
explaining the suit and its outcome. This is the purpose for this
letter.

I was first made aware of the possible problem with Mr. Asaro when
I received a telephone call from T Malakin on July 6, 1988. At
that time I was told that Mr. Asaro, a property owner on Mud Pond,
was going through the channel between Mud Pond and Lake Ariel in
his motorboat. This was causing a great deal of disturbance within
the channel and the Board of Directors was receiving complaints
from the Lake Ariel residents regarding that disturbance.
Additionally, I was told that Mr. Asaro did not have a lease to use
the lake. I sent Mr. Asaro a letter on July 7, 1988, telling him
to please stay off the lake inasmuch as he did not have a lease to
use the same. Mr. Asaro contacted me by telephone after receiving
my letter. At that time he told me that he had a right to be on
the lake. He did not elaborate as to where he got that right and
indicated he did not wish to do so as part of what may become a
litigation situation.

After reporting this to the Board of Directors, the Board authorized this firm to conduct title research for both Ariel Land Owners, Inc. and the Joseph Asaro property. This rather exhaustive research was completed. It appeared as a result of this research that Mr. Asaro did not have the right to use Lake Ariel. In fact, it appeared that he and his predecessors in title bordered Lake Ariel but did not have the right to go on it. The defendants own a large number of separate lots within the development on Mud Pond. Many of these lots are on the waterfront. All of the lots in the development including those of the defendants, contain the following clause, "also granting and conveying to the Grantee, his heirs and assigns,...together with any rights the Grantor may have regarding the use of the water of Lake Ariel for boating, bathing and fishing, or other purposes,..." This clause first appeared in the chain of title for the defendants in 1961.

Inasmuch as the Asaros did not communicate to us their reason for believing they had a right to use the waters of Lake Ariel in spite of the fact that they had been asked through their counsel to provide their theory on numerous occasions, it was the opinion of the Board that not only should the extensive title research be done but a survey of Lake Ariel should be completed in order to determine what exactly the corporation owns. All of this was done on the wise assumption that the Asaro problem would not go away and that since the language I quoted above was contained in several other lots in the development, the problem may actually get worse. The surveying firm of M.R. Zimmer & Associates was therefore engaged for the purpose of surveying Lake Ariel.

The survey confirmed that the corporation actually owns Mud Pond and that Mud Pond is part of Lake Ariel. Although this is certainly to be considered an asset to the corporation, it also carries with it a certain amount of responsibility. Obviously Mud Pond must be preserved and cared for.
Upon completion of the survey and the title research, the Board was now faced with the following situation:

1. Ariel Land Owners owns Mud Pond and Lake Ariel.
2. A development situated on Mud Pond purports to convey some type of lake rights to the owners of the lots.
3. The majority lot owner in that development is openly claiming lake rights and using the lake as if he had the same.
4. Other individuals situated within that same development could do the same.
5. When the Asaros decide to sell off their lots or develop the same, more and more individuals will be using Mud Pond, the channel and Lake Ariel.

Our firm was therefore authorized to commence suit inasmuch as Mr. Asaro continued to trespass upon the lake. Although trespass suits could have been initiated against Mr. Asaro, it was the belief of this firm that this would result in multiple litigation without resolving the question of title. For this reason the quiet title action was chosen and commenced.

Unfortunately for the stockholders of Ariel Land Owners, Mr. Asaro used various avenues outside of the court system to try to pressure the Board of Directors into seeing his way. I am firmly convinced that the letter of July 1990 directed to the shareholders and timed to be sent just before the annual shareholders meeting was just such an avenue. None of these avenues were successful with the Board. The Board has maintained throughout that its primary obligation is to the stockholders and Lake Ariel. The overpopulation of the lake as well as the use of motorboats throughout the Mud Pond and channel area has also been paramount in the Board's mind.

As the time for trial approached it became evident that the Asaros could not disagree with the survey which had been completed and that their main defense took the form of prescriptive rights - they and their predecessors in title had used the lake for so long that they had the right to do so. This appears to have been the source for the clause I quoted above. Additionally, the Asaros were going to argue that an easement had been created in the 1800's from a predecessor in title.

