IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LORI DRING AND NANCY ASARO,
Plaintiffs

v.

ROBERT J. CLAUSS, et al.,
Defendants

NO. 3:25-CV-00197
JUDGE SAPORITO

PLAINTIFFS' BRIEF IN RESPONSE AND OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

DAVOLOS LAW GROUP
PHILIP A. DAVOLOS, III, ESQUIRE
Attorney I.D. #210225
PO BOX 118
Clarks Summit, Pennsylvania 18411-0188
570-362-3492
pdavolos@davoloslaw.com
*Attorneys for Plaintiffs,*
*Lori Dring and Nancy Asaro*

ROTHENBERG & CAMPBELL
Howard A. Rothenberg, Esquire
(Id.# 38804)
Ryan P. Campbell, Esquire
(Id.# 317838)
345 Wyoming Avenue, Ste. 210
Scranton, PA 18503
p. 570.207.2889
HRLaw01@gmail.com
HRLaw04@gmail.com
*Attorneys for Plaintiffs,*
*Lori Dring and Nancy Asaro*

944635.1

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES……………………………………………..  ii

I.    INTRODUCTION ………………………………………………..  1

II.   COUNTERSTATEMENT OF FACTUAL BACKGROUND ……….  2

      A. The Property And The Parties ……………………………….  2
      B. The 2006 Agreement Does Not Release Future Claims; The 2019
         Agreement Only Releases Claims Prior to April 1, 2019……………. 3
         i.    The 2006 Agreement – Dring I…………………………… 5
         ii.   The 2019 Agreement – Gillespie……………………….. 7
         iii.  Defendants' Conduct After the Entry of Summary
               Judgment in Gillespie and the 2019 Agreement………………  8

III.  ARGUMENT…………………………………………………… 11

      A. The 2019 Agreement Is Fully Integrated – And The Final Expression
         Of The Parties Concerning The Exact Claims Released By Dring/Asaro
         And The Exact Claims Not Released By Dring/Asaro……………………12
      B. The 2006 Agreement Contains A Release Of Prior Claims By
         Dring/Asaro In Exchange For A Release Of Prior Claims By
         Defendants – The 2006 Agreement Cannot Be Rewritten
         To Release Future Claims By Dring/Asaro…………………………………14
         i.    The Parties Released Prior Claims The Parties Did Not
               Release Future Claims………………………………………………….14
      C. Defendants Attempt To Create Property Rights Through The 2006
         Agreement In A Manner Not Contemplated Under Pennsylvania Law – And
         Expressly Contrary To The Language Of The 2006 Agreement ………… 19
      D. Dring/Asaro Are Not Estopped, Because Dring/Asaro
         Never Argued That The 2006 Agreement Released Future Claims –
         Period, And ¶9 Contains A Reservation Of Rights Applicable to
         Dring/Asaro, But Not The Defendants…………………………… 21
      E. Compensatory Damages are Properly Recoverable Under Counts II and III
         and Punitive Damages are Properly Pled – Neither Form of Relief Should Be
         Dismissed……………………………………………………………..21
IV. CONCLUSION……………………………………………… 22

i

944635.1

## TABLE OF AUTHORITIES

**Case**                                                                    **Page**

Asaro v. Abernathy, 3:23-CV-01576, 2025 WL 950851,
 (M.D. Pa. Mar. 28, 2025)……………………………………………(passim)

Bickings v. Bethlehem Lukens Plate, 82 F.Supp.2d 402 (E.D. Pa. 2000)………..16

Bowman v. Sunoco, Inc., 620 Pa. 28, 65 A.3d 901 (2013)……………………....16

In re Brill's Estate, 337 Pa. 525, 12 A.2d 50 (1940)………………………………15

Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345 (3d Cir. 2003)………..…..16

Caplan v. City of Pittsburgh, 375 Pa. 268, 100 A.2d 380 (1953)…………………20

Clarke v. MMG Ins. Co., 100 A.3d 271, (Pa. Super. 2014)…………………...13,15

Cockcroft v. Metropolitan Life Ins. Co., 125 Pa.Super. 293, 189 A. 687 (1937)….15

Crofton v. St. Clement's Church, 208 Pa. 209, 117 A. 200 (1922)…………………20

Crum v. Pennsylvania R. Co., 226 Pa. 151, 75 A. 183 (1910)……………………18

De Sanno v. Earle, 273 Pa. 265, 270, 117 A. 200, 202 (1922)……………………..19

Flaccus v. Wood, 260 Pa. 161, 103 A. 549 (1918)…………………………………15

General Mills, Inc. v. Snavely, 203 Pa.Super. 162, 199 A.2d 540 (1964)………….15

General Refractories Co. v. First State Ins. Co., 94 F. Supp. 3d 649
(E.D. Pa. 2015)……………………………………………………………….....13

Gillespie v. Dring,19-2073, 2022 WL 1741888 (3d Cir. May 31, 2022)………11,17

Gillespie v. Dring, 350 F. Supp. 3d 333 (M.D. Pa. 2018),
 aff'd, 19-2073, 2022 WL 1741888 (3d Cir. May 31, 2022)…………………(passim)