Although none of these claims appeared to be ones upon which the Asaros could prevail, the Board quite wisely looked to the future and decided to seek things which may not or could not have been granted as part of the litigation in this case. First, the Board recognized that Mr. Asaro would obviously not give up this fight even if he lost at trial. Second, the Board recognized that Mr. Asaro does live on Lake Ariel and that the Board consistently gives lake rights to people who live on Lake Ariel. Third, the uniqueness of the situation regarding Mud Pond and the channel between it and Lake Ariel Proper had to be addressed. Additional bonuses would be the limiting of development wherever possible and the service of notice to other trespassers that this type of action would not be tolerated.

Early on in the litigation the Board had made the decision that it would not enter into negotiation with the Asaros unless and until they acknowledged that Ariel Land Owners, Inc. owned the lake and was the only entity which could grant lake rights. Once the Asaros made that concession, settlement negotiations began.

Letters detailing the settlement negotiations between myself and Attorney Patrick Lavelle on behalf of the Asaros are contained

within the corporate minute books and are available upon request
for inspection by all of you. Additionally, the final settlement
is filed in Wayne County to Number 1082, 1989, Civil, and is also
recorded in the Recorder of Deeds Office. A copy of the final
settlement agreement is enclosed herewith. The map referred to is
not reproduced inasmuch as it is quite large.

The settlement encompasses the following points:

    1.  The issue of ownership of Lake Ariel is put to rest (this
will serve notice to other trespassers).
    2.  Development of the Asaro properties is strictly limited
and notice is served to subsequent purchasers from the Asaros that
they do not have the automatic right to use Lake Ariel.
    3.  Mud Pond and the channel are protected and money is
provided from the lease for lake rights to study Mud Pond and
determine what is best for the care and preservation of the same.
    4.  Some of the fees and costs of the litigation can be
deferred through the use of the rental money for the 1991 and
subsequent years' leases for the property near the Lake Ariel
Hotel.

I hope and trust that this is a sufficient explanation to you for
the case itself as well as the resolution of the same. I believe
that the Board of Directors has acted in the best interest of the
shareholders and Lake Ariel itself in the entire pursuit and
resolution of this suit.

In conclusion, I would like you to be aware since the case has now
been settled, that members of the Board of Directors are more than
willing to discuss this matter with you and would be happy to do
so if called upon.

                Very truly yours,

                RUTHERFORD AND ZIMMER

                MARK R. ZIMMER

MRZ:nhs

cc: Ariel Land Owners, Inc.

EXHIBIT "M"

Case 3:23-cv-01576-JFS   Document 1-20   Filed 09/21/23   Page 2 of 7
Case 3:15-cv-00950-MWB   Document 25-1   Filed 12/23/15   Page 2 of 6
Case 3:15-cv-00478-ARC   Document 1-2   Filed 03/10/15   Page 2 of 8

*No. 1*

①

# SETTLEMENT AGREEMENT

THIS AGREEMENT is entered into as of August 28, 2006 by and between the owners of lots near the western shore of Lake Ariel listed as additional Counterclaim Defendants on the Third Amended Counterclaim filed by Dring/Asaro in the Lawsuit referred to below (the "Property Owners"); Ariel Land Owners, Inc. ("ALO"); and Lori Dring and Nancy Asaro ("Dring/Asaro").

1. The parties hereto have agreed upon a complete settlement of all claims concerning the Property Owners, and a partial settlement of certain issues between ALO and Dring/Asaro arising out of the lawsuit entitled *Ariel Land Owners, Inc. v. Lori Dring and Nancy Asaro, United States District Court, Middle District of Pennsylvania, Docket No. 3:01-CV-0294* (the "Lawsuit") upon the terms and conditions set forth herein.