G.R. Sponaugle & Sons, Inc. v. Hunt Const. Grp., Inc., 366 F.Supp.2d 236

944635.1

(M.D. Pa. 2004)………………………………………………………………...16

Henry Shenk Co. v. City of Erie, 352 Pa. 481, 43 A.2d 99 (1945)…………………15
Johnson v.    Jones, 244 Pa. 386, 90 Atl. 649, 52 L. R. A. (N. S.) 325……………20

Klein v. Stahl GMBH & Co. Maschinefabrik, 185 F.3d 98, (3d Cir. 1999)……….21

Marcum v. Columbia Gas Transmission, LLC, 549 F.Supp.3d 408,
(E.D. Pa.2021)  …………………………………………………………….....  17

Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773,
(3d Cir. 2001)…………………………………………………………………..21

Restifo v. McDonald, 426 Pa. 5, 230 A.2d 199 (1967)………………………………15

Ryan Operations G.P. v. Santiam–Midwest Lumber, Co., 81 F.3d 355
(3d Cir.1996)…………………………………………………………………22

Shepley v. Lytle, 6 Watts 500 (1837)………………………………………………..15

Three Rivers Motors Co. v. Ford Motor Co., 522 F.2d 885 (3d Cir. 1975)……….16

Wenger v. Ziegler, 424 Pa. 268, 226 A.2d 653 (1967)………………………………15

Yocca v. Pittsburgh Steelers Sports, Inc., 578 Pa. 479, 854 A.2d 425
(2004)………………………………………………………………………...12

Zurich General Acc. & Liab. Ins. Co. v. Klein, 181 Pa.Super. 48,
 121 A.2d 893, 896 (1956)………………………………………………………...15

944635.1

## INTRODUCTION

Plaintiffs, Nancy Asaro and Lori Dring ("Plaintiffs" or "Dring/Asaro"), commenced this action because Defendants use and/or occupy Plaintiffs' real property, known as the West Shore Parcel ("WSP"), without permission and without right or privilege.[1]  Plaintiffs' Complaint ("Comp.") states three valid causes of action against the Defendants: (1) Trespass, (2) Declaratory Judgment/Injunctive Relief, and (3) Ejectment.

Defendants' Motions to Dismiss must be denied, because, *inter alia*, (1) the claims made by Dring/Asaro in this action are not released, and (2) Defendants' estoppel arguments are unsubstantiated and without basis in fact or law. In addition, Plaintiffs have (a) pled sufficient facts to show that punitive damages are warranted, and available under the circumstances, and (b) compensatory damages for Counts II and III should be available as forms of relief.

On March 28, 2025, this Honorable Court denied an identical motion brought pursuant to Rule 12(b)(6) on the exact same basis, and issues, in a related matter styled, Asaro v. Abernathy, 3:23-CV-01576-JFS ("Abernathy"). See Asaro v. Abernathy, 2025 WL 950851 (M.D. Pa. Mar. 28, 2025)(Saporito, U.S.D.J.)(denying

---

[1] The Defendants in this action are Robert J. Clauss, Theodore E. Malakin, III, Jeffrey Barone, Marilee Barone, and Genevieve Gutt Saylor ("Defendants").

1

Rule 12(b)(6) motion on identical release and estoppel arguments raised in the brief in this matter) ("March 28 Opinion").[2]

## COUNTERSTATEMENT OF FACTUAL BACKGROUND

### A. The Property And The Parties:

The WSP is a roughly two-acre parcel of land, with an average width of fourteen to fifteen feet, that stretches for approximately one mile along the western shore of Lake Ariel. The WSP is contiguous to the aggregate eighty-nine acres that Plaintiffs own in fee on the western shore of Lake Ariel. See, Comp. at ¶¶1-9.

Defendants own or lease lots separated from the WSP by a private road, West Shore Drive, which is owned by non-party, for-profit corporation, Ariel Land Owners, Inc ("ALO"). ALO owns the lakebed and charges nearby residents, such as Defendants, for access to Lake Ariel. Defendants cross the WSP to access the lake. Defendants maintain docks and boathouses and other improvements on the WSP without permission, right or privilege.

Defendants now contend that they have the absolute right to continue to use Plaintiffs' property, without limitation to scope, nature, or duration. Defendants

---

[2] Plaintiffs must respond to FN1, p. 8 of Defendants' Brief (ECF 8). Defendants proposed a motion to consolidate binding all parties to the briefed issues in <u>Abernathy</u>. On March 31, 2025, following the March 28 Opinion, Defendants reneged on their own proposal. See Exhibits "A" – "C" hereto.

944635.1

essentially contend that they may treat Plaintiffs' property as their own – and that there is nothing that Plaintiffs can do to stop them. This is simply wrong.