2. Dring/Asaro agree to subdivide the strip of land along the western shore of Lake Ariel which was acquired by deed from Wells College dated December 6, 2001 and from Rensselaer Polytechnic Institute dated November 2, 2001 (the "Western Shore Strip") along the southerly property line of Lot 48, Block owned by Maryanne Gillespie as shown on the Tax Map No. 12-03 for Lake Township, Wayne County, PA which was marked for identification as Exhibit DT-70 in the Lawsuit. That portion of the Western Shore Strip north of the subdivision line is hereafter called the North Strip, and that portion of the Western Shore Strip south of the subdivision line is called the South Strip.

3. Dring/Asaro agree to execute and deliver to ALO a quit claim deed of all of their right, title and interest in and to the North Strip, subject to a permanent easement to be granted in favor of the Property Owners for access over the North Strip and to maintain docks and/or boathouses on the North Strip. This permanent easement is not intended to grant the Property Owners any rights in or over any lands owned by ALO, or any interest in Lake Ariel owned by ALO. The conveyance shall be made for nominal consideration, and the Grantee shall be responsible to execute the Affidavit of Value and record the Deed. Dring/Asaro warrant and represent that they have not permitted any mortgages or other liens on the North Strip, and that there are no outstanding judgments against them.

4. Dring/Asaro agree to permit ALO to maintain the waters of Lake Ariel, Mud Pond and the channel connecting them up to an elevation of 1,425.9 feet above sea level over the South Strip and/or the lands owned by Dring/Asaro which were acquired from Robert Swingle et al by deed dated September 13, 1996 and recorded on September 13, 1996 at Wayne County Book 1176, Page 0197; and corrective deed dated September 25, 1998 and recorded on September 25, 1998 at Deed Book 1418, Page 139 (hereafter collectively the "Swingle Tract").

5. ALO shall execute and deliver to Dring/Asaro instruments of conveyance, in recordable form, which transfer to Dring/Asaro the following:

*✱ execute and deliver to ALO a quit claim deed to create an easement which will*

525701.2

Case 3:23-cv-01576-JFS   Document 1-20   Filed 09/21/23   Page 3 of 7
Case 3:15-cv-00950-MWB   Document 25-1   Filed 12/23/15   Page 3 of 6

Case 3:15-cv-00478-ARC   Document 1-2   Filed 03/10/15   Page 3 of 8   ②

(a) Four (4) lake rights which will permit Dring/Asaro to construct and maintain *four (4)* docks along and into the water at the shore line of the Swingle Tract to be used for the launching and docking of watercraft, however these lake rights will not permit Motorized Boats (as hereafter defined) to be operated on Mud Pond or in the channel, or trolling motors to be operated in the channel.   *Located within Mud Pond*

(b) A permanent easement over the water and a parcel of land at the eastern shore of Lake Ariel, at the end of Cardinal Lane (the "Dock Area") described as a rectangular shape of approximately thirty (30') feet in width along the shoreline, and two hundred (200') feet in depth above the shoreline.

The easement shall permit Dring/Asaro to construct and maintain a dock of a size and configuration to accommodate launching and individual slips for dockage of four (4) Motorized Boats up to 21 feet in length, for use only on Lake Ariel. At the option of Dring/Asaro, one dock may be used in conjunction with the lake right owned by Joseph and Elaine Asaro in the event they surrender their current dock location on West Shore Drive to ALO. The easement shall also permit the parking of four automobiles on Cardinal Lane; access to and use of the launching ramp at the Beach Area; and storage of removable dock sections on Cardinal Lane. The size and configuration of the dock shall be subject to the approval of ALO, in accordance with customary policies and procedures of ALO uniformly applied to applications for similar structures. Dring/Asaro agree that automobiles shall be parked on the side of Cardinal Lane, and dock sections stored at the bottom of Cardinal Lane by the dock, so as to avoid blocking access along Cardinal Lane.

In the event Joseph and Elaine Asaro surrender their then current dock location, then they shall no longer be obligated to pay the dockage fee, but shall still be required to pay the annual fees for lake rights uniformly charged by ALO to holders of lake rights. ALO warrants that it has good and marketable title to the Dock Area, and the right to grant this easement.