### B. The 2006 Agreement Does Not Release Future Claims; The 2019 Agreement Only Releases Claims Prior to April 1, 2019

Attorney Joseph A. O'Brien is a figure central to the dispute between the parties in the instant litigation. Attorney O'Brien signed two (2) agreements that necessitate denial of the Defendants' Motions to Dismiss. Attorney O'Brien signed the first agreement on August 28, 2006 ("2006 Agreement") and Attorney O'Brien signed the second agreement on April 20, 2019 ("2019 Agreement").

For over two decades, Attorney O'Brien represented ALO and large groups of property owners in numerous lawsuits (instigated and bankrolled by ALO) against Dring/Asaro. The relevant litigation includes the following matters, all litigated before the late Hon. A Richard Caputo, U.S.D.J. ("Judge Caputo"): <u>Ariel Land Owners, Inc. v. Lori Dring and Nancy Asaro v. Ariel Land Owners, Inc., Karl R. Iffland and Alice L. Iffland, et al.</u>, Docket No.: 3:01-cv-00294-ARC ("<u>Dring I</u>"), which resulted in the 2006 Agreement, <u>Dring v. Ariel Land Owners, Inc.</u>, 3:15-cv-00478-ARC ("<u>Dring II</u>"); and (2) <u>Gillespie, et al. v. Dring</u>, 3:15-cv-00950- ARC ("<u>Gillespie</u>"), which resulted in the 2019 Agreement.[3]

---

[3] Of the Defendants in this action only Clauss was a party to <u>Dring I</u> and thus a direct party to the 2006 Agreement. No other Defendants in this action were parties to <u>Dring I</u>.

944635.1

The 2006 Agreement, signed by Attorney O'Brien on behalf of the property owners and ALO, partially settled the claims in <u>Dring I</u>. Unfortunately, ALO breached its obligations under the 2006 Agreement. Dring/Asaro did not breach their obligations under the 2006 Agreement. Nevertheless, in May 2015, a group of over sixty property owners ("Gillespie Plaintiffs"), represented by Attorney O'Brien, sued Dring/Asaro alleging, inter alia, breach of the 2006 Agreement.

In October 2018, Judge Caputo entered summary judgment against Gillespie Plaintiffs and dismissed all of their claims. In April 2019, the Gillespie Plaintiffs entered into the 2019 Agreement to avoid a trial on Dring/Asaro's counterclaim for trespass. Comp., Exhibit "BB", 2019 Agreement.[4]

The 2019 Agreement states in part the following:

> NOW THEREFORE, intending to be legally bound, ***[Gillespie] Plaintiffs*** and Dring and Asaro, through their respective counsel, **agree on the following**:
>
> 1. The counterclaim filed by Dring and Asaro in this matter shall be **dismissed without prejudice**, and the parties shall sign and file with the Court the Stipulated Order attached hereto as Exhibit "A"
>
> 2. **Without releasing any of their claims for any continuing trespass**, Dring and Asaro hereby release Plaintiffs for all claims arising out of any trespass over the [WSP] that has **occurred or may occur prior to April 1, 2019**.

---

[4] Only Clauss and Gutt Saylor were Gillespie Plaintiffs and direct parties to the 2019 Agreement. The remaining Defendants in this action being "successors-in-interest or successors-in-title" to Gillespie Plaintiffs under the 2019 Agreement.

4

      3. Dring and Asaro reserve the right to pursue trespass claims for any trespass over the [WSP] that may be committed by [Gillespie] **Plaintiffs** or **their successors-in-interest** or **successors-in-title** *on or after April 1, 2019*, and to pursue any claims for any *continuing trespass* which commenced *prior to that date*.

      7. Plaintiffs acknowledge Dring and Asaro's ownership of the [WSP] […]

Comp. Exhibit "BB," 2019 Agreement ¶¶1-3 and 7 emphasis supplied.

    i.     *The 2006 Agreement – <u>Dring I</u>*[5]

The claims and defenses of (1) ALO as plaintiff, (2) the property owners as counterclaim defendants, and (3) Dring/Asaro as defendants and counterclaim plaintiffs were litigated in <u>Dring I</u>. The property owners brought claims for prescriptive easements over the WSP. Dring/Asaro brought counterclaims against the property owners for trespass. ALO brought various claims against Dring/Asaro and Dring/Asaro brought competing counterclaims against ALO.

<u>Dring I</u> proceeded to a non-jury trial in August 2006. During the trial, the parties reached a *partial* settlement memorialized in the 2006 Agreement. The 2006 Agreement contains the following primary, material terms:

---

[5] This is not the first time that there has been litigation concerning the WSP or where Defendants or Gillespie Plaintiffs attempted rely on the 2006 Agreement. Comp. sets forth a detailed history of the litigation at ¶¶ 64-115. Plaintiffs rely on the allegations in the Comp. at ¶¶ 64-115 in addition to the summary provided here.