ALO agrees to cooperate with Dring/Asaro in obtaining all necessary state and local permits required to construct the docks referred to in this Section 5, and Dring/Asaro shall pay the costs of the permits.

(c) The lake rights conveyed to Dring/Asaro shall:

(i) be fully paid and not assessable, except that upon transfer of a lake right by Dring/Asaro, the transferee shall thereafter be required to pay the annual fees uniformly charged by ALO to holders of lake rights;

(ii) be permanent and transferable, except that once a lake right has been allocated to a dock located on the Swingle Tract, the lake right can only be transferred in conjunction with the transfer of ownership of the property which provides access to such dock;

*** Three of the docks shall be used only in conjunction with three of the lake rights granted under subsection (a) hereof, and*

525701.2

Case 3:23-cv-01576-JFS   Document 1-20   Filed 09/21/23   Page 4 of 7
Case 3:15-cv-00950-MWB   Document 25-1   Filed 12/23/15   Page 4 of 6

Case 3:15-cv-00478-ARC   Document 1-2   Filed 03/10/15   Page 4 of 8

③

(iii) permit the holder of the lake right and his/her family and guests to use the waters of Lake Ariel, Mud Pond and the channel connecting them for boating, swimming, fishing and ice-skating;

(iv) a lake right has historically been used and shall continue to be used only in conjunction with a single family dwelling unit used for residential purposes and the occupants thereof related by blood or marriage and their invitees and guests (hereinafter collectively the "Family Unit");

(v) without limiting the generality of (iv) above, lake rights shall not be used by more than one (1) designated owner and her/his Family Unit holding a fractional interest in or under any time share, leasehold, condominium, townhouse or other multi-unit form of ownership or occupancy; and

(vi) notwithstanding subclauses (iv) and (v) above, each lake right granted herein may be used by one designated owner and her/his Family Unit without the necessity of building or occupying a residence.

(d) As used herein, the term Motorized Boat shall mean a boat which is powered by an inboard, outboard or inboard/outboard motor. Sailboats, canoes, kayaks, rowboats and boats powered by electric trolling motors with a maximum power of 12 volts or 36 pound thrust, unless otherwise generally permitted by ALO, shall not be considered Motorized Boats.

6. The Property Owners on the one hand, and Dring/Asaro on the other hand do hereby release the other party and such party's predecessors in title, successors and assigns from any and all claims arising out of or relating to the Lawsuit and the Western Shore Strip including but not limited to claims for compensatory damages, punitive damages, trespass, attorneys fees, or costs of court.

7. ALO on the one hand, and Dring/Asaro on the other hand do hereby release any and all claims against the other party and such party's predecessors in title, successors and assigns relating to the North Strip and ALO maintaining the water level of Lake Ariel, Mud Pond or the channel connecting them up to an elevation of 1,425.9 feet above sea level, including but not limited to claims for compensatory damages, punitive damages, trespass, attorneys fees or costs of court concerning these issues.

8. The respective rights and obligations of the parties under this Agreement are specifically excepted from the terms of any release granted to any party.

— *All claims asserted in*

9. All claims against the Property Owners set forth in the Third Amended Counterclaim will be dismissed with prejudice. *The* action pending in the Court of Common Pleas of the 22nd Judicial District, Commonwealth of Pennsylvania, Wayne County, Docket No. 248-2002 CV ~~will be dismissed with prejudice.~~ Except for the issues referred to in Section 7 hereof, the remaining claims of ALO set forth in the Third Amended Complaint and the remaining claims of Dring/Asaro against ALO set forth in

*are hereby released, except to the extent any of such claims are preserved under the next sentence, and the parties agree that any claims preserved under the next sentence are not barred by this release.*

525701.2

④

the Third Amended Counterclaim and the defenses raised by ALO and Dring/Asaro are preserved for trial. Nothing in this Agreement shall constitute an admission or acknowledgment as to, or evidence of, the title of ALO or Dring/Asaro to any property, or the boundary line of any property owned by ALO or Dring/Asaro. This agreement shall not constitute a bar against or release of any existing or future rights, claims or causes of action held by or accruing in favor of Dring/Asaro, except to the extent specifically released or to be dismissed as provided by this Agreement.