(a) ALO was to execute and deliver documents and instruments in recordable form to Dring/Asaro granting… various property rights and an easement over "Cardinal Lane." (¶ 5);

(b) Dring/Asaro were to deliver to ALO a deed in fee to part of the WSP, subject to a permanent easement in favor of the Property Owners for access, docks, and boathouses (¶ 3);

(c) Property Owners released their claims related to the WSP, and dismissed their claims made in <u>Dring I</u> with prejudice (including prescriptive easements) ( ¶ 6);

(d) Dring/Asaro dismissed their claims raised in <u>Dring I</u> against the Property Owners, and **released their claims accrued to that date, including the prior trespass by the Property Owners** (¶¶ 6,9); and

(e) Dring/Asaro expressly reserved **all future rights**, claims or causes of action **accruing in favor of** Dring/Asaro, except as specifically released under the terms of this Agreement (¶ 9);

Comp., Exhibit "Q" 2006 Agreement.

Unfortunately, ALO breached the 2006 Agreement because, *inter alia*, it did not have title to Cardinal Lane.

### ii.    *The 2019 Agreement - <u>Gillespie</u>*

In May 2015, Gillespie Plaintiffs filed a Complaint in this Court against Dring/Asaro. When the pleadings closed, two of Gillespie Plaintiffs' claims remained: (1) breach of contract for alleged breach of the 2006 Agreement and (2) prescriptive easements over the WSP. (Doc. 22, Gillespie Plaintiffs' Amended

Complaint.)[6] With the breach of contract claim Gilespie Plaintiffs sought to compel Dring/Asaro to convey written easements under the 2006 Agreement. Alternatively, with the claim for prescriptive easements the Gillespie Plaintiffs sought to establish easements by prescription over the WSP. Dring/Asaro brought a Counterclaim for Trespass.

Judge Caputo granted summary judgment against the Gillespie Plaintiffs and held that Dring/Asaro were excused from performance under ¶3 and ¶15, because (a) ALO breached the 2006 Agreement and could not convey title to Cardinal Lane; (b) all of the documents and instruments of title were to be exchanged simultaneously pursuant to ¶15; and (c) the 2006 Agreement required that the easements in favor of the property owners were to be conveyed in a single document – a quitclaim deed to ALO for the WSP, subject to easements in favor of the property owners. Gillespie, 350 F. Supp. 3d 333, 336-338 (M.D. Pa. 2018).

Gillespie Plaintiffs opposed summary judgment on the theory of disproportionate forfeiture. (See, Doc. 76 at 10-11, Gillespie Plaintiffs' Brief in Opposition.) The disproportionate forfeiture argument advanced by Gillespie

---

[6] For ease of reference, unless otherwise stated, all docket entries cited as "Doc. __" in this Brief refer to docket entries in Gillespie v. Dring, Docket No.: 3:15-cv-00950. Unless otherwise stated all docket entries cited as "EFC___" in this Brief refer to documents previously filed in this matter, under Docket No.: 3:25-cv-00197-JFS.

944635.1

Plaintiffs is particularly important, because it totally contradicts the argument that Defendants make in support of the instant Motion.

Judge Caputo held that enforcing the release against the Gillespie Plaintiffs and excusing performance by Dring/Asaro did create a forfeiture – but that he could not rewrite the 2006 Agreement to foist the forfeiture on Dring/Asaro. <u>Gillespie</u>, 350 F. Supp. 3d at 337-8.

Judge Caputo directly cited and relied heavily on Dring/Asaro's Reply Brief in Support of Summary Judgment, which states in part, the following: "[Gillespie] Plaintiffs received ***a release of prior claims*** from Dring/Asaro in return for ***the release of prior*** claims against Dring/Asaro." (Doc. 94 at p. 16 of 26.) Dring/Asaro's Reply Brief continues: "The release granted by [Gillespie] Plaintiffs would have been superfluous, if the closing occurred under the [2006] Settlement Agreement." <u>Id</u> cited by <u>Gillespie</u>, 350 F. Supp. 3d at 338.

     iii.    Defendants' Conduct After the Entry of Summary Judgment in Gillespie and the 2019 Agreement.

Defendants' conduct exposes their absolute understanding that Dring/Asaro did not release future claims with the 2006 Agreement. On December 10, 2018, the late, Michale Profita, Esquire, former attorney for Dring/Asaro, sent a letter to Attorney O'Brien and began a months-long negotiation that ultimately resulted in the 2019 Agreement. Attorney Profita, wrote in relevant part, the following: "The purpose of this proposal is to obviate the need to have a trial of the prior acts of

944635.1

trespass by the [Gillespie] Plaintiffs, but to reserve the right of Dring/ Asaro to pursue claims based upon future trespass …".

On October 17, 2019, Judge Caputo awarded Dring/Asaro $282,383.93, in attorneys' fees as prevailing parties. (Doc. 136.) On November 26, 2019, Attorney O'Brien's wrote a letter addressed to "Dear Lake Resident," which demonstrates his absolute understanding that the 2006 Agreement did not release future claims for trespass. Attorney O'Brien wrote, in part: "*Judge Caputo decided in favor of Dring and Asaro concluding that the West Shore Property Owners do not have rights to access Lake Ariel over the [WSP]*."
Comp., Exhibit "EE".