10. This Agreement shall be binding upon and inure to the benefit of the respective parties hereto, and their heirs, successors and assigns.

11. This Agreement may not be modified or amended except by a writing duly executed by the party sought to be charged with such amendment or modification.

12. All of the parties hereto acknowledge that they have had an opportunity to review the terms of the settlement with their own counsel, and have entered into this Agreement freely and voluntarily.

13. This Agreement shall be construed and interpreted under the laws of the Commonwealth of Pennsylvania.

14. The United States District Court for the Middle District of Pennsylvania shall have exclusive jurisdiction over any action or proceeding involving the interpretation or breach of this Agreement, and the parties hereto submit to the personal jurisdiction of such Court. The prevailing party in any such action shall be entitled to recover reasonable attorney's fees from the other party.

15. All Deeds and other instruments referred to herein shall be exchanged by the parties at a mutually convenience time within 30 days after obtaining the subdivision approval set forth in Section 2 hereof.

16. This Settlement Agreement is being executed by counsel for the respective parties, and counsel warrant and represent to each other that they have the authority to execute this Settlement Agreement on behalf of their respective clients, and bind their respective clients to the terms and conditions hereof.

17. *This Agreement represents the entire Agreement of the parties hereto with respect to the Partial Settlement as set forth herein.*

[Signature Page Follows]

525701.2

Case 3:23-cv-01576-JFS   Document 1-20   Filed 09/21/23   Page 6 of 7
Case 3:15-cv-00950-MWB   Document 25-1   Filed 12/23/15   Page 6 of 6

Case 3:15-cv-00478-ARC   Document 1-2   Filed 03/10/15   Page 6 of 8

⑤

IN WITNESS WHEREOF, counsel for the parties hereto have set their hands and seals this 28ᵗʰ day of August, 2006.

28 Aug 06

_____
Joseph R. O'Brien, Esquire, counsel to ALO
and the Property Owners

By _____
David Brown, Esquire, counsel to Philip
Diefenderfer

_____   8/08/06
Michael Profita, Esquire, counsel to
Dring/Asaro

525701.2

Case 3:23-cv-01576-JFS   Document 1-20   Filed 09/21/23   Page 7 of 7
Case 3:15-cv-00950-MWB   Document 25-2   Filed 12/23/15   Page 2 of 2
Case 3:15-cv-00478-ARC   Document 1-2   Filed 03/10/15   Page 8 of 8

## AMENDMENT TO SETTLEMENT AGREEMENT
## DATED AUGUST 28, 2006


WHEREAS, the parties hereto executed a Settlement Agreement on August 28, 2006 which resolved certain claims between the parties to the lawsuit entitled *Ariel Land Owners, Inc. v. Lori Dring and Nancy Asaro, United States District Court, Middle District of Pennsylvania, Docket No. 3:01-CV-2094* (the "Lawsuit"); and

WHEREAS, the parties desire to amend the Settlement Agreement as set forth herein;

NOW, THEREFORE, the parties hereto agree as follows:

1.    Section 15 is hereby deleted and replaced with the following:

"The application for subdivision approval referred to in section 2 hereof shall be made within sixty (60) days after a final, non-appealable decision has been entered in the Lawsuit. All deeds and other instruments referred to herein shall be exchanged by the parties at a mutually convenient time within thirty (30) days after obtaining the subdivision approval."

2.    All other terms and conditions of the Settlement Agreement remain in full force and effect.

IN WITNESS WHEREOF, counsel for the parties hereto have set their hands and seals this ____ day of August, 2007.


Joseph A. O'Brien, Esquire,
counsel to ALO and the Property Owners


David Brown, Esquire,
counsel to Philip Diefenderfer


Michael Profita, Esquire,
counsel to Dring/Asaro