Gillispie Plaintiffs appealed Judge Caputo's entry of summary judgment and attorneys' fee award. For the first time on appeal, Gillespie Plaintiffs attempted to argue that Dring/Asaro released future claims for trespass with the 2006 Agreement, ¶6, resulting in a *de facto* easement. Specifically, when considering this baseless new *de facto* easement theory, the Third Circuit held as follows:

> Conceding that this argument was forfeited because it was not raised below, **the Property Owners nevertheless ask us to hold, for the first time on appeal, that the Settlement Agreement grants them an easement over the [WSP] as a matter of law**. []
>
> **[T]he District Court was never asked to consider, nor did it decide, whether Dring, in the Settlement Agreement, released future trespass claims against the**

9

**<u>Property Owners. []We leave it for a trial court to consider these issues in the first instance.</u>**

<u>Gillespie v. Dring</u>, 2022 WL 1741888, at *4 (3d Cir. May 31, 2022) (emphasis supplied and internal citations omitted). The Third Circuit also held as follows: "…we cannot… rewrite the agreement to shift the forfeiture from the Property Owners to Dring when ALO is the only party in breach." <u>Id</u>. "…[T]here is no disputed issue of material fact that Dring's obligation to grant the Property Owners an easement over the [WSP] was contingent on ALO's performance, we will affirm." <u>Id</u>.

Now, in 2025, with the March 28 Opinion, this Court has ruled on the exact defense of release argument that Gillespie Plaintiffs attempted to raise on appeal. This Court has denied a 12(b)(6) Motion on the issue of release, and held, in part, as follows:

> After careful consideration of the Settlement Agreement, however, we find that the 2006 Settlement Agreement only released claims relevant to the lawsuit and the Western Shore Strip up until the point of the settlement; we do not find that it barred future claims outside of those circumstances.

March 28 Opinion, p. 9-10.

Defendants' Motions must be denied. The only property rights to be created under the 2006 Agreement were in a deed from Dring/Asaro to ALO. Dring/Asaro's performance is excused.

10

ARGUMENT

The 2006 Agreement did not release Dring/Asaro's claims for future trespass against Defendants. Defendants have taken varied and entirely inconsistent positions before this Court concerning the meaning of the 2006 Agreement and the intent of the parties thereto. Defendants ask the Court to rewrite the 2006 Agreement in a manner not only inconsistent with the intent of the parties, but also inconsistent with arguments advanced by Defendants in prior litigation (i.e., Gillespie).

### A. The 2019 Agreement Is Fully Integrated – And The Final Expression Of The Parties Concerning The Exact Claims Released By Dring/Asaro And The Exact Claims Not Released By Dring/Asaro.

The 2019 Agreement contains an integration clause at ¶11, which states "This Agreement and Release constitutes the entire agreement of the parties as to the matters set forth herein. It may be amended only by an amendment signed by the parties or their counsel." Comp., Exhibit "BB" at ¶11. An integration clause which states that a writing represents the entire agreement "expresses all of the parties' negotiations, conversations, and **agreements** made prior to its execution." Yocca v. Pittsburgh Steelers Sports, Inc., 578 Pa. 479, 498, 854 A.2d 425, 436 (2004).

If the same lawyers who signed the 2006 Agreement and the 2019 Agreement intended ¶6 of the 2006 Agreement to constitute a release of all future claims by Dring/Asaro those same lawyers – particularly Attorney O'Brien – would never have signed the 2019 Agreement. With the 2019 Agreement, Dring/Asaro and Gillespie

11

Plaintiffs agreed to dismissal of Dring/Asaro's Counterclaim for Trespass <u>without</u> prejudice at ¶1, and agreed that Dring/Asaro only released past claims up to April 1, 2019, and agreed that Dring/Asaro reserved all continuing trespass claims. ¶3.

In exchange for the release contained in ¶2, Gillespie Plaintiffs (Defendants in this action) acknowledged Dring/Asaro's ownership of the WSP at ¶7 and Gillespie Plaintiffs further ***agreed*** that Dring/Asaro reserved the right to pursue trespass claims against Gillespie Plaintiffs or **their successors-in-interest** or **successors-in-title** (Defendants in this action) for trespass over the WSP committed *on or after April 1, 2019*, and to pursue any claims for any *continuing trespass* which may have commenced *prior to April 1, 2019*. ¶3.

"Pennsylvania's 'rules of construction do not permit words in a contract to be treated as surplusage . . . if any reasonable meaning consistent with the other parts can be given to it." <u>General Refractories Co. v. First State Ins. Co.</u>, 94 F. Supp. 3d 649, 661 (E.D. Pa. 2015) (quoting <u>Clarke v. MMG Ins. Co.</u>, 100 A.3d 271, 276 (Pa. Super. 2014)).

The 2019 Agreement expressly states that counsel for the signatories have the authority to enter into the Agreement and Release on behalf of their respective clients. ¶12.[7] The 2019 Agreement also contains an integration clause – stating that

---

[7] Importantly, the 2019 Agreement is signed by the exact same attorneys who signed the 2006 Agreement.

944635.1

it is the entire agreement and that it may only be amended by a signed writing. ¶11.

Finally, the 2019 Agreement states that "[t]he parties agree that the Release set forth

in ¶2, above, shall not be effective unless and until the Court approves the Stipulated

Order attached hereto as Exhibit 'A'." ¶13.  In other words, if the Court would not

grant the stipulated dismissal without prejudice – then the parties would proceed to

trial on Dring/Asaro's Counterclaim for Trespass in <u>Gillespie</u>.

**B. The 2006 Agreement Contains A Release Of Prior Claims By Dring/Asaro In Exchange For A Release Of Prior Claims By Property Owners – The 2006 Agreement Cannot Be Rewritten To Release Future Claims By Dring/Asaro.**

      *ii.    The Parties Released Prior Claims And The Parties Did Not Release Future Claims.*

With the 2006 Agreement, Dring/Asaro released their prior/existing claims

for trespass over the WSP against the property owners. In exchange, the property

owners released their prior/existing (although disputed) claims for prescriptive

easements.  Dring/Asaro did not release future claims for trespass. Moreover, no

property rights were to be directly transferred to the property owners.

In Pennsylvania, Courts consistently hold that a release covers only those

matters which may be fairly said to have been within the contemplation of the parties

when the release was given. <u>Restifo v. McDonald</u>, 426 Pa. 5, 9 (1967) citing, <u>Wenger

v. Ziegler</u>, 424 Pa. 268 (1967); <u>In Re Brill's Estate</u>, 337 Pa. 525 (1940); <u>Flaccus v.

Wood</u>, 260 Pa. 161 (1918); <u>Shepley v. Lytle</u>, 6 Watts 500 (1837); <u>General Mills, Inc.</u>

13

v. Snavely, 203 Pa.Super. 162 (1964); Cockcroft v. Metropolitan Life Ins. Co., 125 Pa.Super. 293 (1937).

"Accordingly, the general words of the release will not be construed so as to bar the enforcement of a claim which has not accrued at the date of the release." Restifo, 426 Pa. 5 at 9, citing, Henry Shenk Co. v. City of Erie, 352 Pa. 481 (1945); Zurich General Acc. & Liab. Ins. Co. v. Klein, 181 Pa.Super. 48, 55-60 (1956).

Paragraph 6 and 9 of the 2006 Agreement do not release any future claims by Dring/Asaro – and Defendants fail to cite a single case in support of their demand that the Court rewrite the 2006 Agreement to include a release of future trespass claims by Dring/Asaro. Paragraph 6, states in relevant part:

> 6. The Property Owners on the one hand; and Dring/Asaro on the other hand do hereby release the other party and such party's **predecessors** in title, successors and assigns from any and all claims arising out of or relating to the Lawsuit and the Western Shore Strip including but not limited to claims for compensatory damages, punitive damages, trespass, attorneys fees, or costs of this court.

2006 Agreement, ¶6

> **9.  All claims against the Property owners set forth in the Third Amended Counterclaim will be dismissed with prejudice.** […] **This agreement shall not constitute a bar against or release of any existing or future rights, claims or causes of action held by or accruing in favor of Dring/Asaro, except to the extent specifically released or to be dismissed as provided by this Agreement.**

Id ¶9

14

Defendants' motions must be denied, because the foregoing did not release Dring/Asaro's future claims for Trespass, Ejectment or Declaratory Judgment. Defendants attempt to confuse the issue by citing a litany of legally (and procedurally) inapposite authority concerning the construction and interpretation of general releases, and releases that expressly release future claims. Defendants rely on the following inapposite authority: Bickings v. Bethlehem Lukens Plate, 82 F.Supp.2d 402, 406 (E.D. Pa. 2000) (release language expressly released all claims employee "ever had, now have or may [..] have in the future"); Three Rivers Motors Co. v. Ford Motor Co., 522 F.2d 885, 895 (3d Cir. 1975) (release expressly covered all manner of actions that plaintiffs "ever had, now have or which they . . . hereafter can, shall or may have"); Bowman v. Sunoco, Inc., 620 Pa. 28, 32 (2013) (case involves interpretation of Worker's Compensation Statute and applicability to employer required waiver in favor of third-party as condition of employment); G.R. Sponaugle & Sons, Inc. v. Hunt Const. Grp., Inc., 366 F.Supp.2d 236, 243 (M.D. Pa. 2004) (no Prompt Pay Act claim where, sub-contractor's application for periodic payments contained a release of all prior claims against general contractor); and Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 361 (3d Cir. 2003) (release language stated release of claims for "personal injury […] and for any damages which may develop […] in the future, and […] for any and all unforeseen developments arising out of the incident").

Defendants attempt to rely on cases such as, <u>Grimes v. Vitalink Commc'ns Corp.</u>, 17 F.3d 1553, 1555 (3d Cir. 1994) (release language includes release of all "claims, causes of action, suits, … known or unknown, that arise ***now or hereafter***"); <u>Erie Telecommunications, Inc. v. City of Erie, Pa.</u>, 853 F.2d 1084, 1094 (3d Cir. 1988) (release of breach of contract claims specifically related to a particular franchise agreement – not supportive of Defendants' release arguments); <u>News America Mktg. In-Store Servs., LLC v. Floorgraphics, Inc.</u>, 576 F. Appx. 111, 114 (3d Cir. 2014) (application of New Jersey and New York law, appeal from DNJ – factually and legally inapposite to instant matter).

Judge Caputo did not rule, and was never asked to rule, that Dring/Asaro released future claims for trespass. <u>Gillespie</u>, 2022 WL 1741888, at *4 (3d Cir. May 31, 2022).    Defendants surely know that any such argument would have been rejected by Judge Caputo who presided over this dispute from its inception.

In the context of a real property dispute, the Pennsylvania Supreme Court held that "[i]t is a cardinal rule of construction that a waiver is to be construed strictly so as not to bar a claim which had not accrued at the date of the execution of the release." <u>Henry Shenk Co.</u>, 352 Pa. at 487 (quoting <u>In re Brill's Estate</u>, 337 Pa. 525, 527 (1940)).  Release of prior claims of trespass do not, unless expressly stated in the release, include future trespass claims that    accrue after the date of release. <u>Marcum v. Columbia Gas Transmission, LLC</u>, 549 F.Supp.3d 408, 419 (E.D. Pa.

944635.1

2021). Moreover, in the context of the release of claims related to land, said releases only include the then known and contemplated claims of the parties as to either accrued or specifically enumerated damages contemplated under said agreement. Crum v. Pennsylvania R. Co., 226 Pa. 151, 156, 75 A. 183, 185 (1910) (held settled rule of construction that an agreement comprehends only those things to which it appears the contracting parties proposed to contract "and not others they never thought of").

In resolving the scope and nature of the release in ¶6 Judge Caputo did not need to consider the reservation contained in ¶9, because he was only analyzing the applicability of the release to claims for prescriptive easements brought by Gillespie Plaintiffs.

Dring/Asaro maintain, as they always have, that the mutual release in the 2006 Agreement unambiguously only released their prior claims and does not apply to future claims. Defendants' new arguments, raised for the first time on appeal in 2021, that the release includes future claims seem to suggest ambiguity. If the Court finds that there is ambiguity as to the release of future claims, then discovery is of course required.

**C. Defendants Attempt To Create Property Rights Through The 2006 Agreement In A Manner Not Contemplated Under Pennsylvania Law – And Expressly Contrary To The Language Of The 2006 Agreement.**

17

Frustrated and unable to compel an easement from Dring/Asaro, Defendants seek to achieve the same result by arguing that the 2006 Agreement somehow creates a property right- of undefined scope, duration, size, nature or even location - against Dring/Asaro. Defendants claim that Dring/Asaro cannot sue them for trespass, or apparently anything else related to the WSP. Defendants boldly claim that a stale and superseded writing (2006 Agreement) somehow affords them the right to use the WSP however they so choose, because as they see it, Dring/Asaro cannot sue to stop them from using the WSP. They are wrong.

The 2006 Agreement is not a conveyance, does not run with the land, and is not recorded, and was not meant to be recorded. De Sanno v. Earle, 273 Pa. 265, 270, 117 A. 200, 202 (1922). The 2006 Agreement is not a deed or instrument of conveyance. Pursuant to the 2006 Agreement, the only conveyance of any property rights in the WSP was to occur in one document – the deed to ALO, subject to easements in favor of the Property Owners. This did not happen – and no property rights in the WSP were created or extinguished by the 2006 Agreement – period. Gillespie, 350 F. Supp. 3d 333, 338 (M.D. Pa. 2018).

To create property rights (or restrictions) that are intended to and do run with the land – the document or instrument of title must clearly express the intention of the parties."[C]ourts will not recognize implied rights or extend" rights by implication. Id citing, Crofton v. St. Clement's Church, 208 Pa. 209, 117 A. 200

18

(1922); <u>Johnson v. Jones</u>, 244 Pa. 386, 389, 90 Atl. 649, 52 L. R. A. (N. S.) 325. <u>De Sanno</u>, 273 Pa. 265, 270, 117 A. 200, 202 (1922). See, also, <u>Caplan v. City of Pittsburgh</u>, 375 Pa. 268, 271-72, 100 A.2d 380,384 (1953) (release in recorded deed, described portion of larger parcel subject to release by metes and bounds, and release was expressly forward looking, grantee expressly waived the future right to sue for damages). There is simply nothing of the kind present in the 2006 Agreement.

**D. Dring/Asaro Are Not Collaterally Estopped, Because Dring/Asaro Never Argued That The 2006 Agreement Released Future Claims – Period, And ¶9 Contains A Reservation Of Rights Applicable to Dring/Asaro, But Not The Defendants.**

Defendants' Brief fails to satisfy the most basic element of collateral estoppel/issue preclusion, because the first element required under either theory is "an issue decided in the prior case that is identical to the one presented in a later action." See Def. Brief, p. 21, quoting <u>Rue v. K-Mart Corp.</u>, 713 A.2d 82, 84 (Pa. 1988). Here, the Third Circuit unequivocally held that no Court had ever ruled on whether the 2006 Agreement released future claims and refused to consider the argument on appeal. <u>Gillespie</u>, 2022 WL 1741888, at *4 (3d Cir. May 31, 2022). Likewise, this Court, with the March 28 Opinion held, in part, that: "[T]he Court has never been 'asked to consider, nor,'" has it previously decided, whether the 2006 Agreement released future claims by Plaintiffs. March 28 Opinion, p. 9-10.

Plaintiffs have consistently maintained that they released only prior acts of trespass with the 2006 Agreement. This Court has previously ruled that Plaintiffs are correct. See, March 28 Opinion generally.

Defendants cite the following inapposite authority which should be disregarded by the Court as it does not support their estoppel arguments: Metro. Edison Co. v. Pennsylvania Pub. Util. Comm'n, 767 F.3d 335, 341 (3d Cir. 2014)(electric companies sought to undue years of litigation before PUC and in state courts by resorting to federal action on same issues); and Moffitt v. Tunkhannock Area Sch. Dist., 3:19-CV-00899, 2020 WL 5819765, at *3 (M.D. Pa. Sept. 30, 2020), aff'd sub nom. Moffitt v. Farr, 854 Fed.Appx. 467 (3d Cir. 2021) (plaintiff already afforded due process in litigating employment claim before Commonwealth Court in a previous case). Defendants seem to argue despite the 2019 Agreement and all of the context in the record and the conduct of the parties that the question of the release of future claims in the 2006 Agreement was already litigated. It was not.

E. **Compensatory Damages are Properly Recoverable Under Counts II and III and Punitive Damages are Properly Pled – Neither Form of Relief Should Be Dismissed.**

There is no prohibition in seeking compensatory damages in causes of action for ejectment or declaratory judgment. Defendants' citation to Pa. R. Civ. P 1055 is wrong. Parks v. Pennsylvania Clay Co., 60 Pa.Super. 567, 571 (1915), Phillips v.

Bailey, 11 Pa. D. & C.3d 45, 52 (Pa. Com. Pl. 1978), citing, Richards v. Christman, 40 Pa. D. & C.2d 196, 199 (Pa. Com. Pl. 1966).

At the motion to dismiss stage, Plaintiffs have adequately stated claims for punitive damages and they are not precluded relief. Specifically, the conduct alleged is knowing, intentional, and in violation of Plaintiffs' rights. This is an issue that can surely be decided by a jury rather than resolved at the pleadings stage. In the event that the Court were to find that the requisite conduct that could give rise to punitive damages is not alleged in the Comp. then Plaintiffs should be allowed to amend the Comp. to cure any such deficiencies. Here, unlike in Boring v. Google Inc., 362 Fed.Appx. 273, 283 (3d Cir. 2010), there is a direct allegation that Defendants "intentionally [went] onto [Plaintiffs] property" and that Defendants were "aware" that they were entering Plaintiffs' property.

## **CONCLUSION**

For all the foregoing reasons it is respectfully submitted that the Defendants' Motion to Dismiss should be denied.

21

944635.1

Respectfully submitted,


/s/ Philip A. Davolos III
PHILIP A. DAVOLOS, III, ESQUIRE
Attorney I.D. #210225
DAVOLOS LAW GROUP
PO BOX 188
Clarks Summit, Pennsylvania 18411-0188
570-362-3492
pdavolos@davoloslaw.com
*Attorneys for Plaintiffs,*
*Lori Dring and Nancy Asaro*

AND

ROTHENBERG & CAMPBELL
Howard A. Rothenberg (Id.# 38804)
Ryan P. Campbell (Id.# 317838)
345 Wyoming Avenue, Ste. 210
Scranton, PA 18503
p. 570.207.2889
f. 570.207.3991
HRLaw01@gmail.com
HRLaw04@gmail.com
*Attorneys for Plaintiffs,*
*Nancy Asaro and Lori Dring*

22

## LOCAL RULE 7.8(b)(2) CERTIFICATION

Counsel hereby certifies that the PLAINTIFFS' BRIEF IN RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS contains 4,920 words according to the word processing system used to prepare the Brief.

BY:     */s/ Philip A. Davolos III*
        Philip A. Davolos, III, Esquire

23

944635.1

## CERTIFICATE OF SERVICE

I, PHILIP A. DAVOLOS, III, hereby certify that on the 29th day of April, 2025, I caused to be served a true and correct copy of PLAINTIFFS' BRIEF IN RESPONSE AND OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS, via ECF to the following:

Daniel T. Brier, Esquire
Richard L. Armezzani, Esquire
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
rarmezzani@mbklaw.com

BY:   /S/ PHILIP A. DAVOLOS III
        PHILIP A. DAVOLOS, III, ESQUIRE

24

944635.1